1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Dwight Holland,

                    Plaintiff,

          vs.

KING COUNTY ADULT DETENION,

KING COUNTY,

WASHINGTON STATE PATROL,

Officer WSP Anthony Brock in his

individual and official capacity as

Washington State Patrol officer,

KING COUNTY PROSECUTING ATTORNEY'S OFFICE,

Daniel T. Satterberg in his individual and

official capacity as Prosecuting Attorney

          Defendant(s).

) CIVIL RIGHTS COMPLAINT UNDER
) 42 U.S.C. 1983
)
)
)  12-cv-791 JLR-MAT
)
)
) **JURY TRIAL DEMANDED**
)
)

_____ **FILED**      _____ **ENTERED**
_____ **LODGED**     _____ **RECEIVED**

**MAY 07 2012** JS

**AT SEATTLE**
**CLERK U.S. DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
BY                              **DEPUTY**

## COMPLAINT

1. COMES NOW Dwight Holland Citizen of the state of Washington, invoking common
law jurisdiction on this day brings suit against the following defendants WASHINGTON
STATE PATROL, Trooper A. Brock who is an agent for WASHINGTON STATE PATROL. KING
COUNTY and its agents at the KING COUNTY ADULT DETENTION, KING COUNTY PROSECUTING
ATTORNEY'S OFFICE, Daniel Satterberg who is an agent for that Entity. The Plaintiff
Dwight Holland is seeking, injunction relief, reinstatement of his license, and money
damages.

**JURISDICTIONAL BASIS**

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

2. Plaintiff claims federal jurisdiction pursuant to Article III §2 which extends the jurisdiction to cases arising under the U.S. Constitution.

3. Jurisdiction of this Court arises under Title 42 U.S. Code § 1983 for violations of certain protections guaranteed him by the Fourth, Fifth, and Eight amendments of the Constitution.

4. Venue is proper in this District because the acts and transaction occurred here. Plaintiff resides here, and Defendants transact their business here.

5. This court has jurisdiction because the claims for relief of damages are in excess of $2.5 million dollars.

6. That all claims for relief set forth in this complaint arise from a common nucleus of operative facts.

7. That this entire action constitutes a single case which should be heard in a single judicial proceeding.

## PARTIES

8. Plaintiff Dwight Holland is a citizen of the Washington State, residing at 325 Washington Avenue South, Kent, Washington [ 98032].

9. Defendant KING COUNTY Adult detention located at, a public entity with its principal office 516 3rd avenue, and is an agent KING COUNTY, Washington.

10. Defendant WASHINGTON STATE PATROL is a public entity with its principal office at the General Administration Building PO box 42600, Olympia WA 98504-2600.

11. Trooper Anthony Brock who is an agent of the above public entity.

12. KING COUNTY Prosecuting Attorney's Office, is a public entity with its principal office at King County Courthouse, Room W554, 516 Third Avenue Seattle, Washington and is a KING COUNTY agent.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

3

13. Prosecuting Attorney Daniel Satterberg who is an agent for the above public entity.

### FACTUAL ALLEGATION

14. On or about the early morning of September 16th, 2011 the plaintiff was traveling on First Avenue Bridge heading south, when he was wrongfully stopped, unlawfully detained and arrested by Washington State Trooper Anthony Brock.

15. That at all times relevant hereto, the individual defendant acted willfully and wantonly and with deliberate indifference to the rights and feelings to the Plaintiff.

16. That at all times relevant hereto, the individual defendants acted in accordance with an established policy, practice, custom and/or procedure which violated the Plaintiff's known constitutional rights.

17. Upon information and belief, the defendant acted in accordance with the unconstitutional policy, which authorized the officer to stop, detain and investigate certain drivers who watched a 'profile' based upon unconstitutionally discriminatory factors of age, race, and sex. The plaintiff herein fit the unconstitutional profile.

18. That in the alternative, the defendant acted in accordance with the unconstitutional policy, which authorized the officer to stop, detain and investigate travelers without reasonable suspicion and without probable cause to do so (see Exhibit 3).

19. That at all times relevant hereto, the individual defendant acted without reasonable suspicion and/or probable cause that the Plaintiff was operating his automobile while under the influence of alcohol or drugs.

20. That on the above referenced date and time, defendant Anthony Brock, unlawfully stopped and detained the Plaintiff without probable cause.

