UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Dwight Holland, | ) CASE NO 12-CV-791 JLR-MAT |
|      Plaintiff, | ) |
|    vs. | ) |
| KING COUNTY ADULT DETENION, | ) |
| KING COUNTY et al., | ) |
| KING COUNTY DISTRICT COURT EAST | ) |
| DIVISION -REDMOND COURTHOUSE et al., | ) |
| WASHINGTON STATE DEPARTMENT OF | ) |
| LICENSING et al., | ) |
| WASHINGTON STATE PATROL et al, | ) |
| KING COUNTY PROSECUTING ATTORNEY'S | |
| OFFICE et al. | |
|     Defendant(s). | |

FILED    ENTERED
LODGED    RECEIVED

AUG 2 7 2012   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

12-CV-00791-CMP

## VERIFICATION OF COMPLAINT

STATE OF WASHINGTON     )
                         )ss.
COUNTY OF KING         )

BEFORE ME personally appeared the Dwight Holland who, being by me first duly sworn and identified in accordance with Washington State Law, deposes and says:

1. My name is Dwight Holland, plaintiff herein.

2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Dwight Holland, Affiant

SWORN TO and subscribed before me this 23rd day of Aug, 2012

_____
Notary Public

SANDEEP K. RAYNER
Notary Public
State of Washington
My Commission Expires
January 18, 2016

My commission expires: 01\19\2016

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Dwight Holland,<br>    Plaintiff,<br>  vs.<br>KING COUNTY ADULT DETENION,<br>KING COUNTY et al.,<br>KING COUNTY DISTRICT COURT EAST<br>DIVISION –<br>REDMOND COURTHOUSE et al.,<br>WASHINGTON STATE DEPARTMENT OF<br>LICENSING et al.,<br>WASHINGTON STATE PATROL et al,<br>OFFICER WSP ANTHONY BROCK in his<br>individual and official capacity as<br>Washington State Patrol officer,<br>LAKEYSHA NICOLE WASHINGTON in her<br>individual and official capacity as<br>Prosecuting attorney,<br>KING COUNTY PROSECUTING ATTORNEY'S<br>OFFICE et al.,<br>GARY WESTSIDE TOWING LLC<br>  Defendant(s). | ) CIVIL RIGHTS COMPLAINT UNDER<br>) 42 U.S.C. 1983<br>) DEFENDANT'S FIRST AMENDED COMPLAINT<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) |

## COMPLAINT

1. Plaintiff Dwight Holland Pro Se Litigant and Citizen of the state of Washington, on this day brings suit against the following defendants WASHINGTON STATE PATROL et al, TROOPER ANTHONY BROCK who is an agent for WASHINGTON STATE PATROL. KING COUNTY et al, and its agents at the KING COUNTY ADULT DETENTION, KING COUNTY PROSECUTING ATTORNEY'S OFFICE et al, and has added in this amended complaint the following: agents LAKEYSHA NICOLE WASHINGTON, KING COUNTY DISTRICT COURT EAST DIVISION – REDMOND COURTHOUSE et al., GARY WESTSIDE TOWING LLC, DEPARTMENT OF LICENSING and states:

## JURISDICTIONAL BASIS

2. Plaintiff claims federal jurisdiction pursuant to Article III §2 which extends the jurisdiction to cases arising under the U.S. Constitution.

3. Jurisdiction of this Court arises under Title 42 U.S. Code § 1983 for violations of certain protections guaranteed him by the Fourth, Fifth, Sixth and Eight amendments of the Constitution.

4. Venue is proper in this District because the acts and transaction between the parties occurred here. Plaintiff resides here, and Defendants transact their business here.

5. This court has jurisdiction because the claims for relief of damages are in excess of $2.5 million dollars.

6. That all claims for relief set forth in this complaint arise from a common nucleus of operative facts.

7. That this entire action constitutes a single case which should be heard in a single judicial proceeding.

## PARTIES

8. Plaintiff Dwight Holland is a Citizen of the Washington State, residing at 325 Washington Avenue South, Kent, Washington [98032].

9. Defendant KING COUNTY ADULT DETENTION a public entity with its principal office 516 3rd avenue, and is an agent KING COUNTY, Washington.

10. Defendant WASHINGTON STATE PATROL is a public entity with its principal office at the General Administration Building PO box 42600, Olympia WA 98504-2600.

11. Trooper ANTHONY BROCK who is an agent of the above public entity.

12. LAKEYSHA NICOLE WASHINGTON who is prosecuting attorneys for KING COUNTY PROSECUTING ATTORNEY'S Office, which is a public entity with its principal

office at King County Courthouse, Room W554, 516 Third Avenue Seattle, Washington and is a KING COUNTY agent.

13. KING COUNTY DISTRICT COURT EASTERN DIVISION - REDMOND COURTHOUSE located at is an entity of KING COUNTY location 8601 160th avenue north east, Redmond Washington 98052.

14. DEPARTMENT OF LICENSING an agent of the state PO Box 9030 - Olympia, Washington 98507-9030.

15. GARY'S WESTSIDE TOWING LLC - 3400 2ND avenue South, WA 98134.


## FACTUAL ALLEGATION

16. On or about the early morning of September 16th, 2011 the plaintiff was traveling on First Avenue Bridge heading south, when he was stopped for allegedly speeding (Exhibit A). WASHINGTON STATE TROOPER ANTHONY BROCK hereinafter 'officer' unlawfully detained and **painfully** taken into custodial arrest the plaintiff. In addition the officer had unlawfully had the plaintiff property seized, by a Gary Auto, held for 12 hours. The plaintiff had to pay monies to regain custody of his rightful property from Gary Auto (Exhibit B).

17. During the processing of the plaintiff the officer has punched (invalidates) the plaintiff's license, adding further injury and hardship to the plaintiff.

18. The officer made matters worse by issuing racial insults to the plaintiff to trying to get the plaintiff to sign documents.

19. The officer violated the plaintiff's rights of due process which has further injured the plaintiff.

20. On or about September 16th, the plaintiff was released into the custody of KING COUNTY ADULT DETENTION FACILITY hereinafter 'facility'.

21. The facility, has unlawfully imprisoned the plaintiff (Exhibit C).

3 Plaintiff's amended verified complaint          Dwight Holland

22. The facility did not have the plaintiff's consent for this unlawful imprisonment.

23. The facility humiliated the plaintiff by forcing the plaintiff to strip off his clothes to put on jailed issued clothes.

24. The facility further humiliated the plaintiff by processing the plaintiff 'booking', as a common criminal for acts the plaintiff has not done.

25. The facility has without the plaintiff's consent, and against the plaintiff's will take plaintiff's photos and his finger prints.

26. The facility's nurse was made aware of plaintiff's medical condition of having sleep apnea (exhibit D). The facility by law has a responsibility to issue the plaintiff the required items or at least try to accommodate the inmate's medical conditions to the best of their ability. The facility did not have a Continuous Positive Airway Pressure hereinafter 'CPAP' on the premises. Despite this, the facility could have released the plaintiff due to the lack of medical equipment on the premises, however it decided not to. The nurse informed the plaintiff he would be issued a wedge (a wedge shaped pillow that will prop the head of an individual during sleep who suffers from sleep apnea). When the plaintiff was sent to the medical unit, he was NOT given a wedge, and had to suffer in agony all night due to the negligence and malice of the facility.

27. The facility has placed the plaintiff's health in jeopardy for not issuing the plaintiff a wedge for his medical condition.

28. Later that afternoon, on September 16, 2011 the plaintiff was released and posted bail $500.00 dollars (exhibit E).

29. On or about November 16th, 2011 the Department of Licensing revoked plaintiff's license without due process of law (exhibit F).

30. On and about December 27th, 2011 the KING COUNTY PROSECUTING attorneys' OFFICE hereinafter 'prosecutor' has knowingly conspired to perpetrate fraud

on the plaintiff.

31. The prosecutor namely knowingly LAKEYSHA NICOLE WASHINGTON signed and filed a fraudulent suit against the plaintiff (exhibit G).

32. The prosecutor(s) being professionals and proficient in law, knowingly fraudulently filed said instrument bringing further injury and humiliation to the plaintiff, on charges it knows, or should have known that it does not apply to the plaintiff nor could it proved.

33. The prosecutor(s) being professionals and proficient in law knows and should have known the officer has violated the plaintiff's rights to due process, and should have never filed the case against the plaintiff.

