UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DWIGHT HOLLAND, <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY ADULT DETENTION, et al., <br><br> Defendants. | CASE NO. C12-0791JLR <br><br> ORDER DENYING MOTION REGARDING JUDICIAL NOTICE |

## I. INTRODUCTION

Before the court is pro se Plaintiff Dwight Holland's motion asking the court to take judicial notice of various items including state and federal statutes or regulations, news articles on various topics, and a series of letters or statements written by nonparties. (Mot. (Dkt. # 17).) Defendants Washington State Department of Licensing, Washington State Patrol, and Washington State Trooper Anthony Brock (collectively "State Defendants") have filed an opposition to Mr. Holland's motion. (Resp. (Dkt. # 18).)

ORDER- 1

Defendants King County Adult Detention, King County, King County Prosecuting Attorney's Office, Daniel T. Satterburg, King County District Court East Division, and Lakeysha Nicole Washington (collectively "King County Defendants") have joined in the State Defendants' opposition to Mr. Holland's motion. (Joinder (Dkt. # 19).) The court has reviewed the motion, all submissions filed in support and opposition thereto, the balance of the record, and the applicable law. Being fully advised, the court DENIES Mr. Holland's motion.

## II.   BACKGROUND

Mr. Holland originally filed the present action on May 7, 2012. (Proposed Compl. (Dkt. # 1).) On August 27, 2012, he filed an amended complaint alleging various civil rights violations connected to his arrest on September 16, 2011, for driving under the influence of alcohol. (Am. Compl. (Dkt. # 7).) Among other claims, he alleges that he was wrongfully arrested, searched, detained, prosecuted and imprisoned without probable cause, suffered racial discrimination at the hands of various defendants, and was deprived of medical treatment necessary for his sleep apnea. (*See generally id.*) On December 19, 2012, King County Defendants filed an answer to Mr. Holland's amended complaint. (King County Ans. (Dkt. # 11).) On January 28, 2013, State Defendants filed an answer to Mr. Holland's amended complaint. (State Ans. (Dkt. # 16).)

On January 28, 2013, Mr. Holland filed his present motion asking the court to take judicial notice of various documents. (*See generally* Mot.) Hr. Holland asks the court to take judicial notice of several federal and state statutes and one state regulation. (*See* Mot. Exs. A-F.) He also asks the court to take judicial notice of one press release from

1  the Washington State Patrol (*id.* Ex. Q.) and a variety of newspaper articles covering a

2  wide spectrum of topics from whistleblowers to sleep apnea (*id.* Exs. H-P).  Finally, he

3  also asks the court to take judicial notice of three documents that he describes as

4  "declarations" or "affidavits," but which do not appear to qualify as such.  (*See id.* at 4,

5  Exs. R-T.)  At best, these documents appear to be notarized letters.  The three letters

6  describe separate incidents that all took place on November 10, 2011 – two with the

7  Washington State Patrol (*id.* Exs. R, T) and one with the "Auburn police department" (*id.*

8  Ex. S).

## III.   ANALYSIS

10       Mr. Holland's request for judicial notice comes in a procedural vacuum.  He has

11  not stated how he intends to use the documents.  There are no other pending motions in

12  this matter, and trial is not scheduled until January 21, 2014.  (*See* Sched. Ord. (Dkt. #

13  23).)  Without some context of how Mr. Holland intends to use the documents he

14  proposes for judicial notice, the court cannot grant his motion.

15       The purpose for which a party intends to use evidence often bears on its

16  admissibility; it can also bear on whether a court can take judicial notice of it.  For

17  example, Federal Rule of Evidence 201 "governs judicial notice of an adjudicative fact

18  only, not a legislative fact."  Fed. R. Evid. 201(a).  The laws and regulations of which Mr.

19  Holland asks the court to take judicial notice (*see* Mot. Exs. A-F) are generally

20  considered "legislative" and not "adjudicative" facts under Rule 201 and, therefore, are

21  not generally appropriate for judicial notice.  *See Toth v. Grand Trunk R.R.*, 306 F.3d

22  335, 349 (6th Cir. 2002) ("As a general matter, judicial notice is available only for

'adjudicative facts,' or the 'facts of the particular case,' as opposed to 'legislative facts,' which are facts 'which have relevance to legal reasoning . . . , whether in the formulation of a legal principle or ruling by a judge . . . or in the enactment of a legislative body.'") (quoting Fed. R. Evid. 201 advisory committee's note (1972)). However, whether a fact is adjudicative or legislative depends upon the purpose for which it is used. *Id.* For example, "[a] legal rule may be a proper fact for judicial notice if it is offered to establish the factual context of the case, as opposed to stating the governing law." *Id.*[1]

Although it may be possible for Mr. Holland to establish a proper basis for the court to take judicial notice of the statues and regulations he advances, he has failed to do so in this motion. Without some context or statement concerning how Mr. Holland intends to use these items, the court must conclude that they do not represent the type of "adjudicative" facts that the court may judicially notice, but rather represent "legislative" facts that the court may not judicially notice. Accordingly, the court denies Mr. Holland's motion with respect to these items (*see* Mot. Exs. A-F).

Context also plays an important role with respect to judicial notice of news articles. Although the court may take judicial notice of news article as evidence of "what was in the public realm at the time," it may not do so as evidence that "the contents of th[e] articles [a]re in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Because there is no indication before the court that Mr. Holland intends to use these articles for anything other than evidence of the truth of

---

[1] *Toth*, 306 F.3d at 3349, was relied upon by the Ninth Circuit in *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

ORDER- 4

their contents, the court denies his motion with respect to these items as well (*see* Mot. Exs. G-Q).

Finally, the court also declines to take judicial notice of the three letters Mr. Holland presents (*see id.* Exs. R-T). These letters or "declarations" are not proper subjects for judicial notice. "Judicial notice is only appropriate for matters 'generally known within the territorial jurisdiction of the [ ] court' or 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1104, 1110 (9th Cir.2006) (en banc) (quoting Fed. R. Evid. 201). The letters at issue concern three incidents that allegedly took place on November 10, 2011—one with the "Auburn police department" (Mot. Ex. S) and two with the State Patrol (*id.* Exs. R, T). The facts surrounding these alleged incidents are not matters generally known throughout the Western District of Washington nor are the authors sources whose accuracy cannot reasonably be questioned. *See Jesperson*, 444 F.3d at 1110. Accordingly, the court denies Mr. Holland's motion with respect to these items as well. *See also N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.*, 600 F.3d 1104, 1113 n.7 (9th Cir. 2010); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 n.3 (9th Cir. 2008) (declining to take judicial notice because the accuracy of the declaration is subject to reasonable dispute); *Turnacliff v. Westly*, 546 F.3d 1113, 1120 n.5 (9th Cir. 2008) (declining to take judicial notice because facts in declaration were not "generally known" and author was not source whose "accuracy cannot reasonably be questioned).

//

## IV. CONCLUSION

Based on the foregoing, the court DENIES Mr. Holland's motion requesting that the court take judicial notice of various documents (Dkt. # 17). As noted above, however, if, as this case proceeds, Mr. Holland places these documents in a procedural context (such as offering them in conjunction with a specific motion or as an exhibit at trial) and offers them for an evidentiary purpose that would permit the court to properly take judicial notice of them, then the court will reassess its ruling at that time.

Dated this 21st day of March, 2013.

JAMES L. ROBART
United States District Judge