The Honorable James Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY ADULT DETENTION, KING COUNTY et al., KING COUNTY DISTRICT COURT EAST DIVISION-Redmond Courthouse et al., WASHINGTON STATE DEPARTMENT OF LICENSING, et al., WASHINGTON STATE PATROL et al, OFFICER WSP ANTHONY BROCK in his individual and official capacity as Washington State Patrol officer, LAKEYSHA NICOLE WASHINGTON in her individual and official capacity as Prosecuting attorney, KING COUNTY PROSECUTING ATTORNEY'S OFFICE et al., GARY WESTSIDE TOWING LLC,<br><br>　　　　Defendants. | NO.  12-cv-0791 JLR<br><br>STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT<br><br>**NOTED ON MOTION CALENDAR FRIDAY, MAY 31, 2013** |

## I.　ARGUMENT IN REPLY

Pro Se Plaintiff Dwight Holland ("Holland") asks the court to accept his own subjective view of the event – that he was not speeding in his "conveyance" or truck, and was not DUI. The "totality of the circumstances" of his DUI arrest, viewed objectively from Trooper Brock's perspective as they must be, demand dismissal of Holland's claims.  Further, he cannot maintain his claims against the State Defendants as a matter of law.

STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
NO.  12-cv-0791 JLR-MAT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1   "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995).  It should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[W]hen the facts, as alleged by the non-moving party, are unsupported by the record such that no reasonable jury could believe them, [the court] need not rely on those facts for purposes of ruling on the summary judgment motion." *Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010)(citing *Scott v. Harris*, 550 U.S. 372, 380 (2007).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to prevent summary judgment. *Triton Energy Corp.*, 68 F.3d at 1221.  Here, the record does not contain a scintilla of evidence to support Holland's claims against the State Defendants.  Accordingly, they are entitled to summary judgment of dismissal.

A.   **No Evidence of Proper Service on State Defendants Requires Dismissal.**

As detailed in the State Defendants' moving papers, Holland has not properly served them.[1]  Holland incorrectly concludes that "service is moot"[2] because the court discharged its show cause order for dismissal under FRCP 4(m).  In discharging that order, the court specifically informed Holland: "certain defendants have asserted affirmative defenses concerning the propriety of service of process" and this order **"does not address the propriety of any service of process performed in this proceeding."**[3]  In light of this order on which he is relying, Holland has no "good cause" for not serving the State Defendants.  Holland has failed to present any affidavit(s) of service on the State Defendants, or any evidence of proper service on them.  Accordingly, his failure to properly serve his Summons and Complaint since May 2012 results in dismissal of the State Defendants.  *See* FRCP 4(m).

---

[1] State Defendants' Motion for Summary Judgment, ECF Docket No. 27 at pp. 11-13.
[2] Opposition, ECF Docket No. 32-1, p. 8:20.
[3] ECF Docket No. 14, p. 2, fn. 1 (emphasis added).

| STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT<br>NO. 12-cv-0791 JLR-MAT | 2 | ATTORNEY GENERAL OF WASHINGTON<br>Torts Division<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>(206) 464-7352 |
|---|---|---|

**B.    No Tort Claim For Damages Requires Dismissal of All Tort Claims.**

All of Holland's state tort claims are barred because he did not file a claim for damages. Holland does not contend that he did. Rather, he argues a claim for damages "is not a perquisite [sic] to Filing a Title 42 §1983 claim against the 'State'."[4] Holland is correct. For this reason, the State Defendants' moving papers sought "dismissal of all his claims against the State Defendants, except for his civil rights claims under 42 U.S.C. §1983."[5]

**C.    WSP and DOL Cannot Be Sued Under §1983; Neither Are "Persons."**

Holland did not oppose State Defendants' argument that the Washington State Patrol ("WSP") and the Washington State Department of Licensing ("DOL") cannot be sued under §1983 because neither are "persons" under the Act.[6] Therefore, he has admitted this. LCR 7(b)(2). It also is the law. Because Holland's tort claims are barred by not filing a claim for damages, and because WSP and DOL cannot be sued under §1983, they are entitled to dismissal.

