The Honorable James Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY ADULT DETENTION, et al.,<br><br>　　　　Defendants. | NO. 12-cv-0791 JLR<br><br>STATE DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON THEIR MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR: FRIDAY, JUNE 28, 2013 |

## I.　RELIEF REQUESTED

Defendants Washington State Department of Licensing, Washington State Patrol, and Trooper Anthony Brock ("State Defendants" or "defendants") seek an order staying discovery until defendants obtain a ruling on whether they are entitled to qualified immunity and dismissal on their pending Motion for Summary Judgment.

## II.　STATEMENT OF FACTS

Pending before the court is the State Defendants' Motion for Summary Judgment (Dkt. #27), which was noted for hearing on May 31, 2013. This motion seeks dismissal of *pro se* plaintiff's lawsuit on several grounds, including the doctrine of qualified immunity which bars his 42 U.S.C. §1983 claims. It seeks dismissal of all his state tort claims, as they are barred because he failed to comply with the claims-filing statutes by not filing a tort claim for damages.

STATE DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON THEIR MOTION FOR SUMMARY JUDGMENT NO.  12-cv-0791 JLR-MAT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

*Pro se* plaintiff propounded vague, broad and irrelevant discovery requests on the defendants. For example, he requests copies of "all employment information, including without limitation, wages, salaries, bonuses, stock options, commissions for the past seven (7) years" from Trooper Brock. Responses to this discovery were due *after* the hearing of defendants' summary judgment motion. Defendants timely objected.

This week plaintiff filed a motion to compel discovery (Dkt. #35) without holding the requisite meet-and-confer conference. For the reasons below, discovery should be stayed.

### III.   STATEMENT OF ISSUES

**A.   Whether discovery should be stayed pending the determination of qualified immunity issues as detailed in Defendants' pending Motion for Summary Judgment of dismissal.**

### IV.   EVIDENCE RELIED UPON

Defendants rely upon the records and pleadings in this matter.

### V.   AUTHORITY AND ARGUMENT

State Defendants' Motion for Summary Judgment seeks dismissal of plaintiff's case on several legal grounds, which discovery will not alter. The grounds for dismissal include, but are not limited to, (1) dismissal under FRCP 4(m) for improper service of the State Defendants; (2) plaintiff's state tort claims are barred because he failed to follow the claim filing statutes and file a claim for damages with the State; (3) plaintiff's federal claims against the Washington State Patrol and the Department of Licensing are barred because these entities cannot be sued under 42 U.S.C. §1983, and Eleventh Amendment immunity also bars them; and (4) Trooper Brock is entitled to qualified immunity, which bars the federal claims against him. Dkt. #27. No amount of discovery effects dismissal on these grounds.

Under long-established precedent, discovery should be stayed until the court determines defendants' rights to qualified immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), the U.S. Supreme Court ruled that until the threshold issue of qualified immunity is resolved on summary judgment, discovery should not proceed. *See Anderson v. Creighton*,

STATE DEFENDANTS' MOTION TO
STAY DISCOVERY PENDING RULING
ON THEIR MOTION FOR SUMMARY
JUDGMENT NO. 12-cv-0791 JLR-MAT

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

483 U.S. 635, 646 n.6 (1987) (denial of discovery is appropriate on qualified immunity issue where actions alleged by plaintiff are such that a reasonable officer could have believed they were lawful). In *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985), the Supreme Court again explained that "the essence" of immunity is the defendant's "entitlement not to have to answer for his conduct in a civil damages action". Such a defendant is entitled to a ruling on a motion for summary judgment of dismissal "based on official immunity **before the commencement of discovery**". *Id.* at 526 (emphasis added). *See e.g., Moran v. State*, 147 F.3d (9th Cir. 1998) (W.D. Washington stayed discovery pending officers' motion for summary judgment based on qualified immunity).

Defendants should not be burdened with discovery until their rights to qualified immunity have been considered. Under the above authorities, discovery should be stayed.

### VI.   CONCLUSION

In order to allow the State Defendants the ability to invoke qualified immunity from suit, discovery should be stayed until the right to qualified immunity has been decided in Defendants' Motion for Summary Judgment.

DATED this 20th day of June, 2013.

ROBERT W. FERGUSON
Attorney General

*s/ Tobin E. Dale*
TOBIN E. DALE, WSBA No. 29595
Assistant Attorney General
800 5th Avenue, Suite 2000; Seattle, WA 98104
Tel: 206-464-7362; Fax: 206-587-4229
Email: TobinD@atg.wa.gov
Attorneys for Defendants WA State Patrol, Trooper Anthony Brock, and WA State Dept. of Licensing

STATE DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON THEIR MOTION FOR SUMMARY JUDGMENT NO.  12-cv-0791 JLR-MAT

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

## DECLARATION OF SERVICE

I hereby declare that on this 20th day of June, 2013, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Samantha Kenner:  Samantha.kanner@kingcounty.gov
Dwight Holland:  dmanh3@comcast.net

*/s/ Tobin E. Dale*
TOBIN E. DALE, WSBA No. 29595
Assistant Attorney General
800 Fifth Ave., Ste. 2000; Seattle, WA 98104-3188
Tel: (206) 464-7352; Fax: (206) 587-4229
E-mail:  TobinD@atg.wa.gov

STATE DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON THEIR MOTION FOR SUMMARY JUDGMENT NO. 12-cv-0791 JLR-MAT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352