# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Dwight Holland,

    Plaintiff,

vs.

KING COUNTY ADULT DETENTION, KING COUNTY et al, KING COUNTY DISTRICT COURT EAST DIVISION – REDMOND COURTHOUSE, et al., WASHINGTON STATE DEPARTMENT OF LICENSING et al., WASHINGTON STATE PATROL et al., OFFICER WSP ANTHONY BROCK in his individual and official capacity as Washington State Patrol Officer, LAKEYSHA NICOLE WASHINGTON in her individual and official capacity as Prosecuting Attorney, KING COUNTY PROSECUTING ATTORNEY'S OFFICE, et al., GARY WESTSIDE TOWING LLC,

    Defendant(s)

**12-cv-0791-JLR**

**PLANITIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

**NOTED FOR JUNE 28, 2013**

---

**Plaintiff's opposition to Defendant's motion to Stay Discovery.**

### I.    RELIEF REQUESTED

Dwight Holland plaintiff, as pro se files this motion pursuant to Federal Rules of Civil Procedure 26. The Defendant ("State") in this case has filed a motion to stay Plaintiff's request for production pending their motion for summary judgment. Additionally the State has failed to supply sufficient initial discovery and therefore request the court to deny defendant's motion to stay discovery and deny defendant's motion for summary judgment based on its premature. Furthermore the State is not in compliance of Procedure 26(a) then I respectfully request this

Plaintiff Reply to Defendant's
Motion to Stay of Discovery
- 1

Dwight Holland – Pro Per
325 Washington avenue South
Kent, Washington [98032]

1  court to award the State sanction as pursuant to Federal Rule 37 of 1,000 for failure to comply
2  with Statue.

### II.     STATEMENT OF FACTS.

The State has failed to comply with FRCP 26(a). Not all initial discoveries were disclosed to me. The State has failed to supply me with a timely initial disclosure, and partial compliance is insufficient compliance. The State is required to serve me with its <u>entire initial discovery and not part of it</u>. There are still missing audio/video transactions between Trooper Brock ("Brock") and myself such as; the conversation at Tukwila police station and I being transported from Tukwila police station to King County Adult Detention Facility. The failure of the State part to follow the rules has hampered me in proving my case effectively. The State has not disclosed these pieces of evidence for if they would it will severely cut into their client's claim and his credibility of properly performing his duty under RCW statue.

As per FRCivP. 37, I have in good faith I have corresponded with the State and asked via email (Exhibit A) for the remaining initial discovery and given Defendant time to give me both initial discovery and the request for production that I have requested.  The reply back I received from the State basically asserted it wasn't going too happened. Since the State has failed to discharge its duty under Federal Rules, not only is it in violation, but I had no choice but to file my motion to compel. Additionally the State has failed their burden to show that no genuine issue of material fact exists, for there are facts the State haven't addressed such as my blood test - glucose level (Exhibit B) was perform on the morning Trooper Brock ("Brock") has unlawfully arrested me. I find it a miracle for Brock's patrol car to reek of Alcohol (Brock's Affidavit) while I had an excellent blood glucose level. This would be a good feat for a normal person, and an exceptional feat for a person who is glucose intolerant such as myself.

Apart for initial discovery, the State has ignored my request of production of documents served on them on approximately May 8th, about a day before they filed their motion for

Plaintiff Reply to Defendant's                    Dwight Holland – Pro Per
Motion to Stay of Discovery                       325 Washington avenue South
- 2                                               Kent, Washington [98032]

summary judgment. Whereas the King County has in part properly complied with my request for production, and in that discovery are several pieces of facts that the State all but guarantees that despite any additional discovery would not change the outcome. Again the State has shown it lack of grasp of the facts, therefore failing to meet its obligation. Unbeknownst to the State, I was supplied a blood test given by the King County Adult detention Center immediately upon my incarceration. The results of that test goes into the very heart of State Defense, its claim of qualified immunity for Trooper Brock, and also into the credibility of their Client.

### III.   EVIDENCE RELIED ON

The email sent from me to the State Attorney General Office and its reply, discovery served to me by King County Counsel via request for production, and the records and pleadings filed.

