The Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY ADULT DETENTION, et al.,<br><br>　　　　Defendants. | NO.  12-cv-0791 JLR<br><br>STATE DEFENDANTS' REPLY TO THEIR MOTION TO STAY DISCOVERY PENDING RULING ON SUMMARY JUDGMENT |

I.　　ARGUMENT IN REPLY

A.　　**Defendants Provided Full Initial Disclosures and All Audio/Video Recordings.**

*Pro se* plaintiff Mr. Holland ("Holland") first asks the court to deny defendants' request to stay discovery because "the State has failed to supply sufficient initial discovery."[1] He is incorrect. Defendants provided full and complete Initial Disclosures.[2] This included all Washington State Patrol records related to his DUI arrest – including the audio/video recordings of this incident, and his Official Records with the Department of Licensing related to his license revocation.[3]

---

[1] ECF Docket No. 37, Opposition, p. 1, lines 20-21.
[2] Exhibit 1 (Defendants' Initial Disclosures) to *Declaration of Tobin Dale in Support of State Defendants' Reply* ("Dale Reply Decl.").
[3] Exhibit 1 to Dale Reply Decl.

STATE DEFENDANTS' REPLY TO
THEIR MOTION TO STAY DISCOVERY
PENDING RULING ON MOTION FOR
SUMMARY JUDGMENT
NO.  12-cv-0791 JLR-MAT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Holland next contends that when he asked for "the remaining initial discovery" defendants "basically asserted it wasn't going too happened" [sic].[4] This is not accurate. He provided the court with his e-mail to defendants, but not their response. Regarding his statement that "two audio and video files" were "missing," defendants informed him that these recordings had been sent to him twice: with their Initial Disclosures and later with their summary judgment filing.[5] Defendants enclosed the cover letters for these mailings and asked him to confirm his address. Instead of replying by e-mail, he filed a motion to compel.[6]

Holland next contends there are two "missing" audio/video recordings from this incident: one from the Tukwila police station and the other from when he was transported from the Tukwila police station to the King County Jail.[7] He is incorrect. The Washington State Patrol reviewed his allegations, reviewed its video database, and has confirmed there were only two (2) from this incident (not four as Holland alleges).[8] Those two have been produced to Holland, twice.[9]

Holland next contends defendants "failed their burden" by not addressing "my blood test" results from a draw he alleges occurred shortly after being booked into jail. For support, he cites Exhibit B (Dkt. #37-2) to his Opposition. Exhibit B does not show that a blood test occurred, let alone results. Regardless, results of an after-the-fact blood draw has no bearing on whether the court should stay discovery until the Trooper Brock's right to qualified immunity is determined.

Likewise, the fact that Holland's criminal charge was later dismissed on August 3, 2012 because "the State is unable to prove the charges beyond a reasonable doubt"[10] has no bearing on whether Trooper Brock had probable cause to arrest him for DUI on September 16, 2011, or his entitlement to qualified immunity in a civil suit. *See Florida v. Harris*, 133 S.Ct. 1050, 1055 (2013) (whether charges were dismissed is not considered when determining if an officer has

[4] Opposition, p. 2, lines 13-16.
[5] Exhibit 2 (e-mails) to Dale Reply Decl.
[6] ECF Docket No. 35 (noted for July 5, 2013).
[7] Opposition, p. 2, line 7-9.
[8] Exhibit 3 (WSP Letter dated June 26, 2013) to Dale Reply Decl.
[9] *See* Exhibits 1 and 2 to Dale Reply Decl.
[10] ECF Docket No. 12 (p. 9).

probable cause to conduct a search or seizure); *Pearson v. Callahan*, 129 S.Ct. 808, 818-22 (2009) (whether or not charges were filed is not considered when determining the applicability of qualified immunity); *Lacy v. Maricopa County*, 649 F. 3d 1118, 1131-32 (9th Cir. 2011) (qualified immunity applies in cases of prosecutorial discretion); *Rayburn v. Huff*, 132 S.Ct. 987,89-92 (2012) (police officers were entitled to qualified immunity when no charges were filed against suspect); *Bryan v. MacPherson*, 630 F.3d 805 (9th Cir. 2010) (officer was entitled to qualified immunity after charges were dropped) (citing factual reference from *Bryan v. MacPherson*, 608 F.3d 614, 618-619 (9th Cir. 2010)).

