1

2                                                    The Honorable James Robart

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                             AT SEATTLE

8   DWIGHT HOLLAND                          )
                                            )   No. 12-cv-0791 JLR
9                            Plaintiff,     )
                                            )   **KING COUNTY DEFENDANTS'**
10           vs.                            )   **MOTION FOR SUMMARY**
                                            )   **JUDGMENT**
11   KING COUNTY ADULT DETENION, KING       )
     COUNTY et al., KING COUNTY DISTRICT    )   Noted for: August 23, 2013
12   COURT EAST DIVISION – REDMOND          )
     COURTHOUSE, et al., WASHINGTON STATE   )
13   DEPARTMENT OF LICENSING et al.,        )
     WASHINGTON STATE PATROL et al.,        )
14   OFFICER WSP ANTHONY BROCK in his       )
     individual and official capacity as Washington )
15   State Patrol Officer, LAKEYSHA NICOLE  )
     WASHINGTON in her individual and official )
16   capacity as Prosecuting Attorney, KING COUNTY )
     PROSECUTING ATTORNEY'S OFFICE, et al., )
17   GRAY WESTSIDE TOWING LLC,              )
                                            )
18                          Defendant(s).   )
                                            )
19   _____

20              I.       **INTRODUCTION**

21          This case arises from an arrest and charging of *pro se* plaintiff Mr. Holland ("Holland")

22   with the crime of Driving While Under the Influence ("DUI").  Holland was booked into jail and

23

KING COUNTY DFENDANTS' MOTION FOR SUMMARY        **Daniel T. Satterberg**, Prosecuting Attorney
JUDGMENT (12-cv-0791 JLR-MAT) - 1               CIVIL DIVISION, Litigation Section
                                                900 King County Administration Building
                                                500 Fourth Avenue
                                                Seattle, Washington  98104
                                                (206) 296-8820  Fax (206) 296-8819

held for approximately 10 hours.  Based on his arrest, incarceration and charging, Holland has sued nine defendants, including an individual prosecutor and three King County departments, and has asserted 15 causes of actions.  He seeks $2.5 million dollars.

## II.   RELIEF REQUESTED

King County Adult Detention, King County, King County District Court East Division, Lakeysha Nicole Washington and King County Prosecuting Attorney's Office (hereinafter "King County Defendants) request the court dismiss *pro se* plaintiff's claims against them on several grounds.  First, Deputy Prosecutor Lakeysha Washington is entitled to prosecutorial immunity.  Second, Holland cannot sustain a prima facie case for prosecutorial misconduct.   Third, Holland's §1983 claim should be dismissed because he cannot establish that King County Defendants were "deliberately indifferent" to his medical needs.   Fourth, Holland cannot establish that King County Defendants were negligent in their medical care of him during his approximately 10 hour stay in the King County Jail.  Fifth, Holland fails to state any other claims against King County Defendants.  Sixth, Holland has failed to properly serve the County within the time allocated under FRCP 4(m).  Finally, all of his state tort claims are barred because he failed to comply with the claims-filing statutes; he failed to file a claim for damages.  Consequently, all of Holland's claims against King County Defendants should be dismissed *with prejudice*.

## III.   STATEMENT OF FACTS

### A.   HOLLAND'S STAY IN THE KING COUNTY JAIL

Dwight Holland was booked into the King County Jail at approximately 2:58am on September 16, 2011.  See *Declaration of Kanner- Exh. 1*.  At approximately 4:10am Holland was screened by Jail Health Services Nurse Colleen Larsen.  See *Declaration of LaQuey- Exh. 1 (page 1)*.  During that screening Holland reported that he had sleep apnea and that he used a CPAP machine.  *Id (page 2)*.  As a result of that screening, Larsen had Holland transferred to the

KING COUNTY DFENDANTS' MOTION FOR SUMMARY JUDGMENT (12-cv-0791 JLR-MAT) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

medical floor of the jail, ordered him a wedge pillow and contacted group health to verify what medications Holland needed. *Id.* At 11:33am Jail Health Services Nurse Susan Densmore met with Holland and put a reminder in her computer system for Holland to be given a wedge pillow even though she was unable to verify a diagnosis of sleep apnea from his medical provider. *Id (page 3).* Holland informed Nurse Densmore that he was going to be released from jail that day and Nurse Densmore requested that Holland contact family or friends to get the name of Holland's medical provider so that she could contact them to verify his condition. *Id.* Holland posted bail on that same day and was released at 1:07p.m, just ten hours and 9 minutes after he was booked into jail. See *Declaration of Kanner- Exh. 1, 2.* As criminal charges were not filed within 72 hours, Holland's bond was exonerated on September 22, 2011. *Id.- Exh. 2.*

