The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DWIGHT HOLLAND<br><br>Plaintiff,<br><br>vs.<br><br>KING COUNTY ADULT DETENION, KING COUNTY et al., KING COUNTY DISTRICT COURT EAST DIVISION – REDMOND COURTHOUSE, et al., WASHINGTON STATE DEPARTMENT OF LICENSING et al., WASHINGTON STATE PATROL et al., OFFICER WSP ANTHONY BROCK in his individual and official capacity as Washington State Patrol Officer, LAKEYSHA NICOLE WASHINGTON in her individual and official capacity as Prosecuting Attorney, KING COUNTY PROSECUTING ATTORNEY'S OFFICE, et al., GRAY WESTSIDE TOWING LLC,<br><br>Defendant(s). | ) | No. C12-0791-JLR<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE AND REQUEST TO STRIKE MOTION AS UNTIMELY<br><br>NOTED ON MOTION CALENDAR: FRIDAY, OCTOBER 11, 2013 |

## I. RELIEF REQUESTED



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

King County Defendants,[1] along with Defendant Washington State Patrol Trooper Anthony Brock ("Trooper Brock"), hereinafter referred to as "Defendants," request that plaintiff's motion should be stricken in its entirety as it is untimely. Under LCR 7(d)(3), a motion to take judicial notice, which is a non-dispositive motion that does not fit under LCR 7(d)(2) cannot be noted for consideration earlier than the third Friday after service of the motion. Plaintiff filed his motion on Tuesday October 1, 2013 and noted it for the following Friday (October 11, 2013). As such the motion has not been properly noted and must be stricken.

Alternatively, Defendants request that the court deny Plaintiff's Motion to Take Judicial Notice. The 42 pages of materials submitted by *pro se* plaintiff Mr. Holland ("Holland") do not fall within the kinds of facts that may be judicially noticed under Fed. R. Evid. 201, have not been properly authenticated, and contain hearsay. While King County's motion for summary judgment is still pending a decision from this court, Holland brings this motion for judicial notice without any explanation as to what relevance these 42 pages have to this case or to the pending motion.

## II. STATEMENT OF ISSUES

Whether the court should properly decline to take judicial notice of 42 pages of various statutes and newspaper/website articles submitted by Holland when these materials do not fall within the kinds of facts that may be judicially noticed under Fed. R. Evid. 201, have not been properly authenticated, and contain hearsay.

## III. AUTHORITY

For the second time, Holland asks the court to take judicial notice of two categories of materials: statutes/rules and newspaper/website articles. None of these fall into the limited

[1] For the sake of brevity the term "King County Defendants" is being used to refer to King County Adult Detention, King County, King County District Court, Lakeysha Nicole Washington and the King County Prosecuting Attorney's Office, as used in prior briefing with this court.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

category of documents that can be judicially noticed under Rule 201. Each is addressed in turn below.

Fed. R. Evid. 201(b) provides that judicial notice must be "one not subject *to reasonable dispute* in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); *Madeja v. Olympic Packers, LLC,* 310 F.3d 628, 639 (9th Cir. 2002) (setting forth standard of review).

**A. The Various Statutes Submitted By Holland Constitute Legal Authority, Not Adjucative Facts, and Thus Are Not the Proper Subject of Judicial Notice.**

Holland requests that the court take judicial notice, pursuant to Fed. R. Evid. 201, of certain state and federal statutes, an article of the Washington Constitution, and one of the Rules of Professional Conduct for attorneys in this state. (Holland identifies these as Exhibits A, B, C, and G.)

Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of adjudicative facts that are either "generally known within the territorial jurisdiction of the trial court" or that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. " 'Adjudicative facts' are simply the facts of a particular case that ordinarily go to the jury." 1 Weinstein & Berger, *Weinstein's Federal Evidence,* § 201.02[1] (Matthew Bender 2d ed.1997). The materials submitted by Holland constitute legal authority, not adjudicative facts. As legal authority, the materials are not the proper subject of judicial notice. Furthermore, the statutes cited by Holland do not appear to have any relevance to the facts in this case, where Holland was driving a personal (not commercial) vehicle, was arrested for DUI, booked into jail and charged with DUI under Washington law. Additionally, as there is no civil cause of action under the Rules of Professional Conduct, and where Holland has asserted the state tort cause of action for malicious



**Daniel T. Satterberg,** Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

prosecution, Defendants fail to see why it would be necessary or relevant to take judicial notice of the Rules of Professional Conduct.

