

FILED — ENTERED
LODGED — RECEIVED

OCT 15 2013

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                        DEPUTY

12-CV-00791-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>                        Plaintiff,<br><br>           v.<br><br>KING COUNTY ADULT<br>DETENTION, et al.,<br><br>              Defendants. | CASE NO. C12-0791JLR<br><br>ORDER REGARDING KING COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR JUDICIAL NOTICE |

## I.     INTRODUCTION

Before the court are:  (1) King County Adult Detention, King County, King County District Court East Division, King County Prosecuting Attorney's Office, and King County Deputy Prosecuting Attorney Lakeysha Nicole Washington's (collectively "King County Defendants") motion for summary judgment (SJ Mot. (Dkt. # 44)), and (2) Plaintiff Dwight Holland's motion for judicial notice (Ptf. Mot. (Dkt. # 59)).  The court has reviewed the motions, all submissions filed in support of and opposition thereto, the

ORDER- 1

1  balance of record, and the governing law.  Being fully advised, the court GRANTS King

2  County Defendants' motion for summary judgment and DENIES Mr. Holland's motion

3  for judicial notice.[1]

4                            **II.    BACKGROUND**

5          This lawsuit arises out of the September 16, 2011, arrest of Mr. Holland on

6  suspicion of driving while under the influence of alcohol.  (*See* Holland Decl. (Dkt. # 56-

7  7) ¶ 6 ("On the morning of September 16, 2011[,] I was unlawfully arrested for DUI.").)

8  Although Mr. Holland was charged with driving under the influence of intoxicants, the

9  state court dismissed the charge prior to trial on August 3, 2012 (*see* Resp. to OSC (Dkt.

10  # 12) at 9-10), and Mr. Holland subsequently filed suit in federal court (*see generally*

11  Am. Compl. (Dkt. # 7)).

12          On July 3, 2012, the court granted in part and denied in part Defendants

13  Washington State Patrol, Washington State Department of Licensing, and Washington

14  State Patrol Trooper Anthony Brock's (collectively, "State Defendants") motion for

15  summary judgment.  (7/3/13 Order (Dkt. # 42).)  King County Defendants have now

16  moved for summary judgment as well on grounds that overlap in part with the State

17  Defendants' motion.  (*See generally* SJ Mot.)  The court stated the factual background

18  surrounding Mr. Holland's arrest in its July 3, 2013, order (*see* 7/3/13 Order at 2-13) and

19

20

21

22          [1] No party has requested oral argument with regard to either motion, and the court deems both motions to be appropriate for disposition without it.

1  will not restate those facts here. The court will, however, examine additional undisputed

2  facts that are relevant to King County Defendants' motion.[2]

3      Following his arrest, Mr. Holland was booked into the King County Jail at

4  approximately 2:58 a.m. on September 16, 2011. (Kanner Decl. (Dkt. # 45) Ex. 1;

5  Holland Decl. ¶ 7.) Mr. Holland's personal possessions, including his wallet and cell

6  phone, were seized by personnel at the King County Jail and stored until his release. (See

7  Holland Decl. ¶ 9.)

8      At approximately 4:10 a.m. on the same day, Jail Health Services Nurse Colleen

9  Larsen conducted an initial "screening" examination of Mr. Holland. (Laquey Decl.

10  (Dkt. # 46) Ex. 1.) During the screening, Mr. Holland reported to the nurse that he had

11  sleep apnea and that he used a continuous positive airway pressure ("CPAP") machine.

12  (See id. Ex. 1 at 2; Holland Decl. ¶ 11.) As a result of the screening, Nurse Larsen

13  transferred Mr. Holland to the medical floor of the jail, ordered a wedge pillow for him,

14

15      [2] Along with his response to King County Defendants' motion, Mr. Holland submits a
16  document entitled, "Declaration of Stacey Anne Wilson in Support of Planitiff's Opposition to
    King county Defendant's Motion for Summary Judgment." (Wilson Decl. (Dkt. # 56-8).) As
17  King County Defendants point out (see SJ Am. Reply (Dkt. # 57) at 2), this declaration is not
    signed by Ms. Wilson. (See Wilson Decl. at at 2.) Accordingly, the declaration does not
18  constitute sworn testimony, and the court will not consider it with respect to the present motion
    or this proceeding.

19      In addition, Mr. Holland submitted his own declaration. (Holland Decl. (Dkt. # 56-7).)
    Unfortunately, although Mr. Holland signed the declaration, he did not sign it under oath. (See
20  id. at 4.) The court nevertheless cites to facts in this order based on facts recited by Mr. Holland
    in his declaration. The court understands that Mr. Holland's declaration is technically deficient.
21  Nevertheless, none of the facts cited by the court from Mr. Holland's declaration are pivotal or
    "material" to the court's determination. See Fed. R Civ. P. 56. Typically, the court utilizes Mr.
22  Holland's declaration simply to demonstrate that he does not dispute certain facts stated by King
    County Defendants.

1   and contacted Group Health to verify what medications he would need.  (Laquey Decl.