21. That the officer without probable cause proceeded to interrogate the plaintiff as to his whereabouts.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

4

22. The plaintiff invoked his Fifth Amendment rights.

23. That the officer becoming frustrated continued his interrogation, with the same question.

24. The plaintiff stood on his Fifth Amendment right.

25. That the officer then changed his tone, and asked if the plaintiff had been drinking.

26. The plaintiff maintained his Fifth Amendment right.

27. The officer becoming a little more frustrated then stated to plaintiff he smelled alcohol.

28. That the officer without probable cause asked the Plaintiff how much he had to drink.

29. The Plaintiff maintained his Fifth Amendment right.

30. The officer without probable caused asked the Plaintiff to take a roadside breath analyzer test.

31. The plaintiff maintained his Fifth Amendment right.

32. That the officer without probable cause or suspicion thought to gain the Plaintiff cooperation through the use of terror and threaten the Plaintiff with jail, his automobile impounded and license revoked if he doesn't comply with the demands being made upon him.

33. The plaintiff maintained his Fifth Amendment right.

34. The officer without probable cause unlawfully arrested the plaintiff without a warrant.

35. The officer had a duty to take the Plaintiff to a magistrate but did not.

36. That the officer without probable cause or suspicion placed the Plaintiff in handcuffs.

37. The officer had no lawful justification to place handcuffs on the plaintiff.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

5

38. The Plaintiff did not try to escape nor did he pose any threat to the defendant safety.

39. The plaintiff asked the officer to readjust the handcuffs.

40. The officer ignored the Plaintiff's pleas.

41. The officer without probable cause placed the plaintiff in the back seat of the patrol car, making the act itself, unlawful imprisonment.

42. The back seat of the officer vehicle was large enough for a child of 12 years old.

43. The Plaintiff was placed in an awkward painful position in the back seat of patrol car.

44. The officer without probable cause conducted an unlawful search of the Plaintiff's automobile.

45. Twenty minutes later the tow truck arrived.

46. That the officer without probable cause unlawfully seized the Plaintiff's automobile.

47. Twenty-five minutes later the officer arrived at Tukwila police station.

48. That the officer without probable cause escorted plaintiff from the patrol car, to the station.

49. That the Officer without probable cause interrogated the plaintiff further.

50. That the officer without probable cause asked the plaintiff to take the breath analyzer.

51. The plaintiff remained on his Fifth Amendment right.

52. That the officer without probable cause then presented a document in front of the Plaintiff indicating him to sign.

53. The officer asked the Plaintiff to sign the document.

54. The plaintiff remained on his Fifth Amendment right.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

55. The lack of action from the Plaintiff, made the officer hurl racial insults at the Plaintiff such as having a lack of education.

56. That the Plaintiff is of African American persuasion, the defendant hurled insults questioning the Plaintiff if he has a high school diploma.

57. The Plaintiff feeling sorely insulted and further humiliated by the defendant actions, kindly asked the officer to cease his insults and that they were not necessary.

58. The Plaintiff also reminded the officer that he hasn't caused the officer any problems, that under the circumstances the Plaintiff was being cooperative, and that his insults were not warranted.

59. That the officer without probable cause unlawfully seized Plaintiff's property, his license and invalidated it, punching a hold through the license.

60. That the officer without probable cause and without justification proceeded to re-cuff the plaintiff.

61. The plaintiff once again complained to the officer of the tightness of the handcuffs.

62. That the officer what appears to be out of frustration turned the Plaintiff around.

63. However, instead of the officer unloosing the handcuffs to re-adjust them around the Plaintiff's wrist.

64. The officer took the plaintiff wrist that was tightly cuffed, and improperly seated within the handcuffs, and twisted the plaintiff's wrist as fast and hard as possible, causing unnecessary pain, suffering and injury to the plaintiff.

65. That the officer without probable cause placed the Plaintiff back into the small seat of the patrol car and proceeded to KING COUNTY ADULT DENTENTION.

66. Twenty minutes later the Defendant arrives with the Plaintiff to the Jail.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

67. KING COUNTY ADULT DENTENTION hereinafter "facility", the officer released plaintiff into the custody of the facility.

68. The officer made a statement to the jailer, and said "This one claimed his 5th Amendment right all night".

69. The officer turned to the plaintiff and said, 'do not give them (jailers) any problems. Behave like you were with me, and things will go good with you'.

70. Upon receipt of the Plaintiff the facility willfully engaged in false imprisonment against the plaintiff will and wishes.