34. The prosecutor(s) knowingly and wantonly with malice signed and filed said fraudulent instrument, knowing and or should have known its own office has violated the plaintiff's rights of due process and should have withdrawn its charges.

35. On and about January 9th, 2012 KING COUNTY DISTRICT COURT EASTERN DIVISION REDMOND COURTHOUSE and its actors under the color of law has knowingly with malicious and negligence signed and issued an order(s) of probable cause (Exhibit I), knowingly and or should have known that the plaintiff's rights of due process has been violated by both OFFICER ANTHONY BROCK and by LAKEYSHA NICOLE WASHINGTON.

36. KING COUNTY DISTRICT COURT EASTERN DIVISION REDMOND COURTHOUSE hereinafter 'court' and its actors under the color of law has with the knowledge of the violations of the plaintiff's due process rights has signed and issued defective instruments ie; summons for the plaintiff to appear in court (exhibit J).

37. On and about January 30th, 2012 the court and its actors under the color of law have knowingly with malicious and negligence signed and issued a defective 'bench' warrant (exhibit K) for the plaintiff's arrests.

5 Plaintiff's amended verified complaint          Dwight Holland

38. The court knows and or should have known the plaintiff's rights of due process have been violated by both OFFICER ANTHONY BROCK and the PROSECUTING ATTORNEYS OFFICE and the case should have been dismissed.

39. The court under the color of law has perpetrated fraud upon the plaintiff in hopes to coerce the plaintiff through the use terror (imprisonment), a steep fine, intimation and deception to contract with the plaintiff through the use of statues and or rules that does not apply to the plaintiff in this instant matter.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### CIVIL RIGHTS VIOLATION UNDER 42 USC, SECTION 1983

40. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs 1 – 15 as though fully stated herein.

41. That at all times relevant hereto, the defendants acted willfully and wantonly and with deliberate indifference to the rights and feelings to the plaintiff.

42. The Plaintiff's unlawful stop, detention, investigated, seizure of property, imprisonment and prosecution were done without probable cause, without proper jurisdiction and justification. All acts done by State and County agents are in violation of the plaintiff's rights under the United States and Washington State Constitutions.

43. The defendants' actions constitutes a willful, wantonly and knowingly with malice violation and deprivation of rights secured by the Constitution of the United States in violation of 42 USC, Section 1983, specially, the right to be free from excessive and unreasonable police action; the deprivation of liberty without due process of law; deprivation of property

without due process of law; the right to be secure against unreasonable searches and seizures, and the right to equal protection of the law.

44. That the acts of all defendants are in violation of the United State Constitution rights of the plaintiff justify an award of damages pursuant to 42 USC, Section 1983; and reasonable attorney fees under 42 USC, Section 1988. The plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in this complaint.

**WHEREFORE**, The Plaintiff respectfully request this Court

a. Enter an order of judgment in favor of the plaintiff against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions, omissions and negligence;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees,

d. Enter an Order the reinstate plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.


## SECOND CLAIM FOR RELIEF
## UNLAWFUL CUSTODIAL ARREST

45. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs 1 - 15 as though fully stated herein.

46. That at all times relevant hereto, the officer acted willfully and wantonly and with deliberate indifference to the rights and feelings to the plaintiff.

47. The plaintiff was not intoxicated upon the unlawful detention by STATE PATROL OFFICE ANTHONY BROCK.

7 Plaintiff's amended verified complaint          Dwight Holland

47. The OFFICER ANTHONY BROCK hereinafter 'officer' unlawfully detained the plaintiff without probable cause.

48. The officer knowingly with malice and negligence misapplied 'charged' the statue to the plaintiff.

50. That the officer without a warrant and or probable cause went beyond his authority to take the plaintiff into custody.

51. The officer without a warrant unlawfully took into custody the plaintiff for exercising his Fifth Amendment rights, nothing more. The breath test was the excuse the officer concocted to punish the plaintiff for knowing and utilizing his rights under LAW.

52. The officer unlawful conduct was motivated strictly by racial prejudice; the plaintiff was 'driving while black'.

53. The officer unlawful conduct has injured and harmed the plaintiff, a tax payer and an upstanding Citizen.

54. The officer conducted a custodial arrested of the plaintiff against his will.

55. The officer needlessly subjugated the plaintiff to further cause humiliation, and embarrassment as well as physical injury by placing the plaintiff into handcuffs.


**WHEREFORE**, the plaintiff respectfully request this Court

a. Enter an order of judgment in plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the plaintiff for his injuries, pain and suffering, damages and losses;

b. Enter an Order of Judgment in favor of the plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in plaintiff's favor and against the defendants for attorney fees as a result of their violation of plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert

witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order the reinstate plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL IMPRISONMENT

56. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs 1 - 15 forward as though fully stated herein.

57. The foregoing omissions of the defendant(s) constitute numerous and multiple violations of the plaintiff's rights as afforded to him under the Federal and State Constitutions.

58. The defendant(s) unlawful OFFICER ANTHONY BROCK and KING COUNTY ADULT DETENTION FACILITY imprisonment was against the plaintiff will.

59. The officer did not have the right to deprive the plaintiff right of due process before being imprisoned.

60. The officer over stepped his authority in taking the plaintiff into custody, and stuffing the plaintiff into the back of his patrol car.

61. Damages of $85.00 dollars paid to the bails bond All City, incurred by the plaintiff by the action of the defendant(s).

**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

9 Plaintiff's amended verified complaint          Dwight Holland

d. Enter an Order reinstate Plaintiff's license.

e. Plaintiff respectfully demands the files generated by the KING COUNTY ADULT DETENTION FACILITY in this case of his unlawful incarceration destroyed (from the booking process), stricken from the record and thereof.

f. Such other and further relief as this Court may deem just and proper.

## FORTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND SEIZURE

62. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs 1-15 forward as though fully stated herein.

63. The foregoing omissions of the Defendant(s) constitute numerous and multiple violations of the plaintiff's rights as afforded to him under the Constitution.

64. The Defendant Trooper Brock unlawfully searched and ransacked the plaintiff's (property) automobile.

65. The officer spilled out the contents of the plaintiff's automobile, sensitive information onto the passenger's side floor without regards to plaintiff's property, privacy or security.

66. The officer had the plaintiff's property unlawfully seized without probable cause and or warrant.

67. The plaintiff's license unlawfully seized and invalidated by the officer, causing additional hardship on the plaintiff without probable cause and or warrant.

**WHEREFORE**, the plaintiff respectfully request that this Court

a. Enter an order of judgment in plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order to reinstate plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

68. The Plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs fully stated herein 1- 15.

69. The defendants, by their actions as set forth above, were negligent and acted with negligence.

70. By the action of the defendants' negligence created an unreasonable risk of physical harm to the plaintiff and caused the plaintiff to be put in fear of his own safety, which is shown to be emotional disturbance.

71. The humiliation of having been booked and photograph, and said photograph being available for public consumption.

72. The announcement on the public King County web site, the prosecuting attorney's page, plaintiff being accused and arraigned for DUI.

73. The damages to the plaintiff's reputation and credibility.

74. Future damages caused by the officer unlawful actions to plaintiff's reputation such as background checks, filling out applications when it comes certain types of questions such has criminally charged, etc.

75. The damage done by the officer's actions, in regard to the DEPARTMENT OF LICENSING, plaintiff's license has been revoked, thus causing an unnecessary hardship to travel for daily necessities.

76. Future damages cause by the harmful effects to the plaintiff's credibility and reputation.

11 Plaintiff's amended verified complaint          Dwight Holland

**WHEREFORE,** The plaintiff respectfully request that this Court

a. Enter an order of judgment in plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in plaintiff's favor and against the defendants for attorney fees as a result of their violation of plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate plaintiff's license.

e. The defendants' actions have directly and proximately caused, by way of their

negligent inflict emotional distress upon the plaintiff, injuries, damages and losses set forth herein; and, the plaintiff is entitled to recover against the

defendants for damages caused by their conduct as set forth in this complaint.

f. Such other and further relief as this Court may deem just and proper.

## SIXTH CLIAM FOR RELIEF
### NEGLIGENCE

77. The plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs fully stated herein 1 -15.

78. The above referenced acts and omissions for the defendants were negligent.

79. The defendants are public servant and trustees. They are required to be proficient and professionals at their job at all times when interfacing with the public. In so doing the public trust them to carry out their responsibilities according to law and in a professional matter, this is not

12 Plaintiff's amended verified complaint        Dwight Holland

the case. Their actions have intentionally and with negligence caused the plaintiff unnecessary harm.