**D.    WSP and DOL Also Entitled to Eleventh Amendment Immunity.**

Even if WSP and DOL could be sued under §1983 (which they cannot), Holland's §1983 claims would be barred by the Eleventh Amendment (as detailed in defendants' moving papers).[7] Holland provides no basis for his conclusory remark that "WSP and DOL may not be entitled to enjoy Eleventh Amendment immunity…."[8] The two recognized exceptions to Eleventh Amendment immunity are congressional abrogation and waiver. *Micomonaco v. State*, 45 F.3d 316, 319 (9th Cir. 1995). There is no evidence that either applies here. Therefore, his §1983 claims against these state agencies are barred by Eleventh Amendment immunity. *See Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 200-01 (9th Cir. 1989).

---

[4] ECF Docket No. 32, p. 9.
[5] State Defendants' Motion for Summary Judgment, ECF Docket No. 27, pp. 13-14.
[6] State Defendants' Motion for Summary Judgment, ECF Docket No. 27, p. 14.
[7] State Defendants' Motion for Summary Judgment, ECF Docket No. 27, pp. 14-15.
[8] Opposition, ECF Docket No. 32-1, p. 9.

STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  E.  **No § 1983 Claim Against Trooper Brock: Articulable Suspicion Existed to Stop Holland for Speeding, and Probable Cause Existed to Arrest Him for DUI.**

Regarding both articulable suspicion to stop for speeding and probable cause to arrest for DUI, the law requires the court to take into account the "totality of the circumstances" known to the Trooper. If the circumstances viewed from the Trooper's perspective establish grounds for a temporary stop or arrest, there is no Fourth Amendment violation. Further, even if the court cannot ascertain whether the objective circumstances would authorize the Trooper's acts, if a reasonable Trooper could believe his behavior was justified the Trooper is entitled to qualified immunity. Holland, however, asks the court to disregard this well-established precedent and ignore circumstances surrounding the traffic stop and DUI arrest – which was audio and video recorded. He asks the court to accept his own subjective view of the event. The circumstances of this event, viewed objectively from the Trooper's perspective as they must be, demand dismissal.

In determining "reasonable suspicion" under the law, "[t]he facts are to be interpreted in light of a trained officer's experience, and the totality of the circumstances must be taken into account". *United States v. Olafson*, 213 F.3d 435, 439 (9th Cir. 2000).

Holland does not challenge the Radar results, showing the truck driven by him was traveling 58 mph in a 45 mph zone. Rather, he contends Trooper Brock "lacked reasonable suspicion" to conduct a traffic stop because he "misapplied the statue [sic] of Speeding."[9] Holland contends "speeding beyond the posted limit the [sic] in itself isn't necessary speeding," citing RCW 4.61.400(1). Holland is mistaken. RCW 4.61.400(2) provides:

> (2) Except when a special hazard exists that requires lower speed for compliance with subsection (1) of this section, the limits specified in this section or established as hereinafter authorized shall be maximum lawful speeds, and **no person shall drive a vehicle on a highway at a speed in excess of such maximum limits.** [emphasis added]

---

[9] Opposition, ECF Docket No. 32-1, p. 3.

STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  Here, the stop was authorized with ample reasonable suspicion. It is undisputed Trooper Brock
2  observed Holland's truck approaching his vehicle from the rear, and his Radar clocked Holland's
3  truck traveling 58 mph in a 45 mph zone. This stop was authorized.[10] *See Whren v. United*
4  *States*, 517 U.S. 806, 817-18 (1996) (observation of traffic violation provides cause for stop and
5  investigation by plainclothes police officer).

6  Holland argues Trooper Brock lacked probable cause to arrest him for DUI based on
7  Holland's subjective view and self-serving declaration that he did not "have alcohol *that*
8  *morning*," "was not intoxicated," "did not exhibit signs of being under the influence," and "did
9  not smell or reek of alcohol".[11] *See Head v. Glacier Nw. Inc.,* 413 F.3d 1053, 1059 (9th
10  Cir.2005) (noting the "longstanding precedent that conclusory declarations are insufficient to
11  raise a question of material fact").