### IV.   AUTHORITY AND ARGUMENT

The gist of the defendant's objection to respond to discovery is based on <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). "Where the U.S. Supreme Court ruled that until the threshold issue of qualified immunity is resolved on summary judgment, discovery should not proceed. However the defendant did not read the rest of the case. The threshold of qualified immunity to be resolve in case at the time of action the "law was not clearly establish". In my unlawful arrest and incarceration, the law was clearly established and any reasonable officer would know the law that governs his/hers conduct in a similar matter. Therefore since the law of unlawful arrest, imprisonment, search and seizure of property is well established the State defense should fail[1] And the Court should compel the State to produce Discovery.

**A. Defendant Summary Judgment is premature and Defendant has not met Burden**.

The Defendant is required to serve initial discovery which it hasn't. Only partial records on

---

[1] If the law was clearly established, the immunity defense ordinarily *819 should fail, since a reasonably competent public official should know the law governing his conduct. Harlow v. Fitzgerald, 457 U.S. 800, 818-19, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)

Plaintiff Reply to Defendant's                    Dwight Holland – Pro Per
Motion to Stay of Discovery                       325 Washington avenue South
- 3                                               Kent, Washington [98032]

what occurred that morning of my unlawful arrest. The failure of providing discovery is obstructing justice and the defendant is doing this purposely. Based on the insufficient initial discovery the State motion for summary judgment is premature[2]. Additionally the State has not met its burden for summary judgment. There are outstanding facts the State hasn't address, like my Blood Test taken at the King County Detention Center, and the results being perfect (Ex. B). Facts like the actual length of time of being improperly handcuffed and strange signatures on official DUI documents that are passed for my signature. The fact that Brock could not obtain Probable Cause on September 22, 2011 at the initial hearing, and the fact I was exonerated in said hearing. In order for the State Summary Judgment to be successful the State must met the burden of "showing absence of genuine issue of any material fact, and thus material lodged by moving party must be viewed in light most favorable to opposing party[3]" The State failed.

**B. Incomplete discovery pursuant to FRCP 26**

The defendant asserts the case is dismissed on "legal grounds, which additional discovery will not alter"(ECF 34). The defendant is mistaken. On and about May 8th, 2013 the State and King County Defendants were served a request for production. The State asserts the request was "propounded, vague, and broad" (Def. Mot Stay). The State has mistaken my production for someone else. The request for production I filed requested police files such as "policies and training manuals" with regard to Brock's duties and responsibilities also his evaluation from is leaders, complaints from citizens, and any internal investigation documents, and the like for the past 7 years.  King County Prosecuting office has complied with the request of production in part. The State is using excuses to hide the real fact from the Court concerning Brock's misconduct, and hope that it can bluff its way to keep the truth hid.

---

[2] "…investment manager failed to disclose suits pending against corporate parent of fund's investment manager, summary judgment against plaintiff was premature…" Zell v. InterCapital Income Sec., Inc., 675 F.2d 1041 (9th Cir. 1982)

[3] Zell v. InterCapital Income Sec., Inc., 675 F.2d 1041 (9th Cir. 1982)

| | |
|---|---|
| Plaintiff Reply to Defendant's Motion to Stay of Discovery - 4 | Dwight Holland – Pro Per<br>325 Washington avenue South<br>Kent, Washington [98032] |

Another fact consist of missing audio and or video of Holland and Trooper Brock at the Tacoma station where the dialogue there takes place as well as missing audio and or video when Trooper Brock placed hand cuff back on Holland, placed him back into the patrol vehicle and transports Holland to King County Adult Detention Center down town Seattle. The defendant is deliberately withholding discovery because it will corroborate my asserted facts of events and provide evidence establishing Brock's misconduct and unlawful actions.