### B. Defendants Are Entitled To A Qualified Immunity Ruling Before The Commencement of Discovery: No "Clearly Established Law" Was Violated.

The Supreme Court has repeatedly held that when qualified immunity is raised as a defense by government officials, discovery should be stayed until the threshold issue of immunity is resolved. *See e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 816-18 (1982). The Supreme Court has emphasized that the qualified immunity question should be resolved at the earliest possible stage of litigation. *Id*. at 816. Staying discovery is appropriate on qualified immunity where the actions alleged by the plaintiff are such "that a reasonable officer could have believed [were] lawful." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Trooper Brock is immune from Holland's 42 U.S.C. §1983 claims and entitled to a discovery stay because the traffic stop and DUI arrest did not violate clearly established principles of which a reasonable person should have known. *Harlow,* 457 U.S. 800 at 818-19. Under *Harlow,* the immunity defense does not require that officials make correct decisions, but only that they act in "good faith". *Id.* at 818-819.

STATE DEFENDANTS' REPLY TO THEIR MOTION TO STAY DISCOVERY PENDING RULING ON MOTION FOR SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Holland's Opposition fails to address the qualified immunity issue in the context of defendants' request to stay discovery. He offers no evidence that Trooper Brock did not act in good faith. He cannot. His arrest was video recorded and shows Trooper Brock was a consummate professional. Therefore, defendants are entitled to a discovery stay until the right to qualified immunity is determined.

**C. Holland's "Summary Judgment" Arguments Are Over a Month Late and Have No Bearing on This Motion to Stay Discovery.**

The remainder of Holland's Opposition appears directed at defendants' motion for summary judgment of dismissal (noted for May 31, 2013). Any further "opposition" to that motion should not be considered, as it is over a month late.

## II.   CONCLUSION

For these reasons and those in their motion to stay, defendants respectfully request the court stay discovery pending the determination of qualified immunity, and deny plaintiff's pending motion to compel discovery (noted for July 5, 2013).

DATED this 28th day of June, 2013.

ROBERT W. FERGUSON
Attorney General

*s/ Tobin E. Dale*
TOBIN E. DALE, WSBA No. 29595
Assistant Attorney General
800 5th Avenue, Suite 2000; Seattle, WA 98104
Tel: 206-464-7362; Fax: 206-587-4229
Email: TobinD@atg.wa.gov
Attorneys for Defendants WA State Patrol, Trooper Anthony Brock, and WA State Dept. of Licensing

STATE DEFENDANTS' REPLY TO THEIR MOTION TO STAY DISCOVERY PENDING RULING ON MOTION FOR SUMMARY JUDGMENT
NO. 12-cv-0791 JLR-MAT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

## DECLARATION OF SERVICE

I hereby declare that on this 28th day of June, 2013, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Samantha Kenner: Samantha.kanner@kingcounty.gov
Dwight Holland: dmanh3@comcast.net

                                  */s/ Tobin E. Dale*
TOBIN E. DALE, WSBA No. 29595
Assistant Attorney General
800 Fifth Ave., Ste. 2000; Seattle, WA 98104-3188
Tel: (206) 464-7352; Fax: (206) 587-4229
E-mail: TobinD@atg.wa.gov

---

STATE DEFENDANTS' REPLY TO THEIR MOTION TO STAY DISCOVERY PENDING RULING ON MOTION FOR SUMMARY JUDGMENT
NO.  12-cv-0791 JLR-MAT

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352