**B.  HOLLAND'S CRIMINAL MATTER: JUDGE FOUND PROBABLE CAUSE FOR DUI ARREST.**

Deputy Prosecuting Attorney Lakeysha Washington signed the criminal complaint charging Holland with the crime of Driving While Under the Influence. See *Declaration of Kanner- Exh. 3.* The complaint was filed within the statute of limitations on December 27, 2012. *Id.- Exh. 3, 4.* The King County District Court made a "Finding of Probable Cause" on January 9, 2012: Specifically, the court found:

> After a careful review of the files and records herein including the statement of probable cause executed by the citing law enforcement officer along with any report submitted by that officer and any accompanying documentation to that report.
>
> THE COURT HEREBY FINDS PROBABLE CAUSE EXISTS that on 09/16/2011 the crime of DUI may have been committed.
>
> *Id.- Exh. 5.*

KING COUNTY DFENDANTS' MOTION FOR SUMMARY JUDGMENT (12-cv-0791 JLR-MAT) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

**C.  HOLLAND HAS NOT PROPERLY SERVED THE SUMMONS AND COMPLAINT.**

In May 2012, Holland commenced this lawsuit.[1]  In August 2012, he filed a "First Amended Complaint."[2]  He has sued nine defendants and has asserted 15 causes of actions for which he seeks $2.5 million dollars.

On December 7, 2012, the court issued an Order to Show Cause as to why his case should not be dismissed under FRCP 4(m) for failing to serve the defendants.[3]  Despite the court's order, King County has not been properly served with a summons and complaint in this matter.  See *Declaration of Janet Masuo*.  Accordingly, the King County Defendants raised this as the first affirmative defense in their Answer,[4] as well as in the parties' Joint Status Report.[5]

**D.  HOLLAND HAS NOT FILED A TORT CLAIM FOR DAMAGES.**

Holland has not filed a tort claim for damages with King County concerning the subject matter of this complaint, as required by RCW §§4.92.100 and 110.  See *Declaration of Janet Masuo*.  This failure bars all his state tort claims.

### III. ISSUES PRESENTED

1. WHETHER HOLLAND'S CLAIMS AGAINST DEPUTY PROSECUTOR LAKEYSHA WASHINGTON SHOULD BE DISMISSED AS SHE IS ENTITLED TO PROSECUTORIAL IMMUNITY?

2. WHETHER HOLLANDS CLAIM OF MALICIOUS PROSECUTION SHOULD BE DISMISSED AS HE CANNOT MAINTAIN THAT CLAIM WHERE A PROBABLE CAUSE FINDING WAS MADE?

3. WHETHER HOLLAND'S §1983 CLAIMS AGAINST KING COUNTY DEFENDANTS SHOULD BE DISMISSED AS HE CANNOT SHOW THAT THEY WERE "DELIBERATELY INDIFFERENT" TO HIS MEDICAL NEEDS?

4. WHETHER HOLLAND'S NEGLIGENCE/MEDICAL NEGLIGENCE CLAIMS SHOULD BE DISMISSED AS HE CANNOT DEMONSTRATE THAT KING

---

[1] ECF Docket No. 1.
[2] ECF Docket No. 7.
[3] ECF Docket No. 9.
[4] ECF Docket No. 11 (King County Defendants' Answer).
[5] ECF Docket No. 20 (Joint Status Report) (stating "Defendants' position is that the defendants have not been served.").

KING COUNTY DFENDANTS' MOTION FOR SUMMARY
JUDGMENT (12-cv-0791 JLR-MAT) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

COUNTY DEFENDANTS FAILED TO MEET THE APPROPRIATE STANDARD OF CARE UNDER RCW 7.70.040 OR THAT THEY CAUSED THE INJURIES HE ALLEGES?

5. WHETHER HOLLANDS OTHER CLAIMS AGAINST KING COUNTY DEFENDANTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

6. WHETHER HOLLAND'S CLAIMS AGAINST KING COUNTY DEFENDANTS SHOULD BE DISMISSED FOR FAILING TO SERVE THE COUNTY WITHIN THE TIME REQUIRED UNDER FRCP 4(M).