**B. Newspaper/Website Articles Offered Are Not Proper Subjects for Judicial Notice.**

Holland next requests the court take judicial notice of newspaper/website articles (Holland identifies these as Exhibits D, E, F, H, I, and J). This collection includes articles about the Seattle Police Department, the King County Jail and an article about an interview with Trooper Brock. For several reasons, these website articles are not the proper subject of judicial notice in this case.

First, the court should not take judicial notice of these articles because the content of articles in the news media is not a matter "whose accuracy cannot be reasonably questioned." Nor can the subject of these articles be considered a fact that is "generally known." Fed. Rule Evid. 201(b)(1); *see, e.g., United States v. Baker,* 641 F.2d 1311, 1316 (9th Cir.1981) (declining to take judicial notice of facts from the news because the media "cannot be said to be unquestionably accurate"); *Atlas v. Accredited Home Lenders Holding Co.,* 556 F.Supp.2d 1142, 1161 n. 7 (S.D.Cal. 2008) ("The Court concludes that these [newspaper articles], which are neither referenced in plaintiff's complaint nor the subject of a proper request for judicial notice, may not be considered on a motion to dismiss."); *Ekdahl v. Ayers,* No. C 07–3642 SBA (PR), 2008 WL 4344314, *3 (N.D.Cal. Sept. 22, 2008) (denying a request for judicial notice of two articles containing opinions regarding policy).

Additionally, with regard to the articles, although a court may take judicial notice of news article as evidence of "what was in the public realm at the time," it may not do so as evidence that "the contents of th[e] articles [a]re in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Importantly, Mr. Holland has not explained how he intends to use these articles. However, based on the purported instances of alleged misconduct in these articles by the King County Jail and a Seattle Police officer (who is not a party to this case), it appears that Mr. Holland intends to improperly use these articles for



**Daniel T. Satterberg,** Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

evidence of the truth of what they assert. That is not a proper subject of judicial notice. *Id.* at 960.

Second, these articles should not be considered for judicial notice because they are not relevant to this case. *See* Fed. R. Evid. 401. The opinion of a news reporter on Seattle Police officers, settlements or jury verdicts in other cases against the King County Jail, or other alleged misconduct have absolutely no bearing on this case. Further, a news reporter's take on Trooper Brock's alleged comments during an unrelated DUI investigation are neither relevant nor proper for judicial notice. There is no indication as to how Mr. Holland intends to use this newspaper article (which allegedly quotes Trooper Brock) for anything other than evidence of the truth of the matter asserted. That is an improper use of judicial notice. *See Von Saher*, 592 F.3d at 960 (stating that the court cannot take judicial notice of news articles as evidence that "the contents of th[e] articles [a]re in fact true").

Third, the articles submitted for judicial notice have not been properly authenticated, and therefore should not be considered for judicial notice.

Fourth, the articles contain inadmissible hearsay.

In sum, because the subject matter of these articles is neither generally known nor capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned, the court should not take judicial notice of them.

DATED this 3rd day of October 2013.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

*/s/ Samantha Kanner*
SAMANTHA KANNER, WSBA #36943
Deputy Prosecuting Attorney
Attorneys for King County Defendants
King County Prosecuting Attorney
500 Fourth Avenue, Suite 900
Seattle, WA 98104



**Daniel T. Satterberg,** Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

(206) 296-8820; FAX (206) 296-8819
Samantha.kanner@kingcounty.gov

ROBERT W. FERGUSON
Attorney General

*/s/ Tobin E. Dale*
TOBIN E. DALE, WSBA No. 29595
Attorneys for Trooper Brock
Assistant Attorney General
800 5th Avenue, Suite 2000
Seattle, WA 98104
Tel: 206-464-7362; Fax: 206-587-4229
TobinD@atg.wa.gov

**DECLARATION OF FILING AND SERVICE**

I hereby certify that on October 3, 2013, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF System. I further certify that on October 3, 2013, the foregoing was sent to the following party via CM/ECF e-service:

Dwight Holland
dmanh3@comcast.net

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 3rd day of October 2013, at Seattle, Washington.

s/ Rachael Viars
RACHAEL VIARS
Legal Secretary