2   Ex. 1 at 2; *see* Holland Decl. ¶ 15 ("Ms. Larsen informed me that I will be assigned to the

3   medical unit where I will be given a wedge.").)  Nurse Larsen informed Mr. Holland that

4   there were no CPAP machines for sleep apnea at King County Jail.  (*Id.* ¶ 14.)

5       At 11:33 a.m. on the same day, Jail Health Services Nurse Susan Densmore met

6   with Mr. Holland and put a reminder in her computer system for Mr. Holland to receive a

7   wedge pillow even though she was unable to verify a diagnosis of sleep apnea from his

8   medical provider.[3]  (*Id.* Ex. 1 at 3.)  Mr. Holland posted bail on the same day and was

9   released from King County Jail at 1:07 p.m., just ten hours and nine minutes after he was

10  booked into jail.  (*See* Kanner Decl. Exs. 1, 2.)  Mr. Holland never received a wedge

11  pillow during the course of his stay at King County Jail.  (Holland Decl. ¶ 18.)  Mr

12  Holland testifies that he tried to fall asleep without a wedge pillow, but would "wake up

13  in a panic, coughing and choking while gasping for air."  (*Id.* ¶ 19.)  As a result, he was

14  unable to sleep during the ten hours and nine minutes that he stayed at the King County

15  Jail.  (*Id.* ¶¶ 18-21; SJ Resp. (Dkt. # 56) ("Holland was denied medical attention and

16  endured 10 hours . . . of sleep deprivation due to deliberate indifference of Jail medical

17  staff.").)

18

19

---

20      [3] Mr. Holland states that Nurse Densmore had "a very bad temperament" and told Mr.
    Holland that she intended to transfer him out of the medical unit because he did not have a
21  wedge pillow. (Holland Decl. ¶ 22.) However, Mr. Holland concedes that she ultimately
    allowed him to stay in the medical unit until he was released. (*Id.*) These facts, even if true, are
22  not material to the court's decision with respect to King County Defendants' motion for
    summary judgment.

1    King County Deputy Prosecuting Attorney Washington signed the criminal

2  complaint charging Mr. Holland with driving under the influence of intoxicants. (*Id.* Ex.

3  3.) The complaint was filed on December 27, 2012. (*Id.* Exs. 3, 4.) King County

4  District Court entered a "Finding of Probable Cause" on January 9, 2012. (*Id.* Ex. 5.)

5  Specifically, the court stated:

6    After a careful review of the files and records herein including the
      statement of probable cause executed by the citing law enforcement officer
7    along with any report submitted by that officer and any accompanying
      documentation to that report. [sic]

8
     THE COURT HEREBY FINDS THAT PROBABLE CAUSE EXISTS that
9    on 9/16/2011 the crime of DUI may have been committed.

10 (*Id.*) King County Superior Court dismissed the charge against Mr. Holland prior to trial

11 on August 3, 2012. (*Id.* Ex. 4 at 3.)

12    Mr. Holland commenced this lawsuit in early May 2012. (*See* Dkt. ## 1, 2.) On

13 August 2012, Mr. Holland filed an amended complaint. (*See* Am. Compl.) Mr. Holland

14 has sued nine defendants, including King County Defendants, has asserted fifteen causes

15 of action, and seeks $2.5 million in damages. (*See generally id.*)

16    On December 7, 2012, the court issued an order to show cause as to why this

17 matter should not be dismissed under Federal Rule of Civil Procedure 4(m) based on Mr.

18 Holland's failure to serve Defendants within the 120-dya timeframe mandated by Rule 4.

19 (OSC (Dkt. # 9).) In response, Mr. Holland represented to the court that "all parties

20 mentioned have been served week(s) prior to receiving this order." (Resp. to OSC (Dkt.

21 # 12) at 2.) In addition, all defendants except for Gary's Towing had either appeared or

22 answered the complaint, and Mr. Holland had filed an affidavit of service with respect to

ORDER- 5

1   Gary's Towing. (*See id.* at 2.)  Accordingly, the court discharged its order to show cause

2   with respect to Rule 4(m).  (*See* 1/2/13 Order (Dkt. # 14).)  However, the court also

3   stated:

4   > [C]ertain defendants have asserted affirmative defenses concerning the propriety of service of process in this matter (*see, e.g.*, Answer (Dkt. # 11)
5   > at 26), and others have entered appearances without waiving service of process defenses (*see, e.g.*, Notice of Appear. (Dkt. # 13) at 1).  This
6   > order—discharging the court's prior order to show cause—does not address the propriety of any service of process performed in this proceeding.

7   (*Id.* at 2, n.1.)  Mr. Holland has never served King County.  (*See generally* Masuo Decl.