71. That at all times relevant hereto, the individuals on behalf of the facility and employees of the Defendant KING COUNTY, acted willfully and wantonly and with deliberate indifference to the rights and feelings of the Plaintiff

72. Plaintiff was unlawfully imprisoned against his will for over 12 hours.

73. In addition to the unlawful imprisonment, the Plaintiff endured further humiliation at the employees of KING COUNTY.

74. That the Plaintiff was forced to step into a very shallow closet.

75. That the Plaintiff was then forced to strip down, take off all his clothes and was forced to put on facility issue clothes.

76. That this change occurred in front of people, some being of those opposite sex, with only but a flimsy sheet that separated the Plaintiff's privacy from the agents and other incarcerated souls.

77. The humiliation continued when the plaintiff was booked – photograph and finger printed.

78. The plaintiff was directed to the nurse station.

79. Plaintiff informed the nurse of his current medical condition, which is sleep apnea (see exhibit 1).

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

8

80. The nurse informed the Plaintiff there were no CPAPs on the premises but there may be one at KENT Facility RJC.

81. The nurse an employee of the defendant of KING COUNTY then asked me if I had a prescription from a doctor.

82. The nurse never called to inquire if there were a unit and if it was available.

83. The nurse further stated, the Plaintiff was to be taken to the medical wing and a wedge (pillow) will be issued to him.

84. That the facility has continued with it cruelty methods to the plaintiff, by placing him in the medical wing and NEVER issuing him a wedge for his medical condition which.

85. The plaintiff was forced to endure in agony a sleepless night, without the necessary medical equipment needed for his condition.

86. On or about September 16, 2011 the plaintiff posted $500 dollar bailed with 'All city bail bond' for his release, in the early afternoon (see exhibit 2).

87. In further violation of the plaintiff's right of due process, he was never brought before a judge or magistrate, as the rules indicate for warrantless arrest.

88. On or about September 22, 2011 the case number 1Z0501814 was called.

89. The presiding judge closed the case - lack of probable cause (see exhibit 3).

90. On or about December 27th, 2011 Daniel T. Satterberg, a prosecuting attorney for the public entity known as King County known the disposition of the case which was closed, filed a criminal complaint against the Plaintiff, which constitute malicious prosecution.

91. That at all times relevant hereto, the individual(s) defendant acted willfully and wantonly and with deliberate indifference to the rights and feelings to the Plaintiff.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

92. That the prosecuting attorney accused the Plaintiff of DUI and further charge the Plaintiff for refusing to the breath test as pursuant to King County legislative code on a case that has been judged to lack probable cause.

93. That the defendant had what appears to another attorney sign the complaint, WSBA#42933 (Exhibit 4)

94. That the defendant(s) appeared to bring forth fraud on the court.

95. That the defendant with malice and negligence attempted to defraud the Plaintiff through deception and false testimony.

96. That the defendant hid pertinent information that could help with the Plaintiff defense, and never included the complaint with the defective summons (Exhibit 5).

97. That the Defendant issued out a defective summons.

98. That the Defendant process of service was also defective never establishing jurisdiction of the subject matter or the Plaintiff.

99. That the actions of the Defendant and his office has deprived the Plaintiff his right of due process, as guarantee him by the United States and Washington State Constitutions.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### CIVIL RIGHTS VIOLATION UNDER 42 USC, SECTION 1983

100. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs 1 - 25 as though fully stated herein.

101. That the Plaintiff's stop, detention, investigation, imprisonment and prosecution were without probable cause and in violation of the Plaintiff's rights under the United States Constitution and Washington State Constitution.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

10

102. That the defendants' actions constitute a willful and knowing violation and deprivation of rights secured by the Constitution of the United States in violation of 42 USC, Section 1983, specially, the right to be free from excessive and unreasonable police action; the deprivation of liberty without due process of law; the right to be secure against unreasonable searches and seizures, and the right to equal protection of the laws.

103. That the acts of all defendants in violation of the United State Constitution rights of the Plaintiff justify and award of reasonable fees under 42 USC, Section 1983; and the Plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in this complaint.

**WHEREFORE**, The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees,

## SECOND CLAIM FOR RELIEF
## UNLAWFUL ARREST

104. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs 1 - 40 as though fully stated herein.

105. The defendant did not have a signed warrant to perform such action as to arrest the Plaintiff, making the arrest unlawful.