80. The negligent acts and omissions were a direct and proximate cause of the injuries, damages and losses to the Plaintiff, and, the Plaintiff is entitled to recover against the defendants for damages caused by their negligence as set forth in this complaint.

81. The defendant's employed at the KING COUNTY ADULT DETENTION FACILITY actions have placed the plaintiff health in jeopardy needlessly.

82. The OFFICER ANTHONY BROCK has over stepped his authority when he took the plaintiff into custody, placing the plaintiff in harm's way.

83. The KING COUNTY PROSECUTING ATTORNEY'S OFFICE knew the plaintiff's rights of due process have been violated and they still proceeded into charging the plaintiff with a fictitious crime.

**WHEREFORE**, The plaintiff respectfully request that this Court

a. Enter an order of judgment in plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in plaintiff's favor and against the defendants for attorney fees as a result of their violation of plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order to reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

13 Plaintiff's amended verified complaint          Dwight Holland

## SEVENTH CLAIM FOR RELEIF
## OUTRAGEOUS CONDUCT

84. The plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs 1-15 fully stated herein.

85. That the defendants' actions as set forth herein, were outrageous, intolerable and so extreme as to exceed all bounds of decency which prevail in civilized communities and societies.

86. That the defendants, by their actions as set forth herein, unjustly intended to inflict irreparable damages to the plaintiff's reputation, good name, honor, integrity and respect in the community and in professional circles.

87. That as a direct and proximate result of the defendants' outrageous conduct, as set forth herein, the plaintiff has suffered loss of his reputation, good name, honor, integrity, and respect in the community and in professional circles.

88. The defendants have with negligence and malice caused the injuries, hardships, damages and losses to the plaintiff by their outrageous conduct and lack of professionalism; and, the plaintiff is entitled to recover against the defendants for injuries, damages, hardships and losses set forth herein.

**WHEREFORE,** The plaintiff respectfully request that this Court

a. Enter an order of judgment in plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in plaintiff's favor and against the defendants for attorney fees as a result of their violation of plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert

14 Plaintiff's amended verified complaint        Dwight Holland

witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

90. The plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs 1-15 fully stated herein.

91. That the defendant, WASHINGTON STATE PATROL, is required to supervise the action of its troopers. Defendant ANTHONY BROCK is an employee of the defendant WASHINGTON STATE PATROL.

92. That the defendant, WASHINGTON STATE PATROL, created an unreasonable risk of harm to the plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employee, in this instant matter defendant OFFICER ANTHONY BROCK.

93. The defendant, WASHIGNTON STATE PATROL, has caused damages by way of its negligent supervision; and the plaintiff is entitled to recover against the defendant, WASHINGTON STATE PATROL, for his injuries, damages, hardships and losses caused by defendant's WASHINGTON STATE PATROL's conduct as set forth herein.

94. That KING COUNTY is required to supervise the action of its employees. The employees at KING COUNTY ADULT DENTION are employees of KING COUNTY.

95. That the defendant KING COUNTY ADULT DENTENTION has created an unreasonable risk of harm to the plaintiff by failing to adequately supervise, control, supply or otherwise monitor the activities of its employees.

96. The defendant, KING COUNTY, has caused damages by way of its negligent supervision and, the plaintiff is entitled to recover against the defendant,

15 Plaintiff's amended verified complaint          Dwight Holland

KING COUNTY for his injuries, damages and losses caused by the defendant's conduct as set forth herein.

97. That KING COUNTY is required to supervise the action of its employees, DAN SATTERBURG, LAKEYSHA NICOLE WASHINGTON and any prosecuting attorney's employed with KING COUNTY PROSECUTING ATTORNEY'S OFFICE.

98. That the above defendant KING COUNTY has created an unreasonable risk of harm to the plaintiff by failing to adequately supervise, control, supply or otherwise monitor the activities of its employees.

99. The defendant, KING COUNTY, has caused damages by way of its negligent supervision and, in such the plaintiff is entitled to recover against the defendant, KING COUNTY for his injuries, damages, hardships and losses caused by the defendant's conduct as set forth herein.

100. That KING COUNTY is required to supervise the actions of its employees of KING COUNTY DISTRICT COURT EASTERN DIVISION REDMOND COURTHOUSE.

101. The defendant, KING COUNTY, has caused damage by way of its negligent supervision and, in such that plaintiff is entitled to recover against the defendant, KING COUNTY for his injuries, damages, hardships and losses caused by the defendant's conduct as set forth herein.


**WHEREFORE,** The plaintiff respectfully request that this Court

a. Enter an order of judgment in plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in plaintiff's favor and against the defendants for attorney fees as a result of their violation of plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

16 Plaintiff's amended verified complaint          Dwight Holland

d. Enter an Order for injunction of the current case, and reinstate plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## NINTH CLAIM FOR RELIEF
## NEGLIGENT TRAINING

102. The plaintiff re-alleges and restates the above paragraphs 1- 15 the forgoing jurisdictional basis and the above paragraphs fully stated herein.

103. That the defendants, WASHINGTON STATE PATROL is required to adequately train its troopers Defendant ANTHONY BROCK, who is an employee of defendants, WASHINGTON STATE PATROL.

104. That the defendant, WASHINGTON STATE PATROL, created an unreasonable risk of harm to the plaintiff for failing to adequately train its employee(s) defendant ANTHONY BROCK. Specifically, the defendant, WASHIGNTON STATE PATROL, was negligent for failing to adequately train its employee regarding his duty activities.

105. That the defendant, WASHINGTON STATE PATROL, caused injuries, damages, hardships and losses to the plaintiff by virtue of its negligent training; and, the Plaintiff is entitled to recover against the defendant, WASHIGNTON STATE PATROL, for injuries, damages and losses caused by the defendant's conduct as set forth herein.

106. That the defendants, KING COUNTY is required to adequately train its jail staff of KING COUNTY ADULT DETENTION, who are employees of defendant KING COUNTY.

107. That the defendants, KING COUNTY, created an unreasonable risk of harm to the plaintiff for failing to adequately train its employees of KING COUNTY ADULT DENTENTION. Specifically, the defendants, KING COUNTY ADULT DETENTION were negligent for failing to adequately train its employees regarding their respective duties.

17 Plaintiff's amended verified complaint          Dwight Holland

108. That the defendant, KING COUNTY ADULT DETENTION, caused injuries, damages and losses to the Plaintiff by virtue of its negligent training; and, the Plaintiff is entitled to recover against the defendant, KING COUNTY, for injuries, damages and losses caused by the defendant's conduct as set forth herein.

109. That the defendants, KING COUNTY is required to adequately train its prosecuting attorneys of KING COUNTY PROSECUTING ATTORNEYS OFFICE, who are employees of defendant KING COUNTY.

110. That the defendants, KING COUNTY, created an unreasonable risk of harm to the plaintiff for failing to adequately train its employees of KING COUNTY PROSECUTING ATTORNEYS OFFICE. Specifically, the defendants, of KING COUNTY PROSECUTING ATTORNEYS OFFICE were negligent for failing to adequately train its employees regarding their respective duties.

111. That the defendant of KING COUNTY PROSECUTING ATTORNEYS OFFICE, caused injuries, damages and losses to the plaintiff by virtue of its negligent training; and, the plaintiff is entitled to recover against the defendant, KING COUNTY, for injuries, damages and losses caused by the defendant's conduct as set forth herein.

112. The court clerks failed to add plaintiff's documents for his defense into the court record.

113. That the defendants, KING COUNTY is required to adequately train its employees of KING COUNTY DISTRICT COURT EASTERN DIVISION REDMOND COURTHOUSE, who are employees of the defendant KING COUNTY.

114. That the defendants, KING COUNTY, created an unreasonable risk of harm to the plaintiff for failing to adequately train its employees of KING COUNTY DISTRICT COURT EASTERN DIVISION REDMOND COURTHOUSE. Specifically, the defendants, of KING COUNTY were negligent for failing to adequately train its employees regarding their respective duties.

18 Plaintiff's amended verified complaint        Dwight Holland

115. That the defendant of KING COUNTY DISTRICT COURT EASTERN DIVISION REDMOND COURTHOUSE, caused injuries, damages, hardships and losses to the plaintiff by virtue of its negligent training; and, the plaintiff is entitled to recover against the defendant, KING COUNTY, for injuries, damages and losses caused by the defendant's conduct as set forth herein.