12  In determining probable cause, the law requires the court to take into account the "totality
13  of the circumstances" *known to the Trooper*. Probable cause exists when, under the totality of the
14  circumstances known to the arresting officer, a prudent person would have concluded that there
15  was a fair probability that the suspect had committed a crime. *Peng v. Mei Chin Penghu*, 335
16  F.3d 970, 976 (9th Cir. 2003). "It is immaterial whether or not the [arrestee] was actually
17  violating the law at the time of the arrest if in fact his conduct was such as to lead a reasonable,
18  prudent officer to believe in good faith he was violating the law." Sennett v. Zimmerman, 50
19  Wn.2d 649, 651, 314 P.2d 414 (1957).

20  Here, as detailed in their moving papers, Trooper Brock had ample probable cause to
21  arrest Holland for DUI.[12] Trooper Brock is a Drug Recognition Expert. He personally smelled
22  alcohol on his breath; he saw his very red, bloodshot, and droopy eyes; and he saw him sway
23  and repeatedly reach back and use the hood of his truck for balance. A reasonable officer

---

[10] *See* State Defendants' Motion for Summary Judgment, ECF Docket No. 27, pp. 2-4.
[11] "Plaintiff's Affidavit," ECF Docket No. 32-2, p. 2.
[12] *See* State Defendants' Motion for Summary Judgment, ECF Docket No. 27, pp. 4-5; 16-18.

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT
NO.  12-cv-0791 JLR-MAT

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

would have concluded there was a "fair probability" Holland was DUI. *See Hart v. Parks,* 450 F.3d 1059, 1066 (9th Cir.2006) (holding police "must only show that, under the totality of the circumstances, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime" (quoting *United States v. Valencia–Amezcua,* 278 F.3d 901, 906 (9th Cir.2002) (internal quotation marks and alteration omitted))). Under these facts, Trooper Brock had probable cause to arrest Holland for DUI and his §1983 claims fail.

The fact that the criminal charges were later dismissed has no bearing on the probable cause analysis at the time of the arrest. The standard for "probable cause" at the time of arrest versus "proof beyond a reasonable doubt" in a criminal proceeding are necessarily distinct. The DUI charge in the criminal proceeding was dismissed because the State was "unable to prove the charges beyond a reasonable doubt". Trooper Brock was not contacted in the underlying criminal proceeding, nor asked to provide testimony supporting this arrest.

Holland's Fourteenth Amendment claim should also be dismissed because he offered no opposition to its dismissal. *See* LCR 7(b)(2).

F.  **No "Fraud" or False Statement by Trooper Brock.**

Holland is correct. Trooper Brock's "Defense Counsel"[13] – not Trooper Brock – stated that Holland signed the "Implied Consent Warning for Breath" form and wrote in his handwriting, "I heard what you read." This was based on counsel's review of the document. Upon further review, this was not Holland's signature or handwriting. He was handcuffed. The form actually shows "cuffed" on the signature block written by Trooper Brock (as done on the first page of the report), and the statement "I heard what you read" written by Brock. Trooper Brock recorded Holland's verbal responses. Regardless of whether Holland "signed" it, the results are the same. He was advised of his rights and refused the breath test.

---

[13] Opposition, ECF Docket No. 32, p. 11.

STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

G.  **No "Unusual Punishment" by Handcuffing Holland. Trooper Brock is Entitled to Qualified Immunity.**

Holland appears to argue that Trooper Brock is not entitled to qualified immunity because of "the undue pain" from handcuffing and that this was "unusual punishment."[14] For support, he relies on *Meredith v. Erath*, 342 F.3d 1057 (9th Cir. 2003). In *Meredith*, an IRS agent conducted a search of a three-story building for evidence of income tax violations. Ms. Bybee lived on the third floor and was not the target of the investigation. When she demanded that the IRS agent produce a search warrant, she claimed the IRS agent "forcibly threw her to ground," "detained [her] in handcuffs for several hours," and "during the first 30 minutes the handcuffs were overly tight and caused her pain." *Id*. at 1061. She "complained several times that the handcuffs were too tight and were causing her pain, but for 30 minutes they were left as they were; thereafter, they were loosened…." *Id*. She sued claiming the IRS agent (1) unlawfully detained her and (2) used excessive force in handcuffing her. Under these facts, the court held the IRS agent was not entitled to qualified immunity as the plaintiff "was unlawfully detained for 30 minutes in overly tight handcuffs that caused her pain." *Id*. at 1065.

Holland's case is easily distinguished from *Meredith v. Erath*. Unlike in *Meredith*, where the plaintiff spent 30 minutes in overly tight handcuffs and complained of pain, Holland had only seconds of discomfort before Trooper Brock adjusted them. This exchange is captured on the audio recording of Holland's arrest.[15] As can be heard, Trooper Brock went out of his way to make Holland comfortable in handcuffs. Trooper Brock combined two sets of handcuffs to make them longer in length, as Holland has wide shoulders. ***40 seconds*** after Holland complained his handcuffs were tight, Trooper Brock helped him out of the patrol car and adjusted them. He explained why they were binding – which was due to Holland turning his wrists. This entire exchange took about two and a half minutes. He was handcuffed at

---

[14] Opposition, ECF Docket No. 32-1, p. 12.
[15] Exhibit 1 (DVD) to Declaration of Trooper Brock, Track "**B_T16@...,**" at 1:38:40 seconds to 1:41:12 seconds. (Note that 1:38:40 is the time stamp, and refers to 1:38 a.m. at 40 seconds.)

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  1:36:08; he complained at **1:38:47**; he was taken back out of the patrol car at **1:39:27**; his
2  handcuffs were adjusted at **1:40:19**; and he was placed back in the patrol car at 1:41:35.[16]
3  Holland *never again mentioned* any handcuff discomfort to Trooper Brock.  The entire
4  transport from the scene to the police station was video and audio recorded, and Holland never
5  mentioned any discomfort.  An after-the-fact alleged photograph of a mark on his wrist does
6  not change the analysis here.  This is particularly the case here when he not only never
7  complained again to Trooper Brock about any wrist discomfort, but also never complained of
8  any wrist discomfort during in-processing or his stay at the King County Jail.

9  Under these facts, there is no evidence that a reasonable officer would have believed
10 that Trooper Brock's conduct was unlawful in the situation he confronted.  The qualified
11 immunity standard "gives ample room for mistaken judgments by protecting all but the plainly
12 incompetent or those who knowingly violate the law".  *Hunter v. Bryant*, 502 U.S. 224, 229
13 (1991) (per curiam)(internal citation and quotation omitted).  If an officer could have
14 reasonably, but mistakenly, believed his conduct did not violate a clearly established
15 constitutional right, qualified immunity is appropriate.  *Skoog v. County of Clackamas*, 469
16 F.3d 1221, 1229 (9th Cir. 2006).  Here, Trooper Brock had no reason to believe Holland's
17 handcuffing was improper in any way.  He went above and beyond the call of duty to make
18 Holland comfortable.

19 Therefore, for the reasons here and those set forth in defendants' moving papers,
20 Trooper Brock did not violate Holland's constitutional rights.  Even if a constitutional right
21 violation occurred (which it did not), Trooper Brock is entitled to qualified immunity as a
22 matter of law.

---

[16] Exhibit 1 (DVD) to Declaration of Trooper Brock, Track "**B_T16@...,**" at 1:38:40 seconds to 1:41:12 seconds. (Note that 1:38:40 is the time stamp, and refers to 1:38 a.m. at 40 seconds.)

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  **H.    Holland Did Not Oppose Dismissal of §1983 Claim Against DOL.**

2  The State Defendants moved to dismiss Holland's §1983 "due process" claim against
3  DOL.[17]  Holland did not oppose this dismissal.  Accordingly, the court may consider this an
4  admission that this claim has no merit and should be dismissed.  *See* LCR 7(b)(2).