**C. State Agency Immunity**

Defendant also asserts as part of its legal reasoning for dismissal of this action is based on Washington State Patrol and Department of Licensing are barred from 42 U.S.C §1983 because they can not be sued and the "Eleventh Amendment immunity bars them too"(ECF 34). Defendant has offered nothing into evidence to substantiate his assertions. The truth of the matter is state agencies are only part government and part private organization "in its governmental or public character it represents the state, while in the other it is a mere private corporation[4]. Additionally there are three exceptions to the rule that state are protected by the Eleventh Amendment from suits brought by citizens in Federal Courts; a state may waive its Eleventh Amendment defense; second Congress may abrogate the states' sovereign immunity by acting pursuant to a grant of constitutional authority; and, third under Ex parte Young doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks prospective injunctive relief. U.S.C.A. Const. Amend. 11 _Douglas v. California Dep't of Youth Auth.,271 F.3d 812 amended, 271 F.3d 910(9th Cir.2001)._ Additionally the Defendant has not met the burden of proving his assertion of both Washington State Patrol and the Department of Licensing

---

[4] "City of Seattle v. Stirrat Wash. November 6, 1909 55 Wash. 560 pp.565-566

| | |
|---|---|
| Plaintiff Reply to Defendant's Motion to Stay of Discovery - 5 | Dwight Holland – Pro Per<br>325 Washington avenue South<br>Kent, Washington [98032] |

is entitled to 11th amendment immunity. It has that to provide proof before this Court. Id.

**D. Proper Service**

Defendant also asserts and relies on improper service as an affirmative defense and the charges should be dropped and dismissed based on that. However pursuant to FRCP 4(j) - **Service a Foreign, State or Local Government it states the following:**

> **A State, a municipal corporation, or any other state created governmental organization that is subject to suit must be served by:(A) delivering a copy of the summons and the complaint to its chief executive officer**

Therefore the defendant is mistaken on his assertion.

**E. Further evidence of Brock's misconduct - misapplied RCW statues that violated my rights**

**1. Failed to list and prove all elements**

The charges brought by the King County failed because of blatant violations of my right to due process resulting in the trial court's loss of subject matter. However those aside Brock's fictitious charges would have still failed due to the fact Brock misapplied RCW statues which as a professional he is expected to know. First off the defendant assertions that **title 49 CFR** applies to me without making any inquiries or determination to establish that fact is his first mistake. As Supreme Court Justice Tolman has stated on the topic "Complete freedom of the highways is so old and well established a blessing that we have forgotten the days of the Robber Barons and toll roads, and yet, under act like this, arbitrarily administered, the highways may be completely monopolized, if, through lack of interest, the people submit, then they may look to see the most

Plaintiff Reply to Defendant's　　　　　　　　　Dwight Holland – Pro Per
Motion to Stay of Discovery　　　　　　　　　　325 Washington avenue South
- 6　　　　　　　　　　　　　　　　　　　　　Kent, Washington [98032]

sacred of their liberties taken from them one by one, by more or less rapid encroachment[5]

Additionally it was decided back in 1878 Walla Walla Constitution and approved by the 50th Congress 2d Session which states in part "Grants All Washington Citizen the State Constitution Right to Travel without a **Title 49 CRF §383.153 (a)Commercial Drivers License**". Secondly Brock asserted that I was speeding which gave him suspicious grounds to pull me over (Def. Brocks Afidvt). However pursuant to **RCW 46.61.100 Basic Rule and maximum limits**, which simplistically lay out the basic rule for speeding. In order for speeding violation to occurs it requires several elements.

**"No person shall drive a vehicle on a highway at a <u>speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing</u>. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other <u>conveyance</u>..."**

Brock never asserted any other elements of speeding in his affidavit, and or report that consists of speeding. Which he is required to list the evidence to ALL the elements of speeding and including that I was in the capacity of transportation which falls under Title 49 CFR. This is where defendant argument just fails.

  "A state must <u>prove every ingredient of an offense beyond</u> a reasonable doubt, and may not shift the burden of proof to the defendant by presuming an ingredient upon proof of the other elements of the offense." <u>Patterson v. New York</u>, 432 U.S. 197, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977)

Brock failed to follow RCW Statues, King County prosecutor has failed to follow RCW statues, and however these private organizations have no problem enforcing the statues they themselves

---

[5] Robertson v. Department of Public Works, 180 Wash 133, 147

Plaintiff Reply to Defendant's            Dwight Holland – Pro Per
Motion to Stay of Discovery               325 Washington avenue South
- 7                                        Kent, Washington [98032]

do not follow, they enforce onto Washington State Citizens. Brock further fails to properly follow the warrantless arrest statue pursuant to **RCW 10.31.100** which he is required to follow.