7. WHETHER HOLLAND'S STATE-TORT CLAIMS AGAINST THE STATE DEFENDANTS SHOULD BE DISMISSED WHEN HE HAS NOT FILED A TORT CLAIM FOR DAMAGES AS REQUIRED?

## IV.    EVIDENCE RELIED UPON

Defendants rely upon the Declaration of Samantha Kanner and attached Exhibits, the Declaration of Gerrie LaQuey and attached exhibits, the Declaration of Janet Masuo, and the records and pleadings in this matter.

## V.    AUTHORITY AND ARGUMENT

### A.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v Catrett*, 477 U.S. 317, 324 (1986).  The non-moving party may not "rely merely on allegations or denials in its own pleadings." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."  *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Id.*

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

**B.      PROSECUTORIAL IMMUNITY**

Deputy Prosecuting Attorney (DPA) Lakeysha Washington is entitled to absolute prosecutorial immunity.  Prosecutors are absolutely immune of "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).  This immunity extends to all of the prosecutor's actions that are "intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 479, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991).  Additionally, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

The only allegations made against DPA Washington appear to relate to her having signed a criminal complaint against plaintiff.[6]  These allegations clearly relate to Washington's role as a prosecutor in initiating a prosecution against plaintiff.  While the criminal charge was subsequently dismissed, plaintiff has failed to allege that DPA Washington performed any duty outside the scope of her role as a prosecutor.  Plaintiff's conclusory allegations that the prosecutor or the prosecutor's office conspired to falsely charge him do not remove the shield of absolute immunity against the individual prosecutor or the prosecutor's office. *Imbler*, 424 U.S. at 430.  As DPA Washington is entitled to absolute prosecutorial immunity for the act of signing a criminal complaint, plaintiff's claims should be dismissed with prejudice.

**C.      MALICIOUS PROSECUTION**

In order to maintain an action for malicious prosecution, a plaintiff must plead and prove the following elements: "(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were

---

[6] ECF Docket No. 7, p. 5-6.

KING COUNTY DFENDANTS' MOTION FOR SUMMARY
JUDGMENT (12-cv-0791 JLR-MAT) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution." *Hanson v. City of Snohomish,* 121 Wn. 2d 552, 558, 852 P.2d 295 (1993). "If probable cause is established, the action fails, for probable cause is a complete defense to an action for malicious prosecution." *Id.*

Here, probable cause for the charge of DUI was found by King County District Court Judge Frank LaSalata on January 9, 2012. See *Declaration of Kanner- Exh. 5*. As such, plaintiff cannot maintain an action for malicious prosecution as a matter of law. Additionally, to the extent that plaintiff's claims could potentially be read as a civil rights action predicated on plaintiff's claim that he has a constitutional right to be free from malicious prosecution, a civil rights claim based on malicious prosecution cannot stand once the underlying tort claim is dismissed. *Hanson,* 121 Wn. 2d. at 564.

**D.    1983 CLAIM- CRUEL AND UNUSUAL PUNISHMENT CLAIM**

The only apparent federal claim Holland makes against King County Defendants in his complaint are contained in the sections entitled "Civil Rights Violation Under 42 USC, Section 1983" and "Cruel and Unusual Punishment." The sections claim that the King County Defendants violated Holland's right to receive adequate medical care while in the custody at the jail. Because Holland had not been convicted of a crime, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998); *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir.1996). However, with regard to medical needs, the due process clause imposes the same duty the Eighth Amendment imposes: "persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs." *Carnell*, 74 F.3d at 979.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a §1983 medical claim, a plaintiff must show

KING COUNTY DFENDANTS' MOTION FOR SUMMARY JUDGMENT (12-cv-0791 JLR-MAT) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Redman v. County of San Diego*, 896 F.2d 363, 365 (9th Cir. 1990).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett,* 439 F.3d at 1096 (quotations omitted).  "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett,* 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle,* 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer,* 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrections*, 220 F.Supp.2d 1098, 1105 (N.D.Cal. 2002); see also *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  See *Shapley v. Nevada Bd. of State Prison*

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

*Comm'rs.*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 105.