8   (Dkt. # 47).)  King County Defendants raised this issue as an affirmative defense in their

9   Answer (King Cnty. Ans. (Dkt. # 11)), as well as in the parties' Joint Status Report to the

10  court (*see* JSR (Dkt. # 20) at 4, ¶ 15).  In addition, Mr. Holland has never filed a tort claim

11  for damages with King County concerning the subject matter of his complaint.  (Masuo

12  Decl. ¶ 10.)

13  ## III.    ANALYSIS

14          King County Defendants have moved for summary judgment with respect to a

15  number of issues.  (*See generally* SJ Mot.)  They assert that Deputy Prosecuting Attorney

16  Washington is entitled to absolute prosecutorial immunity.  (*Id.* at 6.)  They seek summary

17  judgment with respect to the portion of Mr. Holland's 42 U.S.C. § 1983 claim asserting

18  that he received inadequate medical care while in custody at the jail, arguing that Mr.

19  Holland fails to raise a triable issue of fact that King County Defendants acted with

20  deliberate indifference to any serious medical needs.  (*Id.* at 7-10.)  They also seek

21  summary judgment on Mr. Holland's state law tort claims both on substantive grounds (*id.*

22

ORDER- 6

1   at 6-7, 10-15) and because Mr. Holland failed to comply with Washington's claim filing

2   statute, RCW 4.92.100 (SJ Mot. at 17-18).  Finally, King County seeks dismissal on

3   summary judgment based on Mr. Holland's failure to properly serve the summons and

4   complaint.  (*Id.* at 15-17.)

5        Mr. Holland has filed a motion for judicial notice.  (*See* Mot.)  Mr. Holland asks

6   the court to take judicial notice of various exhibits attached to his motion, which include

7   news articles published either in print or on websites, as well as provisions from the

8   Washington Administrative Code, the Revised Code of Washington, and Washington's

9   Rule of Professional Conduct.  (*See* Mot. Exs. A-J.)  The court now considers each motion

10   and argument in turn.

11   **A. Summary Judgment Standard**

12        Summary judgment is appropriate if the evidence, when viewed in the light most

13   favorable to the non-moving party, demonstrates "that there is no genuine dispute as to

14   any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

15   P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Torres v. City of Madera*,

16   648 F.3d 1119, 1123 (9th Cir. 2011) ("Summary judgment is appropriate only if, taking

17   the evidence and all reasonable inferences drawn therefrom in the light most favorable to

18   the non-moving party, there are no genuine issues of material fact and the moving party is

19   entitled to judgment as a matter of law.").  The moving party bears the initial burden of

20   showing that there is no genuine issue of material fact and that he or she is entitled to

21   prevail as a matter of law.  *Celotex*, 477 U.S. at 323; *Furnace v. Sullivan*, 705 F.3d 1021,

22   1026 (9th Cir. 2013).  If the moving party meets his or her burden, the non-moving party

1  "must make a showing sufficient to establish a genuine dispute of material fact regarding

2  the existence of the essential elements of his case that he must prove at trial" in order to

3  withstand summary judgment. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

4  **B. Prosecutorial Immunity**

5        Mr. Holland has not alleged any facts against Deputy Prosecuting Attorney

6  Washington that are outside the scope of her duties in initiating and pursuing his criminal

7  prosecution. (*See* Am. Compl. ¶¶ 31-34.) For example, Mr. Holland alleges that Ms.

8  Washington "signed and filed a fraudulent suit" against him (*id.* ¶¶ 31-32), "kn[ew] and

9  should have known [that] the officer ha[d] violated [Mr. Holland's] rights to due process,

10  and should have never filed the case" (*id.* ¶ 33), and "knowingly and wantonly with

11  malice signed and filed said fraudulent instrument, knowing . . . its own office ha[d]

12  violated [Mr. Holland's] rights of due process" (*id.* ¶ 34). Based on these allegations,

13  King County Defendants assert that Deputy Prosecuting Attorney Washington should be

14  dismissed from this suit on summary judgment because she is absolutely immune from

15  suit. (SJ Mot. at 6.)

16        The United States Supreme Court has declared that "a state prosecuting attorney

17  who acted within the scope of his [or her] duties in initiating and pursuing a criminal

18  prosecution" is absolutely immune from suit under 42 U.S.C. § 1983. *Imbler v.*

19  *Pachtman*, 424 U.S. 409, 410 (1976). "[A]cts undertaken by a prosecutor in preparing

20  for the initiation of judicial proceedings or for trial which occur in his [or her] role as an

21  advocate for the State, are entitled to the protections of absolute immunity." *Buckley v.*

22  *Fitzsimmons*, 509 U.S. 259, 273 (1993). Activities intimately connected with judicial

ORDER- 8

1  proceedings and for which immunity will apply include making statements that are

2  alleged misrepresentations and mischaracterizations during hearings, during discovery,

3  and in court papers, *Fry v. Melaragno*, 939 F.2d 832, 837-38 (9th Cir. 1991), and

4  conferring with witnesses and allegedly inducing them to testify falsely, *Demery v.*

5  *Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984).  Allegations of, for example, malicious

6  prosecution, conspiracy to predetermine the outcome of a proceeding, or destruction of

7  evidence are subject to dismissal on grounds of prosecutorial immunity.  *See e.g.*,

8  *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001); *Ashelman v. Pope*, 793 F.2d

9  1072, 1078 (9th Cir. 1986) (en banc); *Ybarra v. Reno Thunderbird Mobile Home Village*,

10  723 F.2d 675, 677-80 (9th Cir. 1984).