106. Defendant has arrested the Plaintiff against his will.

107. The Defendant needlessly issued handcuffs to further cause humiliation, and embarrassment as well as physical injury to Plaintiff.

108. The Defendant verbally insulted and humiliated the Plaintiff as well.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and to reinstate Plaintiff license.

e. Such other and further relief as this Court may deem just and proper.


### THIRD CLAIM FOR RELIEF
### UNLAWFUL IMPRISONMENT

109. Plaintiff realleges and restates the foregoing jurisdictional basis and the above paragraphs 41 - 82 forward as though fully stated herein.

110. The foregoing omissions of the Defendant(s) constitute numerous and multiple violations of the plaintiff's rights as afforded to him under the Constitution.

111. The Defendant(s) unlawful imprisonment was against the Plaintiff will.

112. Deprivation of Plaintiff right of due process before being imprison.

113. The Plaintiff was denied appropriate medical treatment which was critical to his health.

114. Reimbursement of $85.00 dollars paid to the bails bond All City.

115. Plaintiff demands the record of his unlawful incarceration destroyed, stricken from the record and thereof.

116. Proof from King County indicating the records were destroyed, sworn and signed

**WHEREFORE,** The Plaintiff respectfully request that this Court

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

12

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.


## FORTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND SEIZURE

117. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs 1-40 forward as though fully stated herein.

118. The foregoing omissions of the Defendant(s) constitute numerous and multiple violations of the plaintiff's rights as afforded to him under the Constitution.

119. The Defendant Trooper Brock unlawfully searched and ransacked the Plaintiff's automobile.

120. The Defendant spilled out the contents of sensitive information onto the passenger's side floor without regards to Plaintiff's property, privacy or security.

121. The Defendant had the Plaintiff's property unlawfully seized without warrant or probable cause.

122. Plaintiff license unlawfully seized and invalidated, causing additional hardship on the Plaintiff.


Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

13

123. The humiliation as well as the inconvenience to the Plaintiff in seeking other means of travel and transportation.

124. Any further relief the Court deems appropriate under the circumstances of this case.

**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.


### FIFTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

125. The Plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs fully stated herein.

126. That the defendants, by their actions as set forth above, were negligent.

127. That the defendants' negligence created an unreasonable risk of physical harm to the Plaintiff and caused the Plaintiff to be put in fear of his own safety, which was shown to be emotional disturbance of the Plaintiff.

128. That the defendants have directly and proximately caused, by way of their negligent infliction of emotional distress upon the Plaintiff, the injuries, damages

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

14

and losses set forth herein; and, the Plaintiff is entitled to recover against the defendants for damages caused by their conduct as set forth in this complaint.

**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 19833 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## SIXTH CLIAM FOR RELIEF
## NEGLIGENCE

129. The Plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs fully stated herein.

130. That the above referenced acts and omissions for the defendants were negligent.

131. That the negligent acts and omissions were a direct and proximate cause of the injuries, damages and losses to the Plaintiff, and, the Plaintiff is entitled to recover against the defendants for damages caused by their negligence as set forth in this complaint

**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

15

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 19833 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## SEVENTH CLAIM FOR RELEIF
### OUTRAGEOUS CONDUCT

132. The Plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs fully stated herein.

133. That the defendants' actions as set forth herein, were outrageous, intolerable and so extreme as to exceed all bounds of decency which prevail in civilized communities and societies.

134. That the defendants, by their actions as set forth herein, intended to inflict irreparable damages to the Plaintiff's reputation, good name, honor, integrity and respect in the community.

135. That as a direct and proximate result of the defendants' outrageous conduct, as set forth herein, the Plaintiff has suffered loss of his reputation, good name, honor, integrity, and respect in the community.

136. That the defendants have caused the injuries, damages and losses to the Plaintiff by their outrageous conduct; and, the Plaintiff is entitled to recover against the defendants for injuries, damages and losses set forth herein.


**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 19833 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

137. The Plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs fully stated herein.

138. That the defendant, WASHINGTON STATE PATROL, is required to supervise the action of its troopers. Defendant Anthony Brock is an employee of the defendant WASHINGTON STATE PATROL.

139. That the defendant, WASHINGTON STATE PATROL, created an unreasonable risk of harm to the Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employee, defendant Anthony Brock.

140. That the defendant, WASHIGNTON STATE PATROL, has caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against the defendant, WASHINGTON STATE PATROL, for his injuries, damages and losses caused by defendant's WASHINGTON STATE PATROL's conduct as set forth herein.