**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order to reinstate plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## TENTH CLAIM FOR RELEIF
## MALICIOUS AND WRONGFUL PROSECUTION

116. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs though fully stated 1-15 herein.

117. The action brought by KING COUNTY against the plaintiff, which the officer did not have probable cause.

118. The defendants of KING COUNTY PROSECUTING ATTORNEYS OFFICE are professionals, and know or should have known the officer has erred in this instant matter. It is their collective duties as trustees of the public having a responsibility to correct or at least attempt to correct that error as it is per their job description.

19 Plaintiff's amended verified complaint          Dwight Holland

119. The defendants of KING COUNTY PROSECUTING ATTORNEYS OFFICE despite their professionalism and their oath of office taken to up hold the laws of this state and country knowingly did not have any evidence in which to charge the plaintiff in this instant matter.

120. Without such evidence the prosecutor need it was the hope through utilizing against the plaintiff terror and fear, of losing money and or liberty, that the defendants could coerce the plaintiff into pleading guilty to fictitious charges.

121. The PROSECTUING ATTORNEYS OFFICE known or should have known it has violated the plaintiff's rights to due process. And upon that knowledge alone should either rectified the violation and or not move against the plaintiff.

122. The negligence issued by KING COUNTY was motivated by malice, racial discrimination or other improper purposes against the Plaintiff.

123. That the complaint filed against the Plaintiff appeared to be signed (although not legible) by another attorney with the WSBA #42933 who happened to be LAKEYSHA NICOLE WASHINGTON, was filed in violation of plaintiff's due process rights.

124. That the defendants have caused injuries, damages, hardships and losses to the plaintiff by way of their negligence and malicious prosecution.

**WHEREFORE**, The Plaintiff respectfully request that this Court

a. Enter an order of judgment in plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants
for their actions and omissions;

c. Enter an Order for injunction of a fraudulent case that was issued without probable cause.

d. Enter an Order of Judgment in Plaintiff's favor and against the defendants

for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

e. Such other and further relief as this court may deem just and proper.

## ELEVENTH CLAIM FOR RELIEF
### EXEMPLARY DAMGAGES

125. Plaintiff re-alleges and restates the foregoing jurisdictional basis and the above paragraphs 1-15 though fully stated herein.

126. That the aforementioned acts, omissions and violations of the defendants were attended by wanton and willful disregard for the rights, medical needs, and feelings of the plaintiff, thus entitling the plaintiff to the recovery of exemplary damages.

**WHEREFORE,** The plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the plaintiff for his injuries, damages and losses;

b. Enter an Order of Judgment in favor of the plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order to reinstate plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## TWELFTH CLAIM FOR RELIEF
## LARCENY BY TRICK

127. Plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs 1-15 though fully stated herein.

128. The OFFICER BROCK ANTHONEY has taken an oath to uphold the both Federal and State constitutions and yet has violated the plaintiff's constitutional rights. OFFICER BROCK ANTHONEY has taken into custodial arrest and seized the property of the plaintiff for his simply because the plaintiff invoked his Fifth Amendment right. Furthermore OFFICER BROCK ANTHONEY has fabricated false testimony against the plaintiff.

129. The LAKEYSHA NICOLE WASHINGTON, and prosecuting attorneys at KING COUNTY PROSECUTING ATTORNEYS have all taken an oath to uphold both Federal and State Constitutions. The prosecutors the knowledge of the plaintiff's due process violations still charged the plaintiff without merits.

130. That the aforementioned acts, omissions and violations of the defendants were attended by wanton and willful disregard for the rights, and feelings of the plaintiff, thus entitling the plaintiff to the recovery of damages.

131. Prosecuting office has knowingly with malice brought charges against the plaintiff knowing his due process rights have been violated by that office (Exhibit L).

132. The officer knowingly and willfully fabricated his statement against the plaintiff to justify his unlawful custodial arrest of the plaintiff.

134. The officer knowingly and willfully unlawfully took the plaintiff into custodial arrest without due cause.

135. The officer knowingly, willfully, with malicious intent under false pretense applied the wrong statues against the plaintiff.

136. The officer knowingly and willfully under false pretense searched and seized the plaintiff's property.

137. The officer knowingly and willfully violated the plaintiff's right to due process.

138. The officer knowingly and willfully failed to discharge his duty under the law.

139. The officer knowingly and willfully drafted up a falsified affidavit and or statement as to plaintiff's condition (Exhibit M).

140. On or about September 27th, 2011 the officer knowingly and willfully hand said falsified affidavit and or statement to the Prosecuting Attorney's Office.

141. The officer false allegations have cause perpetual and ongoing damages to the plaintiff.

142. Defendants LAKEYSHA NICOLE WASHINGTON hereinafter 'prosecutor' are prosecuting attorneys for the KING COUNTY.

143. On or about December 27th, 2011 the prosecutor(s) has filed action against the plaintiff for violation of Washington Revise Code that the plaintiff is not a party to.

144. The prosecutor(s) knowingly and willfully with malice violated plaintiff's due process.

145. The prosecutor has with malice knowingly, willfully brought false criminal charges against the plaintiff.

146. The plaintiff strongly believes the prosecutor(s) in concert with KING COUNTY DISTRICT COURT EASTERN DIVISION - REDMOND COURTHOUSE through, terror, and coercion tried to manipulate the plaintiff to contract and or consent to with it.

147. The prosecutor(s) knowingly and willfully violated plaintiff's due process right of speedy trial without.

148. The prosecutor(s) fabricated criminal charges against the plaintiff are an act of harassment and mental aggravation.

149. That the aforementioned acts, omissions, fabrications and violations of the defendant(s) were attended by wanton and willful disregard for the rights, needs and feelings of the plaintiff, thus entitling the plaintiff to the recovery of damages.

**WHEREFORE**, The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages, hardships and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.


### THIRTEEN CLAIM FOR RELIEF
### CRUEL AND UNSUAL PUNISHMENT

150. The Plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs fully stated herein 1- 15.

151. Defendant OFFICER ANTHONY BROCK has unlawfully taken the plaintiff into custodial arrest. The cuffs on the plaintiff were unnecessarily tightened and the plaintiff's wrist were purposely not seating in the cuffs causing further pain and suffering.

152. Defendant OFFICE ANOTHER BROCKK has unlawfully imprisoned the plaintiff in the back of his patrol car too small for an adult, coupled with being handcuffed was placed in a contorted position and suffered needlessly.


24 Plaintiff's amended verified complaint          Dwight Holland

153. Defendant KING COUNTY ADULT DENTENTION FACILITY has unlawfully imprisoned the plaintiff and purposely placed the plaintiff in the medical cell, without providing him the necessary equipment for his condition. The plaintiff suffered needlessly as he continually awoke choking and gasping for air.

**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages, hardships and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

## FOURTEEN CLAIM FOR RELIEF
### DEFAMATION AND SLANDER

154. The Plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs fully stated herein 1- 15.

155. The defendant OFFICER ANTHONY BROCK knowingly and wantonly defamed the plaintiff by his fictitious charge, and falsified testimony of the plaintiff's being under the influence of while operating a vehicle.

156. It is that falsified testimony through defamation which has brought further injury and harm to the plaintiff through unlawful imprisonment, photographed and finger printed, wrongful prosecution, summons and warrant

issued out to the plaintiff for a crime that never occurred or an act the plaintiff never committed.

157. That the plaintiff suffered tremendous stress, depression and anxiety (see above) due to the unlawful and illegal actions of OFFICE ANTHONEY BROCK.

**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages, hardships and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Have the defendant remove ALL material pertaining to this matter, from the websites, court calendar etc.

f. Such other and further relief as this Court may deem just and proper.

## FIFTHTEEN CLAIM FOR RELIEF
## LIBEL

158. The Plaintiff re-alleges and restates the forgoing jurisdictional basis and the above paragraphs fully stated herein 1- 15.

159. OFFICER ANTHONY BROCK has issued racial remakes concerning the plaintiff's education and or lack of education during plaintiff's interrogation.

160. The plaintiff suffered from libel damages caused by the OFFICER ANTHONY BROCK falsified testimony, filed with the prosecuting attorneys' office some eleven days later. The officer act has led the wrongful prosecution of an innocent man, by prosecutors.