5  **I.    No Claim Against State Defendants for Alleged "Speedy Trial" Violation and
6          Probable Cause Hearing Not Within 48 Hours of Arrest.**

7  For three reasons, Holland has no basis for an alleged "speedy trial" violation and not
8  receiving a probable cause determination within "48 hours of arrest."  First, his Complaint does
9  not allege these claims against the State Defendants.  He raises them for the first time in his
10 opposition.[18]  Second, they do not and cannot apply to the State Defendants (the WSP, DOL, and
11 Trooper Brock).  They are not involved with either.  Trooper Brock had no duty to "bring
12 [Holland] before a magistrate" for a probable cause determination to spare him "the indignity of
13 jail".  Trooper Brock, the WSP, and the DOL also had no involvement with any criminal trial
14 setting.  Holland appears to recognize this, claiming it was the "King County Prosecuting
15 Attorney Office" that "dropped the ball" by not giving him a speedy trial.  No ball was dropped.
16 Third, Holland misunderstands the application of the speedy-trial rule and a probable cause
17 determination.  In short, he has no grounds for such claims or any evidence to support them
18 against the State Defendants, or any other defendant – including the King County Prosecuting
19 Attorney's Office.

20 **J.    No Claims Can Be Maintained Against the WSP.**

21 The State Defendants moved to dismiss Holland's claims that the WSP negligently
22 supervised and trained Trooper Brock.  First, these claims are barred by the claims filing statutes,
23 as Holland failed to file a claim for damages.  Second, even if they were not barred, they cannot
24 be maintained.  Holland has presented no evidence to support these claims.  He cannot show that

---

[17] *See* State Defendants' Motion for Summary Judgment, ECF Docket No. 27, pp. 18-19.
[18] Opposition, ECF Docket No. 32-1, pp. 7-8.

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Trooper Brock or the WSP breached any standard of care, or that such breach proximately caused his alleged false arrest. It remains undisputed that Trooper Brock is a highly-trained State Trooper, with an exemplary record of service.

### K. No State Tort Claims Can Be Maintained.

Even if his state tort claims were not barred by his failure to comply with the claims filing statutes, they cannot be maintained as a matter of law for the reasons set forth in defendants' moving papers.[19] Second, they are barred by state law qualified immunity. Here, Trooper Brock moved for dismissal of all state claims based on his entitlement to state law qualified immunity.[20] Holland did not oppose this ground for dismissal. Accordingly, the court may consider this an admission that his state claims should be dismissed. *See* LCR 7(b)(2).

## II.   CONCLUSION

For these reasons and those set forth in their moving papers, the State Defendants respectfully request summary judgment of dismissal.

DATED this 31st day of May, 2013.

ROBERT M. McKenna
Attorney General

*s/ Tobin Dale*
TOBIN DALE, WSBA No. 29595
Assistant Attorney General
800 5th Avenue, Suite 2000; Seattle, WA 98104
Tel: 206-464-7362; Fax: 206-587-4229
Email: TobinD@atg.wa.gov
Attorneys for Defendants WA State Patrol,
Anthony Brock and WA State Dept. of Licensing

---

[19] *See* State Defendants' Motion for Summary Judgment, ECF Docket No. 27, pp. 19-22.
[20] *See* State Defendants' Motion for Summary Judgment, ECF Docket No. 27, pp. 23-24.

STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

## CERTIFICATION OF SERVICE

I hereby certify that on this 31st day of May, 2013, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Samantha Kenner: Samantha.kanner@kingcounty.gov
Dwight Holland: dmanh3@comcast.net

          */s/ Tobin Dale*
TOBIN DALE, WSBA No. 29595
Assistant Attorney General
800 Fifth Ave., Ste. 2000; Seattle, WA 98104-3188
Tel: (206) 464-7352; Fax: (206) 587-4229
E-mail: TobinD@atg.wa.gov

STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352