"Defendants then proceeded to execute a warrantless arrest of Mrs. Hernandez for harassment. Under RCW 10.31.100(1), "[a]ny police officer having probable cause to believe that a person has committed a misdemeanor or gross misdemeanor..." Hernandez v. Kunkle, C12-178 RSM, 2013 WL 179546 (W.D. Wash. Jan. 15, 2013)

Its apparent looking from the video/audio evidence Brock did not have regard for RCW statues as well as my rights. Warrantless arrest statue **<u>first establishes the general rule</u>** that an officer may arrest for a **misdemeanor or gross misdemeanor only when the offense is committed in the officer's presence.** The subsection that follow set for a number of exceptions. Subsection (3)(d) provides that when a officer has probable cause to believe that the offense of driver while "relating to persons under the influence of intoxicating liquors or drugs" the officer then shall have the authority to arrest the person. **However, it is significant that this subsection does not specifically authorize a custodial arrest. Since the subsection immediately prior does specifically authorize a custodial arrest in other circumstances, see RCW 10.31.100(2), the difference cannot be deemed inadvertent.** The omission of words from a statue must be considered intentional on the part of the legislature[6]. The Ninth Circuit recently held that detention in a police care after a stop for suspicion of driving with a suspended license did not constitute a "full custody arrest", and therefore a warrantless search of the driver's passenger compartment could not be upheld as incident to an arrest.[7]

In Stortroen, the court held that an officer could not make a custodial arrest simply because the driver was operating the vehicle with a revoked license. It considered RCW 10.31.100 in a

---

[6] State v. Roadhs, 71, Wn.2d 705, 707, 430 P.2d 586 (1967).
[7] United States v. Parr, 843 F.2d 1228 (9th Cir. 1988); STATE V. STORTROEN. 53 Wn.App. 654, 659, 769 P.2d 321 (March 20, 1989).

Plaintiff Reply to Defendant's　　　　　　　　Dwight Holland – Pro Per
Motion to Stay of Discovery　　　　　　　　　325 Washington avenue South
- 8　　　　　　　　　　　　　　　　　　　　　Kent, Washington [98032]

footnote, but found that it did not give police officers authority to perform a custodial arrest. Stortroen, 53 Wn.App at 659 n5. It noted that RCW 10.31.100(3) provides that an officer "shall have the authority to arrest" a person for offenses such as driving with a revoked license. It contrasted this language with that in the proceeding subsection, RCW 10.31.100(2), which states that a police officer "shall arrest and take into custody" and individual who has committed some act of domestic violence. The court felt that such as a difference in language could not be inadvertent. Therefore it concluded that RCW 10.31.100(3) did not authorize custodial arrest. ...**Although RCW 10.31.100 may use the word "arrest" in a generic fashion. RCW 46.64.015 ANSWERS THE SEPERATE QUESTIONS OF WHAT FORM A TRAFFIC ARREST MUST TAKE.** ...The central issue in this case is the relation between our decision in State v. Hehman, 90 Wn.2d 45, 47, 578 P.2d 527 (1978), and subsequent legislation, contained in RCW 10.31.100 and RCW 46.64.015. We conclude that legislation codified our rule in Hehman that officers generally may not perform custodial arrest for minor traffic offenses[8]."

Not only did Trooper Brock failed to follow warrantless arrest statue, he also failed to issue and serve me with a citation and notice as pursuant to RCW 46.64.015 Citation and notice to appear in court-Issuance-Content-Written promise-Arrest-Detention and CrRLJ 2.1(b) Citation and Notice to Appear which states in part

```
  (1)Issuance. Whenever a person is arrested or could have been arrested
pursuant to a statue for a violation of law which is punishable as a
misdemeanor or gross misdemeanor the arresting officer, or any other
authorized peace officer, may serve upon the person a citation and notice to
appear in court..
```

**2. Brock Failed to follow procedures based on a warrantless custodial arrest.**

      Upon Brock's failure to follow RCW 10.31.100 he also failed to follow

---

[8] STATE V. REDING, 119 Wn.2d 685,688,835 P.2d 1019 (September 10, 1992)

Plaintiff Reply to Defendant's                      Dwight Holland – Pro Per
Motion to Stay of Discovery                        325 Washington avenue South
- 9                                                        Kent, Washington [98032]

the RCW 10.88..290 Rights of the person arrested 10.88.330

> **"...but when so arrested the accused must be taken before a judge or magistrate with all practicable speed and complaint must be made against him or her under oath setting forth the ground for the arrest..."**

As it is a fact before this Court that Brock neglected to comply with that statue, he didn't file his fraudulent paper work until eleven (11) days later with the prosecuting attorney.