If the harm is an "isolated exception" to the defendant's "overall treatment of the prisoner it ordinarily militates against a finding of deliberate indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  *Id.*   A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980), *citing Estelle v. Gamble*, 429 U.S. 97, 105-6, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); see also *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir.1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).   Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Plaintiff's specific allegation against the King County Defendants is that the jail "unlawfully imprisoned the plaintiff and purposely placed the plaintiff in the medical cell, without providing him the necessary equipment for his condition," and that "plaintiff suffered needlessly as he continually awoke choking and gasping for air."[7]  Notably, Holland was booked into the jail at almost three in the morning.  See *Declaration of Kanner- Exh. 1.*  The medical records reveal that Holland was seen by a nurse at 4:10am in the morning and that the nurse ordered Holland wedge based on his report of sleep apnea and had him transferred to the medical

---

[7] ECF Docket No. 7, p. 25.

KING COUNTY DFENDANTS' MOTION FOR SUMMARY
JUDGMENT (12-cv-0791 JLR-MAT) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

floor.  See *Declaration of LaQuey- Exh. 1*.  The medical records also show that Holland was seen by another nurse at 11:33am and that the nurse put a reminder in place for Holland to get a wedge despite the facts that she could not verify his claim of sleep apnea.  *Id.*  While plaintiff did not receive the wedge pillow before he bailed out that same day (approximately 10 hours later), the records indicate that Plaintiff's medical needs were attended to and that he was given medical attention in a timely fashion.

The failure to provide a wedge pillow at three or four o' clock in the morning cannot conceivably be considered an intentional denial or delay of medical treatment, particularly when plaintiff's records show that one was ordered immediately upon his report to medical personnel.  Further, given the time of booking and the medical screening, it is unlikely that anyone would have expected plaintiff to get a normal night's sleep.  Additionally, plaintiff's allegation of sleep discomfort is insufficient to show that there was any risk of significant injury or the unnecessary and wanton infliction of pain particularly without any expert testimony to support such a claim.

Thus, plaintiff's allegations do not rise to the level of deliberate indifference to a serious medical need.  See *Davis v. Adams,* CVF04-6287 LJO DLB P, 2008 WL 276565 (E.D. Cal. Jan. 29, 2008) report and recommendation adopted, 104CV06287LJODLBP, 2008 WL 649829 (E.D. Cal. Mar. 7, 2008) (where the court held that the denial of a walker, an egg crate mattress, a wheelchair cushion and a wedge pillow were not sufficient to rise to the level of deliberate indifference).  That plaintiff's accommodations are less comfortable than he would like is not sufficient to state a claim of deliberate indifference.  *Id.*  As such, plaintiff fails state a claim for deliberate indifference to his medical needs, his federal claims should be dismissed with prejudice.

**E.     NEGLIGENCE.**

Under the state tort claim of negligence, Holland claims that King County Defendants "placed the plaintiff's health in jeopardy needlessly."  Plaintiff however lacks any competent

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

evidence to support the essential elements of his claim.  Notably, plaintiff has failed to make any required disclosures under FRCP 26 (a)(2)(B) or (C).  See *Declaration of Kanner*.  As such, summary judgment is appropriate.  *Seybold v. Neu*, 105 Wn. App. 666, 676, 19 P.3d 1068, 1073 (2001).

Holland apparently cannot produce competent evidence that the failure to provide a wedge pillow immediately upon his booking into a King County Correctional facility falls below the appropriate standard of care which is required to prove negligence under  RCW 7.70.040.  This is particularly the case where it is undisputed that a wedge was ordered for plaintiff approximately one hour after his booking and where he bailed out before he would have spent a full night within the jail.

Likewise, Holland cannot show that the actions of King County Defendants in failing to comply with the applicable standard of care proximately caused the injuries he alleges.  *Guile v. Ballard Cmty. Hosp.*, 70 Wn.App. 18, 25, 851 P.2d 689 (1993) (citing *Harris v. Groth*, 99 Wn.2d 438, 449, 663 P.2d 113 (1983)).  "If the plaintiff in a medical negligence suit lacks competent expert testimony, the defendant is entitled to summary judgment." *Colwell v. Holy Family Hosp.,* 104 Wn.App. 606, 611, 15 P.3d 210 (2001).