11         With the foregoing precepts in mind, the court concludes that even Mr. Holland's

12  allegations that Ms. Washington and/or other prosecutors "fraudulently" filed suit against

13  him or "knowingly" violated his rights do not pierce the immunity from civil suit

14  extended to prosecutors acting within the scope of their duties in initiating or advancing a

15  criminal prosecution.  Further, under Washington state law, "[a]nalysis of a prosecutor's

16  absolute immunity from suit under state law tracks the common law immunity analysis

17  under 42 U.S.C. § 1983." *Musso-Escude v. Edwards*, 4 P.3d 151, 155 (Wash. App.

18  2000).  Thus, Ms. Washington is not only immune with respect to Mr. Holland's federal

19  section 1983 claim, but also with respect to his state law tort claims.  Accordingly, the

20  court dismisses with prejudice all of Mr. Holland's claims against Deputy Prosecuting

21  Attorney Washington on summary judgment.

22  //

1    **C. 42 U.S.C. § 1983 and Cruel and Unusual Punishment**

2    Mr. Holland alleges that he was subject to cruel and unusual punishment in

3    violation of constitutional rights when King County Defendants failed to provide him with

4    certain medical equipment, namely a wedge pillow, while he was detained at the King

5    County Jail.  (*See* Am. Compl. ¶¶ 42, 58, 133.)  Mr. Holland seeks to recover for this

6    violation under 42 U.S.C. § 1983.  King County Defendants have moved to dismiss this

7    claim on summary judgment. (SJ Mot. at 7-10.)

8    To maintain a claim based on medical treatment while incarcerated under 42

9    U.S.C. § 1983, a plaintiff must show "deliberate indifference to serious medical needs."

10   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059

11   (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133,

12   1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves the

13   court's examination of two elements:  (1) the seriousness of the prisoner's medical need

14   and (2) the nature of the defendant's response to that need.[4]  *Id.*

15   With respect to the first element, a "serious" medical need exists if the failure to

16   treat a prisoner's condition could result in further significant injury or the "unnecessary

17   and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104).  With respect to the

18   ────────────────

19   [4] Because Mr. Holland had not yet been convicted of a crime at the time of his detention
     in the King County Jail, his rights derive from the due process clause of the Fourteenth
20   Amendment rather than the Eighth Amendment's protection against cruel and unusual
     punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, n.16 (1979); *Frost v. Agnos*, 152 F.3d 1124,
21   1128 (9th Cir. 1998).  With respect to medical needs, however, the requirements of the due
     process clause "are at least as great as the Eighth Amendment protections available to a convicted
22   prisoner." *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (citing *Revere v. Massachusetts
     General Hosp.*, 463 U.S. 239, 244 (1983)).

1   second element, a prison official is deliberately indifferent if he or she knows that a

2   prisoner faces a substantial risk of serious harm and disregards that risk by failing to take

3   reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison

4   official must not only "be aware of facts from which the inference could be drawn that a

5   substantial risk of serious harm exists," but "must also draw the inference." *Id.* In other

6   words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or

7   possible medical need in order for deliberate indifference to be established." *McGuckin*,

8   974 F.2d at 1060. If a prison official should have been aware of the risk, but was not,

9   then the official has not violated the Eighth Amendment, no matter how severe the risk.

10  *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

11          Under the foregoing standard, neither an inadvertent failure to provide adequate

12  medical care, nor mere negligence or medical malpractice, will rise to the level of

13  medical mistreatment under the Eighth Amendment. *Estelle*, 429 U.S. at 105; *Broughton*

14  *v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th

15  Cir. 1989). In addition, if medical treatment is delayed rather than denied, the delay

16  generally amounts to deliberate indifference only if it causes further harm. *Wood*, 900

17  F.2d at 1335; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.

18  1985) (per curiam); *Frost v. Agnos,* 152 F.3d 1124, 1130 (9th Cir. 1998) (negligent

19  delays in administering pain medication do not violate the Constitution). Finally, a

20  plaintiff's disagreement with the type and adequacy of the medical treatment that he is

21  provided does not constitute an Eighth Amendment violation so long as the treatment

22  provided was medically acceptable under the circumstances. *See Jackson v. McIntosh*,

1   90 F.3d 330, 332 (9th Cir. 1996); *Lua v. LAC CSP Medical Offices*, No. CV 10-3548

2   DOC (JCG), 2011 WL 1743260, at *3 (C.D. Cal Mar. 23, 2011).  As the Ninth Circuit

3   has observed, deliberate indifference is "not an easy test" for a plaintiff to satisfy. *Hallett*

4   *v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002).  With this legal framework in mind, the

5   court examines Mr. Holland's claims of deliberate indifference against King County

6   Defendants.

7        Neither the facts that Mr. Holland recites in his amended complaint nor the facts

8   he states in his declaration are sufficient to demonstrate King County Defendants'

9   deliberate indifference to his medical needs during the ten hours and nine minutes that he

10  was incarcerated in the King County Jail. (*See* Am. Compl. ¶¶ 26-27, 153; Holland Decl.