**WHEREFORE ,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

17

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## NINTH CLAIM FOR RELIEF
## NEGLIGENT TRAINING

141. The Plaintiff re-alleges and restates the above paragraphs 1- 80 the forgoing jurisdictional basis and the above paragraphs fully stated herein.

142. That the defendants, WASHINGTON STATE PATROL is required to adequately train its troopers Defendant Anthony Brock, who is an employee of defendants, WASHINGTON STATE PATROL.

143. That the defendant, WASHINGTON STATE PATROL, created an unreasonable risk of harm to the Plaintiff for failing to adequately train its employee(s) defendant Anthony Brock. Specifically, the defendant, WASHIGNTON STATE PATROL, was negligent for failing to adequately train its employee regarding his duty activities.

144. That the defendant, WASHINGTON STATE PATROL, caused injuries, damages and losses to the Plaintiff by virtue of its negligent training; and, the Plaintiff is entitled to recover against the defendant, WASHIGNTON STATE PATROL, for injuries, damages and losses caused by the defendant's conduct as set forth herein.

145. That the defendants, KING COUNTY is required to adequately train its jail staff of KING COUNTY ADULT DETENTION, who are employees of defendant KING COUNTY.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

18

146. That the defendants, KING COUNTY, created an unreasonable risk of harm to the Plaintiff for failing to adequately train its employees of KING COUNTY ADULT DENTENTION. Specifically, the defendants, KING COUNTY ADULT DENTENTION were negligent for failing to adequately train its employees regarding their respective duties.

147. That the defendant, KING COUNTY ADULT DENTENTION, caused injuries, damages and losses to the Plaintiff by virtue of its negligent training; and, the Plaintiff is entitled to recover against the defendant, KING COUNTY, for injuries, damages and losses caused by the defendant's conduct as set forth herein.

**WHEREFORE,**   The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

## TENTH CLAIM FOR RELEIF
## MALICIOUS PROSECUTION

148. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs though fully stated herein.

149. That the traffic citation issued (but never given to) the Plaintiff was a direct result of negligent actions of the defendant.

150. That the traffic citation was issued without probable cause.

151. That the traffic citation was motivated by malice, racial discrimination or other improper purposes against the Plaintiff.

152. That the booking of the Plaintiff into the KING COUNTY ADULT DENTENTION   was a direct result of negligent actions of the defendant.

153. That the figure prints taken from the Plaintiff was taken without probable cause.

154. That the 'Mug Shot' taken of the Plaintiff was taken without probable cause.

155. That the Plaintiff wasn't given the necessary equipment to meet his medical needs is a direct result of malice and negligence on the part of the defendant KING COUNTY and its employees of KING COUNTY ADULT DENTENTION.

156. That the negligence issued by KING COUNTY ADULT DETENTION was motivated by malice, racial discrimination or other improper purposes against the Plaintiff.

157. That the complaint filed against (but never given to) the Plaintiff was a direct result of malice and negligence act of KING COUNTY and it employee Daniel T. Satterberg.

158. That the negligence issued by KING COUNTY was motivated by malice, racial discrimination or other improper purposes against the Plaintiff.

159. That the complaint filed against the Plaintiff appeared to be signed (although not legible) by another attorney with the WSBA #42933, was filed without probable cause.

160. That the defective summon issued to the Plaintiff, was issued without probable cause.

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

20

161. That the defendants have caused injuries, damages and losses to the Plaintiff by way of their malicious prosecution of the Plaintiff; and, the Plaintiff is entitled to recover against the defendants for all such damages caused by their conduct as set forth herein.

**WHEREFORE,**  The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order for injunction of a fraudulent case that was issued without probable cause.

d. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

e. Such other and further relief as this court may deem just and proper.

## ELEVENTH CLAIM FOR RELIEF
## EXEMPLARY DAMGAGES

162. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs though fully stated herein.

163. That the aforementioned acts, omissions and violations of the defendants were attended by wanton and willful disregard for the rights, medical needs, and feelings of the Plaintiff, thus entitling the Plaintiff to the recovery of exemplary damages.

**WHEREFORE,**  The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[ 98032]

21

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 27 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

Respectfully submitted

Dwight M. Holland
pro-se
325 Washington
Avenue South
Kent, Washington
[98032]

Complaint

Dwight M. Holland
pro-se
325 Washington avenue
South Kent, Washington
[98032]