26 Plaintiff's amended verified complaint        Dwight Holland

161. The plaintiff suffered from libel damages of public humiliation from the KING COUNTY JAIL REGISTER AND BOOKING SYSTEM. Where the plaintiff's name 'DWIGHT HOLLAND' (Exhibit N) is there for the entire world to witness that the plaintiff was jailed and booked for a fictitious crime. Where additional libel damages occur from prospective job hunting, employers has the ability to look up the plaintiff's name during a background search, and hampet's the plaintiff's ability to seek other employment if he so wishes to.

162. The KING COUNTY PROSECUTING ATTORNEY'S OFFICE posted on their website, who is being prosecuted and what for. This information is faulty, and if the prosecuting office has done their job, and follow not only the court rules, but the law, the plaintiff name would not been posted.

**WHEREFORE,** The Plaintiff respectfully request that this Court

a. Enter an order of judgment in Plaintiff's favor against the defendants for compensatory damages in an amount sufficient to fully compensate the Plaintiff for his injuries, damages, hardships and losses;

b. Enter an Order of Judgment in favor of the Plaintiff and against the defendants for exemplary damages in an amount which will adequately punish the defendants for their actions and omissions;

c. Enter an Order of Judgment in Plaintiff's favor and against the defendants for attorney fees as a result of their violation of Plaintiff's civil rights under 42 USC, Sections 1983 and 1988, including costs of this lawsuit, expert witnesses fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper.

d. Enter an Order for injunction of the current case, and reinstate Plaintiff's license.

e. Such other and further relief as this Court may deem just and proper.

Dated August 22, 2012
Respectfully submitted

Dwight M. Holland
329 Washington
Avenue South
Kent, Washington

27 Plaintiff's amended verified complaint          Dwight Holland

Exhibits

# WASHINGTON STATE PATROL
## (SMD) AFFIDAVIT
### 1Z05████



Exhibit A

I observed the defendant **approaching** my location. I visually observed the defendants vehicle traveling at what I visually estimated to be above the posted **45 MPH** speed limit. I have been trained to estimate vehicle speed at the Washington State Patrol Academy. My visual observation was verified and confirmed by a reading(s) of **58 MPH** on the defendant vehicle in the stationery mode with the **rear** antenna of my assigned BEE III RADAR SMD # R-2433. The speed obtained with this SMD was consistent with my visual estimation of the defendants vehicle prior to obtaining the speed with the SMD. I observed a high audible tone which was consistent with the vehicle speed. SMD # R-2433 has been certified for accuracy by a factory trained WSP technician and found to be in proper working order. On the day the above speed was obtained prior to and after this stop, I checked this RADAR SMD for accuracy by use of its assigned tuning forks on both the front and rear antenna which was found to be accurate. I have successfully completed a four-hour training session in the use and operation of the RADAR SMD devices. The above mentioned RADAR SMD can be used in a moving or stationary/fixed position and was used in the stationery mode for the above check. The above mentioned vehicle was the only vehicle and the vehicle which speed was consistent with both my visual estimation and the reading of the SMD. The RADAR SMD also displayed my vehicle speed at the same time the defendants vehicle speed is obtained. The reading on the SMD of my speed was the same as the reading on my speedometer. My speedometer is checked at the start of my shift at 30 and 60mph with the above SMD and was found to be accurate. I visually observed the vehicle from the time I visually estimated the vehicles speed, while I obtained the speed with the SMD to the time I stopped the vehicle. At no time did I lose sight of the vehicle.

# CUSTOMER INVOICE        *Exhibit B*

**GARYS WESTSIDE TOWING LLC**

INVOICE NUMBER   ████
PRINT DATE   September 16, 2011
PO Number   .

DWIGHT M HOLLAND
████████ AVE S
████       WA ████████

## TOW INFORMATION

IMPOUND START  9/16/2011  1:40:00AM
IMPOUND END  9/16/2011  2:15:00AM
IMPOUND LOC  S/B 509 @ 1ST AVE BRIDGE
IMPOUND STREET ADDRESS

OFFICER NAME   .                          BADGE #   716
INCIDENT #   .          INFRACTION #   170501814

AGENCY CODE   WASHINGTON STATE PATROL
REASON FOR IMPOUND

SEATTLE                WA       .
DRIVER CODE     GE
TRUCK #   1        STORAGE LOT   1

## VEHICLE INFORMATION

VIN  1D7████████████
MAKE  DODG
MODEL  DAKOTA
YEAR  2006
BODY  2 DR CLUB CAB

LICENSE PLATE NUMBER   ████
STATE   WA  YEAR   .        TYPE   .

DRIVER LICENSE NUMBER   .
DRIVER LICENSE STATE   .

## FINANCIAL INFORMATION

| CHARGE DESCRIPTION | BASE | QTY | CHARGE | TAX RATE | TAX | TOTAL |
|---|---|---|---|---|---|---|
| Towing Charges | $ 177.00 | 1.00 | $ 177.00 | 9.50 % | $ 16.82 | $ 193.82 |
| Mileage Charges - Pickup Distance and Rate | $ - | 0.00 | $ - | 9.50 % | $ - | $ - |
| Mileage Charges - Drop Distance and Rate | $ - | 0.00 | $ - | 9.50 % | $ - | $ - |
| **Total Towing Charges:** | | | $ 177.00 | | 16.82 | $ 193.82 |
| Storage Charges | $ 45.00 | 1.00 | $ 45.00 | 9.50 % | $ 4.28 | $ 49.28 |
| **Total Storage Charges:** | | | $ 45.00 | | $ 4.28 | $ 49.28 |
| | | | | % | | |

Total Misc Charges

Grand Total for All Charges:                                        $  243.10

| PAYMENT DATE | BASE PAID | TAX PAID | TOTAL PAID |
|---|---|---|---|
| Friday, September 16, 2011 | $ 222.00 | $ 21.09 | $ 243.09 |
| **Total Payments:** | $ 222.00 | $ 21.09 | $ 243.09 |
| Grand Total for All Payments: | | | $ 243.09 |
| BALANCE DUE: | | | $ 0.01 |

**12 HOUR HOLD DO NOT RELEASE UNTIL 2 PM ON 9/16/11

XI.B.I.RO.060427

# KING COUNTY DEPARTMENT OF ADULT DETENTION
## INMATE PROPERTY

**PROPERTY FORM**

**I-1211048**

NAME (LAST, FIRST, M.I.)

B/A# **Exhibit C**

| DATE | SEX | RACE | D.O.B. | BIN | BAG | SEALED VALUABLE # | TRANSFER DATE | INITIAL |
|------|-----|------|--------|-----|-----|-------------------|---------------|---------|
| | M | D | | | 105 | | | |

Cash Received At Booking: $ 254.00    Booking Off. #

| ITEM | QTY. | DESCRIPTION | VER. | ITEM | QTY. | DESCRIPTION | VER. |
|------|------|-------------|------|------|------|-------------|------|
| CHECKS / M.O.S. | | | | HAT / CAP | | | |
| VALUABLE CURR. / COIN | | | | SHIRT / BLOUSE | | Blue | |
| CHECK / SAVINGS BOOK | | | | SWEATER / SWEATSHIRT | | | |
| CASHIER / TRAV CKS. | | | | T-SHIRT / KNIT SHIRT | | | |
| FOREIGN CURR. / COIN | | | | SHOES / BOOTS | 2 | Black | |
| FOOD STAMPS | | | | TENNIS SHOES / OTHER | | | |
| MEDICAL COUPONS | | | | PANTS / SLACKS Jeans | 1 | Blue | |
| POSTAGE STAMPS | | | | JEANS / OTHER | 1 | Black | |
| MAJOR CC | | VISA | | DRESS / JUMPER | | | |
| | | MASTER CHG. | | SKIRT / CULOTTES | | | |
| WALLET | 1 | | | SUIT | | 2 PC. | |
| PURSE / HANDBAG | | | | SUIT | | 3 PC. | |
| PASSPORT | | | | TIE / SCARF | | | |
| ID | | WA | | COVERALLS / OVERALLS | | | |
| | | | | WARM-UPS | | | |
| PENS / PENCILS | | | | COAT / JACKET | | | |
| KEYS | | | | OVERCOAT / RAINCOAT | | | |
| LIGHTER | | | | VEST / BOLERO | | | |
| WATCH | | Y/M    W/M    OTHER | | SHORTS / SWIMWEAR | | | |
| NECKLACE | | Y/M | | BELT / SASH | | Belt | |
| | | W/M | | SUSPENDERS | | | |
| | | OTHER | | GLOVES / MITTENS | | | |
| BRACELET | | Y/M | | BRIEF / ATTACHE CASE | | | |
| | | W/M | | BOXES | | | |
| | | OTHER | | SACKS | | | |
| EARRINGS | | Y/M | | PAPERS | | | |
| | | W/M | | BOOKS | | | |
| | | OTHER | | MISC. | 1 | Camera Phone | |
| RINGS | | Y/M | | | | | |
| | | W/M | | | | | |
| | | OTHER | | | | | |
| GLASSES | | CLEAR    DARK | | | | | |
| MEDICATION | | | | | | | |
| KEYS | | | | | | | |
| KNIFE | | | | PROPERTY IN EVIDENCE | | YES    NO | |
| | | | | AGENCY | | | |