### 3. Probable Cause Hearing Held on September 22, 2011 – Brock was denied probable cause

On and about September 22, 2011 a probable cause determination hearing was held and Trooper Brock was denied probable cause and I was exonerated of the charges he brought against me. It as simple as that. That's a fact that the defense counsel has neglected to mention.

### 4. Brock Falsifying DUI documents and Defense Counsel Knowing the facts of the case.

The defendant has admitted to a crime and is now part of the court record. Brock has forged my signature on Implied Consent Warning for Breath form ("form") (ECF 34). Defense Counsel would have this Court believe that the signature which happens to be in a different handwriting from Brock's signature has been signed on the "signature of Driver" line on page 1 and dated. The defense counsel would have this Court believe that the signed name which is in a different hand writing somehow says 'cuffed' (ECF 34). The defense counsel would have this Court believe that signature on 'Signature of Driver' is not meant to give the false impression to the reader of that document, that I have willingly signed the form. Why not print the word 'cuffed' along with the other printed words? This is Defense counsel sad attempt to cover up a crime committed by their client to get him qualified immunity when it should be denied him and criminal charges be brought against him.

Plaintiff Reply to Defendant's                 Dwight Holland – Pro Per
Motion to Stay of Discovery                    325 Washington avenue South
- 10                                           Kent, Washington [98032]

Defense counsel and I do agree on one thing, that is defense counsel do not know the facts of this case as it would want this Court to believe. Defense counsel has neglected to state facts such as my forged signature is signed on page 3 on the form, this time the forge signature is on the "Subject Signature" line.  To further demonstrate the defense counsel lack of mastery of the facts of this case. Defense counsel states that "He was handcuffed" (ECF 34) however defense counsel is in error. I was not handcuffed while at the Tacoma station. The missing audio and video files  the Attorney General has the burden of proof that there is no genuine material fact,  I disagree there are plenty, and the defense counsel has neglected to list all facts.

V.  **CONCLUSION**

To sum up my opposition to what the defendant has asserted. The State has not acted in good faith and has not been forth coming with discovery as pursuant FRCP 26. It appears the defendant sits on the truth to keep it hidden from this Court.

State agencies are not automatically entitled to immunity. They are in fact hybrid corporations and in such are liable as other private corporations.

Under FRCP 4(j) there another option to serve State and Government officials and the summons and complaint were issued on Brock.

As for following claim filing statues 42 U.S.C. §1983 is supplemental action brought against the defendants, and I do not waive any right(s) to pursue tort claims against the State for its crimes.

Trooper Brock should be denied qualified immunity not only for gross dereliction of duty, violating my civil rights, and forging my signature in two different places on the Implied Consent Warning Breath Form which was used to prosecute me in action.

Plaintiff Reply to Defendant's                    Dwight Holland – Pro Per
Motion to Stay of Discovery                       325 Washington avenue South
- 11                                              Kent, Washington [98032]

I respectfully move this court:

WHEREAS

1. Deny Defendant's motion to Stay Discover
2. Deny Defendant's motion for Summary Judgment based on its premature.
3. Compel Defendant to produce initial discovery
4. Award Defendant with sanction as pursuant to FRCivP 37 in the amount of $1000 for violation of FRCivP. 26, failure to produce initial disclosure and failure to produce plaintiff's request of production thus obstructing justice.
5. Deny Trooper Brock Qualified Immunity.

Dated this June 24, 2013

/S/_____
Dwight Holland – Pro Per
325 Washington Avenue So.
Kent, Washington [98032]

Plaintiff Reply to Defendant's
Motion to Stay of Discovery
- 12

Dwight Holland – Pro Per
325 Washington avenue South
Kent, Washington [98032]