In order to overcome summary judgment, plaintiff must produce expert evidence, based on personal knowledge, including admissible evidentiary facts, that is not speculative.  *Seybold*, 105 Wn.App. at 677.  Such evidence must also be based upon a reasonable degree of medical certainty.  *McLaughlin v. Cooke*, 112 Wn.2d 829, 836, 774 P.2d 1171 (1989).  While Holland could testify regarding his symptoms and his personal knowledge of his sleep apnea diagnosis he cannot opine to a reasonable degree of medical certainty that King County Defendants or King County employees failed to meet the appropriate standard of medical care and that their inaction caused injury to plaintiff.  As Holland has failed to comply with FRCP 26 (a)(2)(B) or (C), it is

KING COUNTY DFENDANTS' MOTION FOR SUMMARY JUDGMENT (12-cv-0791 JLR-MAT) - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1    apparent that he lacks such necessary expert testimony to sustain a medical negligence claim.  As

2    such, Holland's negligence claims must be dismissed with prejudice.

3    **F.    HOLLAND FAILS TO STATE ANY OTHER ACTION UPON WHICH RELIEF
            CAN BE GRANTED**

4

5             Holland's other state tort claims against King County Defendants fail because there is no

6    evidence to support them.

7             1.       False Imprisonment Claim Barred by Probable Cause.

8             Holland asserts a state law claim for "unlawful imprisonment," against King County

9    Defendants.  He alleges merely that the imprisonment of plaintiff by the King County Adult

10   Detention Facility was against his will.  Under Washington law, false imprisonment is the

11   unlawful violation of a person's right of liberty or the restraint of that person without legal

12   authority.  *Bender v. City Seattle*, 99 Wn.2d 582, 590-91 (1983).  While Holland alleges specific

     facts against Trooper Brock, he fails to allege any facts that support a claim that King County

13   Defendants imprisoned him without lawful authority.[8]  Probable cause is a complete defense to

14   an action for false imprisonment.  *Hanson v. City of Snohomish*, 121 Wn.2d 552, 563 (1993).

15   Because plaintiff was held for less than 48 hours[9] and because the King County District Court

16   found probable cause for the charge of DUI when charges were subsequently filed, Holland's

17   claim of unlawful imprisonment must be dismissed.

18            2.       Holland Cannot Maintain Claims for Negligent Infliction of Emotional Distress.

19

20

21   _____

22   [8] ECF Docket No. 7, p. 9.
     [9] Plaintiff, in several of his filings with this Court appears to confuse the requirement of a 48
     hour *Gerstein* hearing that is only necessary to continue holding a person in custody and the
23   statute of limitations for the crime of DUI.

KING COUNTY DFENDANTS' MOTION FOR SUMMARY
JUDGMENT (12-cv-0791 JLR-MAT) - 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1

2

Holland alleges this claim against King County Defendants based on his jail booking and being charged and arraigned with a crime. The claim fails for several reasons. First, Holland's

3

4

allegations involve intentional, not negligent, acts. Because allegations of intentional conduct cannot support a claim for negligence, his negligence claims fail as a matter of law. See e.g.,

5

6

*Bolyes v. Kennewick*, 62 Wn. App. 174, 178, *review denied*, 118 Wn.2d 1006 (1991). Second, Holland fails to establish that King County Defendants owed Holland a duty to protect him from

7

8

the embarrassment or humiliation he asserts. See *Reid v. Pierce County*, 136 Wn.2d 195, 204, 961 P.2d 333 (1998) (holding that a claim of negligent infliction of emotional distress is tested

9

10

against the traditional tort principles of duty, breach, proximate cause, and injury). Third, Holland cannot prove he has suffered emotional distress by "objective symptomatology" that

11

"must be susceptible to medical diagnosis and proved through medical science." *Hegel v. McMahon*, 136 Wn.2d 122, 135 (1998). Finally, there is no evidence of any negligence here.

12

      4.      Holland Cannot Maintain a Claim for Outrageous Conduct.

13

14

The elements of outrage "are (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional

15

16

distress." *Rice v. Janovich*, 109 Wn.2d 48, 61 (1987). "Liability exists 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible

17

18

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975)(quoting Restatement). Here,

19

20

Holland has failed to allege any conduct on the part of King County Defendants that would qualify as "outrageous." Likewise, Holland again cannot prove he has suffered emotional

21

distress by "objective symptomatology" that "must be susceptible to medical diagnosis and proved through medical science." *Hegel v. McMahon*, 136 Wn.2d 122, 135 (1998).

22

23

KING COUNTY DFENDANTS' MOTION FOR SUMMARY
JUDGMENT (12-cv-0791 JLR-MAT) - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

5.      Holland Cannot Maintain a Claim against King County Defendants for Negligent Supervision or Training of its Employees.