11  ¶¶ 3-5, 10-22.)  With respect to the first element of "deliberate indifference"—the

12  seriousness of the prisoner's medical need—there is no evidence before the court that

13  King County Defendants' failure to provide Mr. Holland with a wedge pillow for

14  approximately ten hours resulted in further significant injury or the "unnecessary and

15  wanton infliction of pain." *Estelle*, 429 U.S. at 104.  At worst, Mr. Holland spent an

16  uncomfortable and sleepless night in King County Jail. (*See* Holland Decl. ¶¶ 19-20 ("I

17  tried to fall asleep only to wake up in panic and choking while gasping for air. . . . [A]fter

18  several times going through the hellish act I gave up trying to sleep because I was

19  anxious from waking up in a panic.").  The court concludes that these facts do not raise a

20  triable issue of fact with respect to the first element of "deliberate indifference to medical

21  needs."

22

1    In evaluating the second element—the nature of the response to Mr. Holland's

2  medical need—the court concludes that Mr. Holland fails to raise a triable issue of fact

3  with respect to this element as well.  The undisputed facts show that Mr. Holland was

4  examined by a nurse at 4:10 a.m. on September 16, 2011—only one hour and twelve

5  minutes after his admission to the jail.  (Kanner Decl. Ex. 1; Lacquey Decl. Ex. 1.)  When

6  Mr. Holland informed the nurse that he suffered from sleep apnea, she ordered him a

7  wedge pillow and transferred him to the medical floor of the facility.  (Lacquey Decl. Ex.

8  1 at 2; Holland Decl. ¶ 15.)  Mr. Holland was seen by a second nurse at 11:33 a.m. on the

9  same day, and she put a reminder in the computer system that he was to receive a wedge

10  pillow.  (Lacquey Decl. Ex. 1 at 3.)  Indeed, Mr. Holland has admitted that he "was scene

11  [sic] by several nurses" during his approximately ten hours of detention.  (Holland Decl. ¶

12  10.)  Although Mr. Holland was released from jail before he received his wedge pillow,

13  the court cannot conclude that these facts demonstrate an inadequate response to his

14  medical needs or raise a triable issue of fact regarding the same.  Although the delay in

15  receiving a wedge pillow may have caused Mr. Holland some discomfort and lack of sleep

16  for a period of several hours, the court cannot conclude that these facts demonstrate King

17  County Defendants' deliberate indifference to his medical needs.  Here, there is no

18  allegation or proof that Mr. Holland's condition worsened as a result of the lack of a

19  wedge pillow.  There is only his testimony that he experienced some discomfort for a

20  period of time and a few hours of sleeplessness.  (Holland Decl. ¶¶ 19-21.)  Under these

21  undisputed facts, the court grants summary judgment to King County Defendants with

22

1  respect to Mr. Holland's section 1983 claim for deliberate indifference to his medical

2  needs.[5]

3  **D.  State Law Tort Claims**

4      King County Defendants assert that Mr. Holland's state law tort claims against

5  King County and its employees must be dismissed because Mr. Holland failed to file a

6  claim with King County's designated agent, pursuant to RCW 4.96.020, prior to filing suit

7  in this court. (SJ Mot. at 17-18.)  Filing a notice of claim with King County's designated

8  agent is a prerequisite to pursuing a state tort claim against King County Defendants.

9  RCW 4.96.020(4) ("No action subject to the claim filing requirements of this section shall

10  be commenced against any local governmental entity, or against any local governmental

11  entity's officers, employees, or volunteers, acting in such capacity, for damages arising

12  out of tortious conduct until sixty calendar days have elapsed after the claim has first been

13

14

_____

15  [5] Mr. Holland has also alleged a 42 U.S.C. § 1983 claim against King County Defendants
   for unlawful imprisonment and seizure of his property. (*See, e.g.*, Am. Compl. ¶¶ 20-28, 58;
   Holland Decl. ¶¶ 8-9.)  King County Defendants have not moved for dismissal or summary

16  judgment of this aspect of Mr. Holland's section 1983 claim. (*See* Mot. at 7-10 (addressing only
   the "cruel and unusual punishment" aspect of Mr. Holland's section 1983 claim).)  The court,
   therefore, does not address this aspect of Mr. Holland's section 1983 claim and makes no

17  comment here with respect to its viability.

18      King County Defendants do assert that the state court's finding of probable cause with
   respect to Mr. Holland's arrest is a complete defense to Mr. Holland's state law tort claim of

19  false imprisonment. (*See* SJ Mot. at 12.)  The court did not rule on this issue because it grants
   summary judgment to King County Defendants on alternate grounds. (*See infra* § III.D.)

20  Nevertheless, the state court finding also may have some bearing upon Mr. Holland's section
   1983 claim for unlawful imprisonment.  King County Defendants, however, failed to engage in

21  an analysis regarding the preclusive effect of the state court's probable cause finding, and this
   court declines to do so without the benefit of the parties' briefing and analysis. *See, e.g.*, *Wige v.