**I RECEIVED MY ORIENTATION HANDBOOK**

**AT BOOKING:** THIS IS AN ACCURATE RECORD OF MY PROPERTY:

X _____

X _____    **X** _____
(INMATE'S SIGNATURE)    (BOOKING OFFICER'S SIGNATURE)

X _____
(WITNESS)

**AT RELEASE:** I ACKNOWLEDGE RECEIPT OF MY PROPERTY:

X _____    **X** _____
(INMATE'S SIGNATURE)    (PROPERTY OFFICER)

X _____
(WITNESS)

**CLAIM MISSING ITEMS:** _____

X _____    DATE _____    TIME _____
(INMATE'S SIGNATURE)

Holland, Dwight (47383) RX Document 5 Page 4 of 4 Scan 08/20/2008 Performance Home Medical 08/16/2012 03:57:13 Printed from MedFORCE Scan

Case 2:12-cv-00791-sLR Document 1-3 Filed 06/16/2012 Page 33 of 47

Order # 866-553     Exhibit D     08/14/08
73 66 6

PERFORMANCE HOME MEDICAL CS
62ND AVE S #A101
KENT, WA 98032

ACCT #                     CERTIFICATE OF MEDICAL NECESSITY                     SEG #
INS: 6507 AETNA                                                                 CMN #  4

Health Insurance Require the following information be provided on claims for durable medical equipment. This form should be completed by the beneficiary's physician and returned to us IMMEDIATELY.

CUSTOMER PHONE=>

| Patient's Name | HOLLAND, DWIGHT | LOC # 03 | Health Insurance Claim No. |
| | | KENT | , WA 98032 |
| Date this Equipment Prescribed | 09/08/06 | Equipment will be needed for | 12 | months. |

This Prescription applies to rental period from    09/08/08  to  09/07/09    Prognosis    GOOD
            780.53   HYPERSOMNI W SLEEP APNEA

Diagnosis

The following equipment is needed by the above stated patient:

DR. : PLEASE INDICATE ANY CHANGE IN DURATION OF ORDER
CPAP SUPPLIES                                                                   53ZZZ001
        Supplies for home use with CPAP/BiPAP equipment.

        Nasal Mask 1 per 3 months      Nasal Pillows 2 per mo

        Full Face Mask 1 per 3 mo      Headgear 1 per 6 mo

        Oral/Nasal Mask 1 per 3 mo     Chinstrap 1 per 6 mo

        Nasal Cushion 2 per mo         Tubing 1 per 6 mo

        Full Face Cushion 1 per mo     Filter, disposable 2 per mo

        Oral/Nasal Cushion 2 per mo    Filter, non-disposable 1 per mo

        Oral/Nasal pillows 2 per mo    Water Chamber 1 per 6 mo

        Replacements as needed or as insurance permits for a peiod of

        1 year.

This form must be SIGNED & DATED by the prescribing Physician
before the equipment may be considered for payment.
PHYSICIAN'S NAME, ADDRESS & PHONE:                     Physician's Signature:

    VISHESH KAPUR   MD
    HARBORVIEW SLEEP CENTER                                 M. Foley
    325 9TH AVE BX 359803
    SEATTLE WA  98104
                        UPIN #                     Date                     8/19/06
                                                   Physician's signature certifies that the above represents
White - Supplier Copy     Yellow - Physician/Clinician Copy     his judgement of the patient's need for the equipment.



*Exhibit B-1*

**HOLLAND, DWIGHT MICHAEL ~~F~~**
Sleep Study Report Authenticated
Service Date: May-23-2005
Dictated by Kapur, MD, Vishesh K on Jun-10-2005

## 12137

**TEST TYPE:**
Polysomnography with CPAP titration/split night protocol.

**MONTAGE:**
EEG (C3/A2, C4/A1, 01/A2, 02/A1), EOG (ROC/A1, LOC/A2), EMG (submental and mental, snoring (microphone), nasal and oral airflow (pressure transducer), chest and abdominal respiratory effort, oximetry, EKG, limb EMG (RAT, LAT), and body position.

**PATIENT IDENTIFICATION AND INDICATIONS:**
This is a 43-year-old man who has a history of obstructive sleep apnea with an apnea-hypopnea index and low saturation of 84%. He had undergone uvulopalatopharyngoplasty and nasal procedure and lost 30 pounds and subsequently had stopped using his CPAP. More recently, his excessive daytime somnolence has returned and he has gained weight. This study is carried out to reevaluate degree of sleep disordered breathing and re-titrate CPAP.

**SLEEP ARCHITECTURE AND EEG:**
The total sleep time was 415 minutes. The sleep efficiency was excellent at 95%. The sleep latency was short at 3 minutes. The REM latency was prolonged at 94 minutes.

There was an increased amount of stage I sleep (19%). There was no slow-wave sleep and a generous amount of REM sleep (23%). The arousal index during the diagnostic portion of the study, which included 137 minutes of recording time, was 80 with most arousals attributable to apneas or hypopneas. After the application of CPAP, the arousal index was 15.

**RESPIRATORY:**
The diagnostic portion of the study showed an apnea-hypopnea index of 97, consisting of 24 apneas and 183 hypopneas. Respiratory events were frequently associated with desaturations with a desaturation index of 78 and a low saturation of 69%. 36% of sleep time was spent with saturation below 90%. The mean saturation was 92%.

After the application of CPAP, the apnea-hypopnea index was 20, the mean saturation was 97%, lowest saturation was 80%, the desaturation index was 16 with 5% of posttreatment spent with saturation below 90%. CPAP was titrated from pressure of 5 to 13 cm. At a pressure of 9 cm, while in supine non-REM sleep, hypopneas with desaturations below 90% were noted. At 11 cm, the patient was noted to do reasonably well in supine REM sleep without any significant desaturations. The pressure was then increased to 13 cm. For unclear reasons, the patient did reasonably well in non-REM sleep on the left side at this pressure; while supine, some intermittent flow limitation and snoring was noted, but later the patient appeared to do very well in the supine position at 13 cm in non-REM sleep.

**LIMB MOVEMENTS:**
The periodic limb movement index was within normal limits.

**EKG:**
The EKG showed a normal sinus rhythm at a rate of 78 beats per minute.

**SUBJECTIVE:**
The patient reported that his sleep was much better than usual.

## INTERPRETATION:

Obstructive sleep apnea that is severe in frequency and which is associated with a severe frequency of desaturations low saturation of 69% and significant percentage of time spent with saturation below 90%. Sleep is severely disrupt

The titration portion of this study indicates that CPAP pressures of 11 to 13 cm will be sufficient to control sleep disordered breathing in supine position.

## RECOMMENDATIONS:

The patient will return to clinic for follow-up. He is currently on CPAP of 15 cm. These pressures can be decreased these pressures are uncomfortable.

**Signature Line**
Electronically Reviewed/Signed On: 06/16/05 at 11:55

_____

Vishesh K Kapur, MD
Attending Physician, HMC, Dept Of Pulmonary Medicine,
Pulmonary and Critical Care Division, Box 359803
Seattle, WA

cc: Sarah R Simpson, MD
UWP-Shoreline
1355 N 205th St
Shoreline, WA 98133

Nicole C Maronian, MD
Attending, Dept Of Otolaryngology
Box 356515
Seattle, WA

VKK/KB
DD:06/10/05
TD:06/13/05

12137

CC Address Information
none

*Exhibit E*

*All City*

**BAIL BONDS**
PROMISSORY NOTE

$ _500.00_   Defendant _Dwight M. Holland_   Bond(s) ~~_____~~

_Seattle_ , **Washington** _September 16_ , _2011_

_Dwight M. Holland_ _____ after date, without grace, for value received, I promise
to pay to All City Bail Bonds, or order, the sum of _Five hundred_ Dollars and/or
other valuable consideration, with interest thereon at the rate of 12 percent, per annum from date hereof,
payable upon demand and/or forfeiture of bond.