To prove negligent supervision, a plaintiff must prove (1) the employee acted outside the scope of employment; (2) the employee presented a risk of harm to others; (3) the employer knew, or should have known the employee posed a risk to others; and (4) the employer's failure to supervise was the proximate cause of the injuries. *Niece v. Elmview Group Home*, 131 Wn. 2d 39, 51, 929 P.2d 420 (1997).  Holland has failed to provide any evidence to support the claim that any King County employee was negligently supervised or trained.  In fact, Holland has failed to provide any specific allegation against any employee outside of the claim that DPA Washington signed a document charging him with a crime.

To establish negligence, Holland is required to show a duty, breach, proximate causation, and resulting injury.  *Hoffer v. State*, 110 Wn.2d 415,421, 755 P.2d 781 (1988), *aff'd on rehearing*, 113 Wn.2d 148, 776 P.2d 963 (1989).  Holland has no evidence to support a claim that any King County employee was negligently trained or supervised.

6.      Holland Cannot Assert a Claim for "Exemplary Damages."

There is no cause of action for "exemplary damages."   Holland has no evidence to support any claim for damages, let alone "exemplary damages."

7.      Holland Cannot Assert a Claim for "Larceny by Trick."

There is no cause of action for "larceny by trick."

8.      Holland Cannot Maintain a Claim for Defamation – Libel or Slander.

KING COUNTY DFENDANTS' MOTION FOR SUMMARY JUDGMENT (12-cv-0791 JLR-MAT) - 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

"Libel" and "slander" are both methods of defamation. Libel is expressed in print. Slander is expressed verbally. Holland claims King County Defendants humiliated plaintiff by his being listed on King County's online Jail Register and Booking System and that the prosecutor's office also listed on a website who is being prosecuted and what they are being prosecuting for. Even assuming plaintiff's allegations as to the existence of such websites are true, plaintiff cannot establish defamation. The information allegedly posted by King County defendants merely included the booking information and the fact that he had been charged with the crime of DUI. While plaintiff asserts that he was wrongfully charged, plaintiff does not contest the truthfulness of the fact that he was held in jail and the fact that he was charged with the crime of DUI. In contrast, his other claims rest on these assertions of fact. "When a defendant in a defamation action moves for summary judgment, the plaintiff has the burden of establishing a prima facie case on all four elements of defamation: falsity, an unprivileged communication, fault, and damages." *LaMon v. Butler*, 112 Wn.2d 193, 197 (1989). Here, none of these essential elements can be established as a matter of law. Therefore, his claims for defamation (libel or slander) fail as a matter of law.

**G.   HOLLAND'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PROPERLY SERVE THE KING COUNTY SINCE FILING THIS SUIT OVER A YEAR AGO ON MAY 7, 2012.**

Although Holland is proceeding *pro se*, he is still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under FRCP 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988). Without substantial compliance with FRCP 4, neither actual notice nor simply naming the defendants in the complaint will provide personal jurisdiction. *Id.* Under FRCP 4(j) a local government body must be served by serving a copy of the summons and complaint in the manner prescribed by

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1    that state's law.  Under Washington law, proper service in an action against a charter county is

2    service upon the agent designated by the county's legislative authority.  RCW 4.28.080(1).

3          King County is a charter county.  See *King County Charter, Preamble and Article 1*.  King

4    County's legislative authority designated a particular person as the agent to accept service of a

5    summons on behalf of the county -- the clerk of the county council.  KCC §2.04.010.

6          Service of summons upon council clerk.  For the purpose of service of summons on King
       County under provisions of RCW 4.28.080, the person to be served is the clerk of the county
7      council.  (Ord. 13, 1969).

8    KCC 2.04.010.

9          Here, the plaintiff failed to serve the clerk of the council (or her staff) who must be served in

10   lawsuits against King County.[10]  The plaintiff did not comply with RCW 4.28.080(1) and KCC

11   2.04.010.  Consequently, the court has not acquired jurisdiction.       Holland   filed  his  original

     complaint on May 7, 2012.[11]  He later filed a First Amended Complaint on August 27, 2012.[12]
12
     Per FRCP 4(m), Holland had 120 days – that is, until September 4, 2012 – to serve his Summons
13
     and Complaint.  Failure to properly serve results in dismissal of the King County Defendants not
14
     properly served, absent good cause.  FRCP 4(m).