22  City of L.A.*, 713 F.3d 1183, 1185-86 (9th Cir. 2013) (analyzing preclusive effect of state court's
   finding of probable cause to arrest).

1 │ presented to the agent of the governing body thereof."); *see Medina v. Pub. Utility Dist.*

2 │ *No. 1 of Benton Cnty.*, 53 P.3d 993, 1000-1001 (Wash. 2002) (holding that plaintiff was

3 │ required to comply with the 60-day waiting period between presentation of tort claim and

4 │ filing suit in court); *Hassan v. Weidenfeld*, No. C11–2026–JCC, 2013 WL 4094838, at

5 │ *11 (W.D. Wash. Aug. 13, 2013). King County's designated agent to receive any claim

6 │ for damages is the clerk of the county council's office. (Masuo Decl. ¶ 3.) Mr. Holland

7 │ has never filed a claim with King County's agent. (*See id.* ¶ 10.)

8 │      Mr. Holland does not dispute that he failed to file a notice of claim with King

9 │ County's agent. (*See* SJ Resp. at 16.) He only asserts that his federal claim under 42

10 │ U.S.C. § 1983 is not barred by his failure to file a notice of claim under RCW 4.96.020.

11 │ (*Id.*) In this regard, Mr. Holland is correct. The court has jurisdiction to hear Mr.

12 │ Holland's 42 U.S.C. § 1983 claim irrespective of whether he previously filed a notice of

13 │ claim with King County's risk management division. *Broussard v. Pierce Cnty. Jail*, No.

14 │ C04-5620RJB, 2006 WL 659476, at *3 (W.D. Wash. Mar. 13, 2006) ("The courts [sic]

15 │ jurisdiction to entertain [the section 1983] claim is not based on state law and is not

16 │ affected by RCW 4.96.020."). The court notes, however, that it has dismissed a

17 │ substantial portion of Mr. Holland's section 1983 claim during the course of this decision.

18 │ (*See supra* § III.C.) In any event, as to any asserted state law tort claims against King

19 │ County Defendants, Mr. Holland's failure to file a notice of claim with King County's

20 │ designated agent pursuant to RCW 4.92.020 requires the court to dismiss those claims.

21 │

22 │

1   Accordingly, the court grants King County Defendants' motion for summary judgment

2   with respect to Mr. Holland's state law tort claims.[6]

3   **E.  Service of Process**

4   King County Defendants argue that King County and the other King County

5   entities that Mr. Holland has purported to sue are entitled to summary judgment because

6   Mr. Holland never accomplished service of process upon King County, and the court

7   therefore lacks jurisdiction over these defendants.[7]  (SJ Mot. at 15-17.)  Where the

8   validity of service of process is properly contested, the burden is on the plaintiff to

9   establish the validity of service or to create an issue of fact requiring an evidentiary

10  hearing. *See Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635

11  F.2d 434, 435 (5th Cir. 1981); *Naufahu v. City of San Mateo*, No. C07-4517MMC, 2008

12  WL 2323869, at *1 (N.D. Cal. May 14, 2008) (relying on *Aetna Business Credit*).

13  A federal court does not have jurisdiction over a defendant unless the defendant

14  has been properly served under Federal Rule of Civil Procedure 4. *Direct Mail*

15  *Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

16

17  [6] Because the court dismisses Mr. Holland's state tort claims on this ground, it need not
    reach King County Defendants' other grounds for summary judgment with respect to those
18  claims. (*See* SJ Mot. at 6-7, 10-15.)

19  [7] Although Mr. Holland has purported to sue several political subdivisions of King
    County or county entities, the departments of a county are not stand-alone entities which can be
    sued. *Nolan v. Snohomish Cnty.*, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("RCW
20  36.32.120(6), read together with RCW 36.01.010 and .020, makes clear the legislative intent that
    in a legal action involving a county, the county itself is the only legal entity capable of suing and
21  being sued."); *Lee v. City of SeaTac Police Dep't*, No. C12-1948RSL, 2013 WL 4039384, at *2
    (W.D. Wash. Aug. 7, 2013) ("Under well-settled Washington law, city and county departments
    are not legal entities subject to suit."). Thus, because King County is the only properly named
22  county entity, King County is the party that must be served.

1   However, Rule 4 is flexible and should be liberally construed as long as the party

2   receives sufficient notice of the complaint. *Id.* Nevertheless, without substantial

3   compliance with Rule 4 neither actual notice nor simply naming the defendant in the

4   complaint will suffice to provide the court with jurisdiction. *Id.*

5          To determine whether service of process is proper, the court looks to the

6   requirements of Federal Rule of Civil Procedure 4. Under Rule 4(j)(2), a plaintiff must

7   serve a local government body by delivering a copy of the summons and complaint to the

8   local government's chief executive officer or by serving a copy of the summons and

9   complaint in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2)(A), (B). Under

10  Washington law, proper service in a suit against a charter county is made by service upon

11  the agent designated by the county's legislative authority. RCW 4.28.080(1). King

12  County is a charter county. *See* King County Charter, Preamble and Art. I. The King

13  County Council, the county's legislative authority, has designated the clerk of the county

14  council to accept service of a summons on behalf of King County. *See* King County Code

15  § 2.04.010 ("For the purpose of service of summons on King County under provisions of

16  RCW 4.28.080, the person to be served is the clerk of the county council. (Ord. 13,

17  1969)."). Mr. Holland was required to serve King County within 120 days of filing his

18  complaint or any court extensions granted upon a showing of good cause. Fed. R. Civ. P.