Principal and interest payable to the office of All City Bail Bonds at 501 Sixth Avenue, Seattle, WA
98104. If any interest shall remain unpaid after due, this note shall become due and payable at once without
further notice, at the option of the holder thereof. **CANCELLED**

This note shall bear interest at the rate of 12 percent, per annum after maturity or after failure to pay
any interest payment, and if this note shall be placed in the hands of an attorney for collection or if suit shall be
brought to collect any of the principal or interest of this note, I promise to pay a reasonable attorney's fee.
Each maker of this note executes the same as a principle and not as a surety.

X _____    X _____

## THE FOLLOWING ARE THE DEFENDANT'S CONDITIONS OF HIS/HER BAIL BOND WHICH MUST BE COMPLIED WITH AT ALL TIMES

1.  All City Bail Bonds (Surety) shall have control and jurisdiction over Defendant during the term for which the Bond is executed and shall have the right to apprehend, arrest and surrender the defendant to the proper officials at any time provided by law.

2.  It is understood and agreed that the happening of any one of the following events shall constitute a breach of Defendant's obligations to Surety:
    (a) If Defendant shall depart the jurisdiction of the court without written consent of the court and Surety.
    (b) If Defendant shall move from one address to another or change phone numbers without notifying Surety prior to said move.
    (c) If Defendant shall commit an act which shall constitute reasonable evidence of Defendant's intention to cause a forfeiture of said bond.
    (d) If Defendant is arrested and incarcerated for any offense other than a minor traffic violation.
    (e) If Defendant shall have made any false statement in application.
    (f) Defendant shall be responsible for obtaining proper appearance date from the court.

3.  Defendant and/or Indemnitor shall have no right to any refund of premium whatsoever.

4.  Any expenses incurred by All City Bail Bonds for your failure to comply with these terms will be paid by the Defendant and/or the Indemnitor.

5.  **If this case is under investigation you are required to appear to determine if charges will be filed against you. If you are charged, other collateral (in addition to the promissory note previously signed) will be required in order to transfer your bond to Superior Court.**
    (       )Initial

I hereby agree to all terms and conditions    X _____    Date: _9/16/11_

# *All City*
## BAIL BONDS

Dear Valued Client,

Our records indicate that the bond posted has been exonerated. All City Bail Bonds wants to thank you and appreciates your business.

Enclosed you will find all of the documents necessary to release the collateral from this obligation.

If we can assist you in the future, please feel free to let us know.

Thank you

All City Bail Bonds

Office at 6th and James St. * 601 6th Avenue * Seattle, WA 98104 * Phone (206) 622-9999
Office * 607 Central Ave North * Kent, WA 98032 * Phone (253) 854-8888
Mailing * P.O. Box 24307 * Seattle, WA 98124 * Fax (206) 382-1783



*Exhibit E*

**STATE OF WASHINGTON**
## DEPARTMENT OF LICENSING
*PO Box 9030 • Olympia, Washington 98507-9030*

09/30/2011                **Notice of Revocation**                **CERTIFIED**

3CRA
HOLLAND, DWIGHT MICHAEL
19613 138TH AVE SE
RENTON WA 98058-7743

                                        Lic. # HOLLADM385C0

On 11/16/2011 at 12:01 a.m. we will revoke your driving privilege for 1 year for being in physical control or driving under the influence of alcohol or any drug. RCW 46.20.3101.

## What do I have to do?
Any Washington driver license or permit, including occupational (ORL) or ignition interlock licenses (IIL), will not be valid and must be returned to Department of Licensing, PO Box 9030, Olympia, WA 98507-9030.

## How do I get my license back?
If nothing else on your driving record prevents it, you will be eligible to get a license on 11/16/2012. To get one you must do all of the following:
- File proof of financial responsibility until 11/16/2015. An SR-22 is the most common method. RCW 46.29.450
- Pass all required tests, pay a reissue fee, and any other required licensing fees.

## What other options are available?
You may be able to get an ORL, IIL, or other temporary restricted license during this revocation. You can also contest this action by submitting a Driver's Hearing Request form or written request along with $200 (unless you provide proof of indigence), postmarked within 20 days from the date of your arrest. Failure to submit a complete and timely request will be considered a waiver of your right to a hearing. You'll find all the necessary forms on our website.

We suggest that you always check the status of your driving privilege before you drive. Find out more at www.dol.wa.gov or by calling Customer Service at 360-902-3900.

Driver Records

*The Department of Licensing certifies that this document was mailed via U.S. post office on 09/30/2011 to the person named herein at the address shown, which is the last address of record with the Department.*

*We are committed to providing equal access to our services.*
*If you need accommodation, please call 360-902-3900 or TTY 360-664-0116.*

15777936

Exhibit 4BC

**FILED**

DEC 27 2011

KCDC - East Division
Redmond

King County District Court, East Division, Redmond Courthouse

STATE OF WASHINGTON, )
                   Plaintiff, )
                           )
         vs.                   )   No. 1Z0501814
                           )
DWIGHT MICHAEL HOLLAND )
DOB: 2/20/1962             )   COMPLAINT
                Defendant, )

     I, Daniel T. Satterberg, Prosecuting Attorney, in the name and by the authority of the State of Washington, do accuse DWIGHT MICHAEL HOLLAND of the crime of **Driving While Under the Influence**, committed as follows:

     That the defendant DWIGHT MICHAEL HOLLAND in King County, Washington on or about 16 September 2011, drove a vehicle within this state while under the influence of or affected by intoxicating liquor or any drug; and/or while under the combined influence of or affected by intoxicating liquor and any drug;

     Contrary to RCW 46.61.502 and 46.61.506, and against the peace and dignity of the State of Washington.

     And I, Daniel T. Satterberg, Prosecuting Attorney for King County, do further allege that the Defendant did refuse to take a breath test offered pursuant to RCW 46.20.308; contrary to Revised Code of Washington 46.61.5055.

**AND COMES NOW PLAINTIFF, STATE OF WASHINGTON, AND HEREBY DEMANDS A JURY TRIAL IN THE ABOVE-ENTITLED CAUSE. SUCH DEMAND IS MADE PURSUANT TO CrRLj 6.1.1(B).**

                        DANIEL T. SATTERBERG, Prosecuting Attorney

                        By: _____ 42933
                        ERIN S. NORGAARD, WSBA #32789
                        Senior Deputy Prosecuting Attorney

                                       Daniel T. Satterberg, Prosecuting Attorney
                                         Criminal Division, District Court Unit

Exhibit I

**KING COUNTY DISTRICT COURT**
**EAST DIVISION - REDMOND COURTHOUSE**

| | |
|---|---|
| **STATE OF WASHINGTON,** | **No.:**   1Z0501814 |
| **vs.** | |
| **HOLLAND, DWIGHT MICHAEL** <br> Defendant | **FINDING OF PROBABLE CAUSE** |

After a careful review of the files and records herein including the statement of probable cause executed by the citing law enforcement officer along with any report submitted by that officer and any accompanying documentation to that report.

THE COURT HEREBY FINDS THAT PROBABLE CAUSE EXISTS that on 9/16/2011 the crime of DUI may have been committed.

Dated: **January 9, 2012**

Frank V. LaSalata, Judge

# SUMMONS / SUBPOENA / NOTICE

King County District Court
East Division, Redmond Courthouse
8601 - 160th Ave NE
Redmond, WA 98052
(206) 296-3667

Case Assigned To:

Judge: LASALATA, FRANK

Courtroom: RE2 Ctrm 2

STATE OF WASHINGTON
COUNTY OF KING
CITY OF _____

VS.

HOLLAND, DWIGHT MICHAEL

| DEFENDANT'S NAME | CITATION NO. | CITATION DATE | NOTICE DATE | VIOLATION(S) |
|---|---|---|---|---|
| HOLLAND, DWIGHT MICHAEL | 120505 WSP | 09/16/2011 | 12/28/2011 | DUI |

IN THE NAME OF THE STATE OF WASHINGTON, YOU ARE HEREBY SUMMONED AND
REQUIRED TO APPEAR AT THIS COURT ON THE DATE AND TIME BELOW.
ACCOMMODATIONS ARE AVAILABLE TO PEOPLE WITH DISABILITIES UPON REQUEST.