15         On December 7, 2012, the court issued an Order to Show Cause as to why his case

16   should not be dismissed under FRCP 4(m).[13]  Holland filed a response and certain defendants

17   subsequently filed notices of appearance; therefore, the court discharged this order.  However, in

18   doing so, the court noted: "certain defendants have asserted affirmative defenses concerning the

19   ────────────────────
     [10] The departments of a county are not stand-alone entities which can be sued and are therefore
20   not proper defendants.  *Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990)
     ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing
21   and being sued.").  As the county itself is the only properly-named entity being sued, the county
     is the entity that must be served.
22   [11] ECF Docket No. 1.
     [12] ECF Docket No. 7.
23   [13] ECF Docket No. 9.

KING COUNTY DFENDANTS' MOTION FOR SUMMARY          **Daniel T. Satterberg**, Prosecuting Attorney
JUDGMENT (12-cv-0791 JLR-MAT) - 16                 CIVIL DIVISION, Litigation Section
                                                   900 King County Administration Building
                                                   500 Fourth Avenue
                                                   Seattle, Washington  98104
                                                   (206) 296-8820  Fax (206) 296-8819

propriety of service of process" and this order "does not address the propriety of any service of process performed in this proceeding."[14]

Despite the court's order, Holland has not properly served King County.  King County Defendants raised this as an affirmative defense in their Answer,[15] as well as in the parties' Joint Status Report.[16]

Holland has no "good cause" as to why dismissal is not merited for failing to serve the King County, particularly as they raised this defense at each juncture and given this court's order.  Accordingly, King County Defendants request dismissal of the claims against them.

## H.   BY NOT FILING A CLAIM FOR DAMAGES, HOLLAND FAILED TO COMPLY WITH THE CLAIM FILING STATUTES, WHICH BAR HIS TORT CLAIMS AGAINST KING COUNTY DEFENDANTS.

Before filing a tort action under state law against King County or against its employees, a plaintiff is required to file a claim with the risk management division.  *See* RCW 4.92.100; RCW 4.96.020; *Levy v. State,* 91 Wn. App. 934, 941, 957 P.2d 1272 (1998).  The filing requirements of RCW 4.92.100 are jurisdictional, and create a condition precedent to filing suit against government bodies and employees.  *Levy,* 91 Wn. App. at 941.  This court can afford no remedy to a plaintiff, who failed to comply with the requirement of submitting a tort claim.  *Id*. (Although RCW 4.92.100 was amended in 2009, the amendment does not alter the requirement of submitting a tort claim.  *See* RCW 4.92.100.)

Under well-settled Washington law, courts have consistently held that the failure to comply with the filing requirements will result in dismissal of the complaint.  *See e.g.*, *Reyes v. City of Renton,* 121 Wn. App. 498, 502, 86 P.3d 155 (2004); *Pirtle v. Spokane Pub. Sch. Dist. No. 81,* 83 Wn. App. 304, 309, 921 P.2d 1084 (1996).

---

[14] ECF Docket No. 14, p. 2, fn. 1.
[15] ECF Docket No. 11 (King County Defendants' Answer), p. 26, ¶3.
[16] ECF Docket No. 20 (Joint Status Report), p. 4, ¶15 (stating "Defendants' position is that the defendants have not been served.")

KING COUNTY DFENDANTS' MOTION FOR SUMMARY
JUDGMENT (12-cv-0791 JLR-MAT) - 17

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

King County Defendants raised this as an affirmative defense in their Answer[17] as plaintiff failed to file a claim for damages prior to filing this action as required.  See *Declaration of Masuo*.   This failure is fatal to his tort claims.  *See Levy,* 91 Wn. App. at 941.  Holland's failure to comply with claim filing statute requires dismissal of all his state law claims against King County Defendants.

## VI. CONCLUSION

For the reasons stated above, defendants request their motion for summary judgment be granted.

DATED this 1st day of August, 2013 at Seattle, Washington.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: /s/  *Samantha D. Kanner*
SAMANTHA D. KANNER, WSBA #36943
Deputy Prosecuting Attorney
King County Prosecuting Attorney's Office
Email: Samantha.Kanner@kingcounty.gov
Attorneys for Defendants

---

[17] ECF Docket No. 11 (King County Defendants' Answer), p. 27, ¶13.

KING COUNTY DFENDANTS' MOTION FOR SUMMARY
JUDGMENT (12-cv-0791 JLR-MAT) - 18

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819