19  4(m). King County has submitted sworn testimony that the council's clerk has never

20  received service of process with respect to this lawsuit. (Masuo Decl. ¶¶ 4-9.)

21          Mr. Holland appears to admit that he did not accomplish proper service of process

22  upon King County. (*See* SJ Resp. at 17 ("Defendant is correct in its assertion that service

ORDER- 17

1  was made to King County King County [sic] Risk management department [sic] with the

2  amended complaint.").)  In any event, Mr. Holland bears the burden to establish the

3  validity of service upon King County, and he fails to meet that burden here.[8]  The Ninth

4  Circuit Court of Appeals has recognized that defective service of process by a pro se

5  plaintiff does not necessarily warrant dismissal under Rule 12(b)(5).  "This court

6  recognizes that it has a duty to ensure that pro se litigants do not lose their right to a

7  hearing on the merits of their claim due to ignorance of technical procedural

8  requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (citing *Borzeka v.*

9  *Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984) (defective service of complaint by pro se

10  litigant did not warrant dismissal)).  King County Defendants have not demonstrated, or

11  even argued, that they have been prejudiced as result of Mr. Holland's failure to

12  accomplish service of process.  They received a copy of the complaint and were able to

13  move to move for summary judgment after reviewing it.

14        Although Mr. Holland has not addressed whether he has "good cause" for his

15  failure to properly serve King County (*see* SJ Resp. at 16-17), in his earlier response to

16  State Defendants' motion for summary judgment he indicated some confusion about the

17  court's discharge of its earlier order to show cause for failure to serve Defendants within

18  the 120-day timeframe provided in Rule 4(m) (*see* 7/3/13 Order (Dkt. # 42) at 16-17).

19  Accordingly, due to Mr. Holland's pro se status and his apparent confusion concerning

20

21        [8] Mr. Holland insists that he properly served Ms. Washington. (SJ Resp. at 17.) Even
22  assuming this is correct, it is of no import here because the court has dismissed all of Mr.
    Holland's claims against Ms. Washington with prejudice. (*See supra* § III.B.)

1    the court's discharge of its prior order, the court concludes that Mr. Holland has

2    demonstrated good cause for an extension of time to accomplish proper service under

3    Rule 4(m). *See Issaquah Sch. Dist. No. 411*, 470 F.3d at 1293 (stating that if service of

4    process is found to be insufficient, the district court has discretion to allow an extension

5    of time to effect service under Rule 4(m)). However, as discussed herein, although a

6    portion of Mr. Holland's section 1983 claim apparently remains with respect to King

7    County, the court has dismissed all of Mr. Holland's claims against Deputy Prosecuting

8    Attorney Washington. (*See infra* §§ III.C., III.D1.) The court, therefore, will grant Mr.

9    Holland an additional 15 days from the date of this order to accomplish proper service of

10   process upon Defendant King County only and to file proof of service with the court. If

11   Mr. Holland fails to file proof of proper service upon King County within this period of

12   time, the remaining portion of Mr. Holland's section 1983 claim will be subject to

13   dismissal without prejudice pursuant to Rule 4(m).

14   **F.  Federal Rule of Civil Procedure 56(d)**

15         Mr. Holland asserts that he has not had an opportunity to take discovery on issues

16   pertinent to King County Defendants' motion. (SJ Resp. at 17-18.) Federal Rule of Civil

17   Procedure 56(d) permits a party opposing a motion for summary judgment to request an

18   order deferring the court's consideration of the motion and permitting that party to

19   conduct additional discovery upon an adequate factual showing. Fed. R. Civ. P. 56(d)

20   (requiring party making such request to show "by affidavit or declaration that, for

21   specified reasons, it cannot present facts essential to justify its opposition").

22

ORDER- 19

1    Mr. Holland asserts in his declaration that King County Defendants have either not

2  responded or responded inadequately to his discovery requests. (Holland Decl. ¶ 1.) The

3  cut-off, however, for bringing motions related to discovery disputes was August 26,

4  2013. (Sched. Ord. (Dkt. # 23) at 1.) Mr. Holland has never moved to compel discovery

5  responses from King County Defendants, and the deadline for such motions has now

6  expired. Further, he has not provided the court with any explanation as to why he did not

7  move to compel discovery responses in a timely fashion.[9]

8    In any event, a Rule 56(d) affidavit must identify "the specific facts that further

9  discovery would reveal, and explain why those facts would preclude summary

10  judgment." *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.

11  2006). A Rule 56(d) affidavit must also identify "some basis for believing that the

12  information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091

13  n. 5 (9th Cir. 2009). Mr. Holland has failed to articulate any facts that he could obtain

14  through discovery that would preclude the court's prior summary judgment rulings.