HOLLAND, DWIGHT MICHAEL

DATE  01/09/2012  AT 08:45 AM   FOR          CC:

X  ARRAIGNMENT        Officer: _____
___ TRIAL             Defense Atty: _____
___ SENTENCING        Bondsman: _____
___ HEARING

FAILURE TO OBEY THIS SUMMONS MAY RESULT IN
THE ISSUANCE OF A WARRANT FOR YOUR ARREST.

DEFENDANT'S COPY  CLERK OF THE COURT/ COMMISSIONER / CLERK

KCDCF #36/96
MYM

**WARRANT OF ARREST** Exhibit 4 K

KING COUNTY DISTRICT

In the _____ Court

The City of _____

KING COUNTY, STATE OF WASHINGTON

Plaintiff

vs.

Name

Address HOLLAND, DWIGHT MICHAEL

~~████████████~~

~~████~~ WA 98032

| Bail | Court Case No. | Warrant Expiration Date |
|---|---|---|
| 5,000.00 | WSP  1Z05████ | 01/27/2015 |

| Originating Agency | Sex | Race | D.O.B. | Hgt. | Wgt | Eyes | Hair |
|---|---|---|---|---|---|---|---|
| WSP | M | B | 02/20/1962 | 5 10 | 222 | BRO | BLK |

| Place of Employment | Social Security No. | Originating Agency Case No. |
|---|---|---|
| FEDERAL EXP | – – | RED |

| Operator License No. | State | Expires | Citation Number | Violation Date |
|---|---|---|---|---|
| ████████████ | WA | 14 | 1Z05████ | 09/16/2011 |

| License Plate No. | State | Expires | Year | Make | Type | Color |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

Description of Charge(s)

| Narrative | RCW/Ordinance |
|---|---|
| DUI | 46.61.502 |

| Officer's Number | Complainant Under Oath or Certification |
|---|---|
| 00716 | BROCK, ANTHONY |

Additional Identifying Data

STATE OF WASHINGTON

COUNTY OF KING  } ss

CITY OF _____

The State of Washington to all Peace Officers.

Greetings:

A complaint/information under oath or certification has been filed in this court, charging the defendant with the crimes hereon described.

Therefore, in the name of the State of Washington, you are commanded to arrest the defendant and keep the defendant in custody until the defendant is discharged according to law, and make due return of this warrant with your manner of service endorsed thereon. Cash or surety bond to be approved by court. Service of this warrant by telegraph or teletype is authorized.

Reason for Issuance:

☐ Failure to Post Bail, Appear, or Arrange Personal Recognizance.

☒ Failure to Appear for Hearing.

☐ Failure to Comply with Court Order.

☐ Failure to Pay Fine or Appear.

☐ CASH BAIL ONLY - No Personal Recognizance or Bail Bond.

Defendant

I Hereby Certify That I Arrested the Named Defendant

On The _____ Day of _____

Officer _____ Agency _____

Service Fees _____ Service _____ Mileage _____ Total _____

Given Under My Hand This

30 Day of January 2012

Judge/Commissioner _____

REDMOND COURTHOUSE

KCDCF #40/90

*Breaking 4th amendment right*
*OT*

Name: HOLLAND, DWIGHT MICHAEL    Exhibit # 2
      DRIVING WHILE INTOXICATED

Note:
Case: 1Z0501814 KNJ PC Probable Cause          Closed

```
S 09 22 2011 DEF 1 HOLLAND, DWIGHT MICHAEL Added as Participant              KKK
S            Charge 1 Dismissed : Chrg Not Fld Pnd                           KKK
S            Case Heard Before Judge PRESIDING JUDGE                         KKK
S            BON 1 ALL CITY BAIL BOND Added as Participant                   KKK
S            11265104140 Appearance Bond Posted for DEF  1       500.00 KKK
S            Posted by:  ALL CITY BAIL BOND                                  KKK
S            Appearance Bond SO501749308 Exonerated           500.00 KKK
             EXONERATION LETTER MAILED TO BONDING CO                         KKK
S            Case Disposition of CL Entered                                  KKK
             CASE NOT FILED YET                                              KKK
S 09 27 2011 PCN added to case                                              JJS
  10 07 2011 DEFENDANT PHONED; INFORMED CASE NOT YET FILED WITH KCDC AND     ALT
             NO HEARING SCHEDULED AT THIS TIME. DEFENDANT'S ADDRESS          ALT
             UPDATED.                                                        ALT
```

*Redmond*

39131

665 21 7/60
$1,086.85

*Exhibit M*

# 1Z0501814

On September 16, 2011 at approximately 0132 hours, I was parked on the left shoulder of southbound SR-509 just south of the 1st Ave bridge working speed enforcement. I observed a vehicle crossing over the bridge approaching me from the rear. I obtained a reading with my assigned BEE III RADAR unit of 58mph in a posted 45mph zone (see attached affidavit) The defendants vehicle was the only vehicle approaching me at the time the speed was obtained. I merged off the shoulder and activated my emergency lights and the silver Dodge WA registration B66862B pulled to the right shoulder and stopped.

I contacted the vehicle on the driver's side. As I contacted the vehicle, the driver rolled down the driver's window approximately 1/2 inch. The driver kept talking to me with his head turned away from me. I asked the driver to roll down the window because I couldn't hear him. He then tried to slide his driver's license through the small opening in the window. The driver rolled down the window another 1/2 inch and would not roll it down further so I could hear him. Through the opening in the window, I smelled an obvious odor of intoxicants coming from inside the vehicle. I observed the drivers eyes were very red, bloodshot and droopy. He stated he was coming from a friends house. I had him exit the vehicle.

Outside the vehicle, I asked the defendant how much alcohol he had to drink tonight which he stated, I'm pleading the 5th sir. I asked him if he would do some voluntary field sobriety tests for me which he stated, I'm pleading the 5th sir. I advised him I wanted to make sure he was OK to drive which he stated he was fine to drive. I asked him repeatedly if he wanted to do the tests and each time he refused to say yes or no and just stated he pleaded the 5th and didn't want to incriminate himself. While talking to him I smelled an obvious odor of intoxicants coming from his breath. As he stood in front of me he had a constant sway and repeatedly reached back and used the front of his truck for balance. After considering all the above indicators, I formed the opinion the driver was under the influence of intoxicants and unable to operate a motor vehicle safely. I placed him under arrest for DUI. I read the driver his Miranda warnings and asked him if he understood which he stated, no I do not and I'm not giving up my rights, I'm reserving my rights under UCCC 1-308. I advised him I wasn't asking him to give up his rights, I was asking him if he understood his rights which he stated, I'm reserving my rights I'm waiving my benefits and privileges under UCC 1-08.

While transporting the driver to Tukwila PD, the inside of my patrol car reeked of intoxicants. At Tukwila PD, I read the driver his Miranda warnings again and the implied consent warnings which he repeatedly stated he pleaded the 5th and was not

going to do anything to incriminate himself.  I asked him if he would submit to a breath test which he stated, I'm not going to do anything to incriminate myself.  I advised him that this was a yes or no question and if he did not give me an answer then I would assume he wanted to refuse.  He stated this was a trick question and he was not going to do anything to incriminate himself.  I took that as a refusal to submit to the breath test and processed him as a refusal.

I certify (declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

_____ 716 _____ **King County**
**Trooper T. Brock #716**

EXHIBIT N 



**King County** | Home | News | Services | Comments | Search

## Jail Inmate Lookup Service(JILS)

Browse Jail Register | Search Jail Booking System | Other Jail Search Resources

**There are 2 inmate records available that match your search. Sort these 2 by:** – ▾ Go

< previous | 1 - 2 of 2 | next >

- HOLLAND, DWIGHT M **Custody/Facility:** OUT **Book Date:** 09/16/2011 02:58
  **BA:** 211028790 **Release Date:** 09/16/2011 13:07 **Charge(s):** D.W.I.

  ### Charges for this booking

  **Cause No:** 1Z0501814 **Court:** NORTH EAST **Charge:** D.W.I.

HOL AEL **Custody/Facility:** OUT
**Book Date:** 08/10/2012 13:33 **BA:** 212021018 Release Date: 08/11/2012 20:55
**Charge(s):** FTA/FAIL TO PAY FARE

Data Accuracy Disclaimer/Privacy Policy

W3C Web Content Accessibility Conformance, Making Content Accessible For People With Disabilities

Accessibility Notifications: None

King County | News | Services | Comments | Search

Links to external sites do not constitute endorsements by King County.
By visiting this and other King County web pages,
you expressly agree to be bound by terms and conditions of the site.
The details.