15  Therefore, the court denies his request for the court to defer consideration of King

16  County Defendants' motion pending further discovery or a motion to compel such

17  discovery.[10]

18

19

20    [9]In his September 4, 2013, declaration, Mr. Holland states that "a motion to compel will shortly follow." (Holland Decl. ¶ 1.) More than a month has lapsed since Mr. Holland signed his declaration, but he has not filed the promised motion. In any event, as noted above, the

21  deadline for filing such motions has expired. (Sched Ord. at 1.)

22    [10]Mr. Holland has also lodged several "objections" to King County Defendants' motion for summary judgment. (SJ Resp. at 18-19.) The first objection is based on Mr. Holland's

1  **G. Motion for Judicial Notice**

2      For the second time, Mr. Holland requests that the court take judicial notice of

3  variety of documents that consist generally of two types of materials:  (1) various statutes

4  or administrative rules and (2) news articles published either in print or on websites.  (*See*

5  *generally* Mot.)  Federal Rule of Evidence 201 provides that a court "may judicially

6  notice a fact that is not subject to reasonable dispute because it (1) is generally known

7  within the trial court's territorial jurisdiction; or (2) can be accurately and readily

8  determined from sources whose accuracy cannot be reasonably be questioned."  Fed. R.

9  Evid. 401(b).  A substantial portion of the materials submitted by Mr. Holland constitutes

10  legal authority, not facts.  If Mr. Holland, either in motion practice or at trial, can

11  persuade the court that some or all of these statutes or rules have bearing upon his suit,

12  then the court will consider them as relevant legal authority.  Without some context or

13  statement concerning how Mr. Holland intends to use these rules and statutes with respect

14  to his claims, however, the court cannot conclude that he has demonstrated that they are

15  proper subjects for judicial notice.

16      As the court noted when it denied Mr. Holland's first motion regarding judicial

17  notice, context also plays an important role with respect to judicial notice of news articles

---

18  assertion that King County Defendants have failed to provide adequate responses to his
19  discovery requests.  (*Id.* at 18.)  The court liberally construes this objection as part of his request
    to defer the court's ruling based on Federal Rule of Civil Procedure 56(d).  The court addressed
20  this issue in the body of this order and has already denied Mr. Holland's request.  (*See supra* §
    III.F.)  Despite the court's best efforts to liberally construe Mr. Holland's second objection (SJ
21  Resp. at 18-19), the court is unable to make any coherent sense of it, and accordingly denies it.
    Finally, Mr. Holland objects to the declarations of Ms. Janet Masuo and Ms. Gerrei LaQuey as
22  hearsay.  (SJ Resp. at 19.)  The court has reviewed these declarations, and denies Mr. Holland's
    objection based on hearsay.

1 (*see* 3/22/13 Order (Dkt. # 24) at 4), and this is true irrespective of whether the articles

2 appear in print or are posted on a website.[11]  Although the court may take judicial notice

3 of news article as evidence of "what was in the public realm at the time," it may not do so

4 as evidence that "the contents of th[e] articles [a]re in fact true." *Von Saher v. Norton*

5 *Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).  Because Mr.

6 Holland provides no indication of how he intends to use these articles or how he wants

7 the court to consider them either with respect to the present motion or at trial, the court

8 denies his motion for judicial notice with respect to these articles too.

9                                    **IV.   CONCLUSION**

10          Based on the foregoing, the court GRANTS King County Defendants' motion to

11 dismiss on summary judgment all of Mr. Holland's claims against King County Deputy

12 Prosecuting Attorney Washington based on prosecutorial immunity, to dismiss on

13 summary judgment all of Mr. Holland's state law tort claims due to his failure to comply

14 with the claim filing requirements of RCW 4.96.020, and to dismiss on summary

15 judgment Mr. Holland's 42 U.S.C. § 1983 claim for cruel and unusual punishment based

16 on deliberate indifference to serious medical needs (Dkt. # 44).  The court also DENIES

17

18

19          [11] Mr. Holland cites a variety of cases in which courts have taken judicial notice of

20 information posted on websites. (*See* Mot. at 5.)  The court agrees that it is possible to take judicial notice of material that is posted on a website, but that certainly does not mean that all

21 material posted on a website is appropriate for judicial notice.  Context regarding the website at issue and the purpose for which the litigant intends to use the posted material are critical pieces

22 of information that the court must assess with respect to considering a request for judicial notice. Mr. Holland has not provided this context, and accordingly, the court denies his motion.

1 | Mr. Holland's motion for the court to take judicial notice of the various items he attaches

2 | to his motion (Dkt. # 59).

3 |      Pursuant to Federal Rule of Civil Procedure 4(m), the court further grants Mr.

4 | Holland an additional 15 days from the date of this order to accomplish proper service of

5 | process upon King County and to file proof of that service with the court.  If Mr. Holland

6 | fails to file proof of proper service of process upon King County within this period of

7 | time, Mr. Holland's remaining claim against King County under 42 U.S.C. § 1983 will be

8 | subject to dismissal without prejudice.

9 |      Dated this 15 day of October, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 23