The Honorable James Robart

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>              Plaintiff,<br><br>    v.<br><br>KING COUNTY ADULT<br>DETENTION, KING COUNTY et al.,<br>KING COUNTY DISTRICT COURT<br>EAST DIVISION-Redmond Courthouse<br>et al., WASHINGTON STATE<br>DEPARTMENT OF LICENSING, et al.,<br>WASHINGTON STATE PATROL et al,<br>OFFICER WSP ANTHONY BROCK in<br>his individual and official capacity as<br>Washington State Patrol officer,<br>LAKEYSHA NICOLE WASHINGTON<br>in her individual and official capacity as<br>Prosecuting attorney, KING COUNTY<br>PROSECUTING ATTORNEY'S<br>OFFICE et al., GARY WESTSIDE<br>TOWING LLC,<br><br>              Defendants. | NO.  12-cv-0791 JLR<br><br>DEFENDANT WASHINGTON<br>STATE PATROL TROOPER<br>ANTHONY BROCK'S MOTIONS *IN<br>LIMINE*<br><br><br><br>**NOTE ON MOTION CALENDAR:**<br>**FRIDAY, DECEMBER 27, 2013** |

## I.     INTRODUCTION AND RELIEF REQUESTED

Defendant Washington State Patrol Trooper Anthony Brock ("defendant" or "Trooper Brock") asks that this court grant each of the following motions in limine.  As this court is aware, this case arises from the arrest of *pro se* plaintiff Dwight Holland ("plaintiff") for suspicion of DUI (Driving Under the Influence).  Defendants' motion for summary judgment[1] sets forth the

---

[1] ECF No. 27.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

factual background of this case.  These motions are designed to focus the trial of this matter on the remaining issues.  The gravamen of plaintiff's remaining claims against Trooper Brock is whether (1) Trooper Brock had probable cause to arrest plaintiff for suspicion of DUI; (2) whether Trooper Brock's use of "force" from handcuffing plaintiff was reasonable under the circumstances; and (3) whether Trooper Brock is entitled to qualified immunity.

These motions *in limine* apply to plaintiff and his witnesses.  The court should instruct plaintiff to inform each of his witnesses to follow the orders entered by this court in connection with these motions.

## II.     EVIDENCE RELIED UPON

Defendant relies upon the Declaration of State Toxicologist Dr. Fiona Couper, Declaration of Tobin Dale, and the documents and pleadings on file herein.

## III.     LR 7(d)(4) CERTIFICATION

In accordance with Local Rule 7(d)(4), defendant's counsel conferred with plaintiff and defendant King County regarding these motions in limine in an effort to resolve them.[2] Defendant King County is in agreement with Trooper Brock's motions in limine.  To the extent plaintiff is in agreement, that agreement is noted within each motion below.

## IV.     AUTHORITY AND ARGUMENT

A.     <u>Specific Motions in Limine</u>

1.     **Bar Plaintiff's Judicial Notice Exhibits**

Twice plaintiff has moved this court to take judicial notice of various items, including state and federal statutes or regulations, news articles on various topics, and a series of letters or statements written by nonparties.[3]  Twice the court has denied plaintiff's motions.[4]

Defendant anticipates that plaintiff will seek to admit these various items as exhibits at trial.  For his proposed trial exhibits, he has identified Exhibit #16 (newspaper article entitled

---

[2] *See Declaration of Tobin Dale* ("Dale Decl."), at ¶3.
[3] *See* ECF Nos. 17 and 59
[4] *See* ECF Nos. 24 and 64

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

"Mistakes, some deadly, haunt county jails"); Exhibit #18 (blog by a DUI defense attorney); Exhibit #19 (Wash. Admin. Code defining "Recreational vehicle"); and Exhibit #20 (excerpt from a KIRO news article with quotes attributed to Trooper Brock).[5]

To date, as the court has noted in both of its rulings or judicial notice motions, plaintiff has failed to provide a proper context for these exhibits. He has not demonstrated how these exhibits are relevant to the claims against Trooper Brock: namely, whether probable cause existed to arrest him for DUI, and whether the "force" from handcuffing was reasonable. They should be excluded on this ground alone. Fed. R. Evid. 402. In addition, he will be unable to properly authenticate them at trial.

Exhibit 16 should be excluded because the court has dismissed the medical malpractice claim against King County. It is therefore irrelevant. Fed. R. Evid. 402. It also contains inadmissible hearsay. Fed. R. Evid. 802. Exhibit #18 is a blog by a DUI defense attorney, who mischaracterizes a news reporter's article and takes out of context quotes attributed to Trooper Brock. This opinion by a DUI attorney is inadmissible. It contains hearsay within hearsay, is irrelevant, would be unfairly prejudicial to Trooper Brock – and indeed it would serve no purpose other than an attempt to inflame the jury. Therefore, it should be excluded. Fed. R. Evid. 401, 402, & 403. Exhibit #19 is a Wash. Admin. Code that defines "recreational vehicle." That has no bearing at this trial. Fed. R. Evid. 402. Finally, Exhibit #20 is an incomplete excerpt from a news reporter's article with quotes attributed to Trooper Brock regarding an unrelated DUI arrest. This article contains inadmissible hearsay, is not relevant, and cannot be properly authenticated. Therefore, it should be excluded.

**2.     Bar Reference to the District Court's Dismissal of Plaintiff's DUI Charge**

The court has dismissed plaintiff's "malicious and wrongful prosecution" claim. Therefore, this court should bar testimony related to the disposition of plaintiff's underlying criminal charge for DUI as wholly irrelevant. Plaintiff was charged with suspicion of DUI.

---

[5] These are attached as Exhibit 1 to Dale Decl.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    That charge was later dismissed by the State.  Plaintiff has proposed as his Trial Exhibit #15

2    this Order of Dismissal.[6]  Plaintiff has also proposed other pleadings related to his criminal

3    DUI proceeding: Exhibits #13 (criminal complaint) and #14 (various criminal pleadings –

4    notice of next court date, waiver of time for trial, and pre-trial order).  These Exhibits should

5    be excluded at plaintiff's civil trial.

6           Allowing testimony or evidence in this action that the DUI charge was brought and

7    dismissed by the Prosecutor may cause the jury to speculate that there was no basis to charge

8    Holland with DUI.  Because the nonbinding legal decision of the King County District Court

9    on a primary legal issue in this case has the capacity to significantly confuse the jury and be

10   unduly prejudicial and because additional, potentially lengthy testimony would be necessary to

11   fully illuminate the process, it should be excluded.  *See* Fed. R. Evid. 403.

12          Finally, as a matter of law, whether criminal charges were or were not filed against

13   plaintiff has no bearing on whether Trooper Brock had probable cause to arrest him, whether

14   reasonable force was used, or whether Trooper Brock is entitled to qualified immunity.  *See e.g.*,

15   *Pearson v. Callahan*, 129 S. Ct. 808, 818-22 (2009) (whether or not charges were filed is not

16   considered when determining the applicability of qualified immunity); *Lacy v. Maricopa*

17   *County*, 649 F.3d 1118, 1131-32 (9th Cir. 2011) (qualified immunity applies in cases of

18   prosecutorial discretion); *Rayburn v. Huff*, 132 S. Ct. 987, 89-92 (2012) (police officers were

19   entitled to qualified immunity when no charges were filed against suspect); *Bryan v.*

20   *MacPherson*, 630 F.3d 805 (9th Cir. 2010) (officer was entitled to qualified immunity after

21   charges were dropped) (citing factual reference from *Bryan v. MacPherson*, 608 F.3d 614,

22   618-619 (9th Cir. 2010)).  For these reasons, this evidence should be excluded.

23          **3.     Bar Testimony of any Expert Called by Plaintiff, as None Were Disclosed**

24          Plaintiff has not identified any expert witness.  Nor has he provided any report for any

25   expert witness in accordance with Fed. R. Civ. P. 26(a)(2).  Therefore, he should be precluded

26   _____
           [6] Exhibit 2 to Dale Decl.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    from calling any expert witness at trial.

2        Plaintiff's Position:  Agrees.

3        **4.      Bar Reference to Blood-Glucose Level at Jail**

4        After plaintiff was booked into the King County Jail, he claims he informed the King

5    County medical personnel that he had diabetes.  Subsequently, King County medical personnel

6    pricked his finger to obtain a small blood sample to determine his Blood-Glucose ("BG") level.

7    The BG level was reported at "97."  Defendant anticipates that plaintiff, without an expert, will

8    opine as a lay person that his BG level is evidence he was not intoxicated.  Plaintiff has

9    proposed as Trial Exhibit #17 a web-site article on "How does alcohol affect your blood

10   sugar."[7]  For several reasons, evidence of his blood-sugar level, testimony on this subject, and

11   Trial Exhibit #17 should be excluded from trial.

12       First, a person's BG level is *not* a marker of his or her blood-alcohol level.  Plaintiff's

13   position is not supported by medical science.  *See Declaration of State Toxicologist*

14   *Dr. Couper*, at ¶¶ 2-4.  Simply put, there are too many variables in a person's system that may

15   affect a BG level.  *Id.*  Alcohol, prescriptions, and/or diet affect the BG level – up and/or down.

16   Alcohol intake causes an initial surge in blood sugar, and it then later causes the blood sugar

17   levels to fall off.[8]  Likewise, certain prescription drugs may increase or decrease blood sugar

18   levels, as can one's diet.  At the time of this incident, plaintiff was taking prescription drugs.

19   Accordingly, his BG level of 97 is not an indicator of whether or not he had consumed alcohol.

20   *Id.*  In addition, even a BG reading for the *same glucose level* can vary largely depending on

21   the level of red blood cells.  *See generally Therasense, Inc. v. Becton, Dickinson and Co.,* 560

22   F. Supp. 2d 835, 860 (N.D. Cal. 2008) (expert opining there can be "a large variation in blood

23   glucose readings for the same glucose level when different levels of red blood cells were

24   present").  Given the above, this evidence is inadmissible and will not assist the trier of fact.  It

25          [7] Exhibit 3 to Dale Decl.
26          [8] Plaintiff's Trial Exhibit #17 (website article) also states that alcohol can both result in "high blood
     sugar levels" and "[a]lcohol can also negatively impact blood sugar level."

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

5

1    may significantly confuse the jury and be unduly prejudicial.  For these reasons, it should be

2    excluded.  *See* Fed. R. Evid. 403.

3        Second, plaintiff is not a medical expert.  Thus, he is limited to providing testimony

4    that is rationally based on his own perceptions.  *See,* Fed. R. Evid. 701 & 702.  This contention

5    requires competent expert testimony, which is required to establish admissible evidence of a

6    medical diagnosis and causation.  *See e.g., Guile v. Ballard Commun. Hosp.*, 70 Wn. App 18,

7    25, 851 P.2d 689 (1993).  Plaintiff has failed to submit any medical expert testimony, or

8    identify any witness to testify on this subject area.  He has not retained an expert, disclosed any

9    expert reports, or identified any medical personnel to explain his theory - not supported by

10   medical science - to the jury.  In sum, evidence of his BG test should be excluded.

11        **5.    Bar reference to the State's Self-Insurance and Indemnification Policies**
12        **Concerning Judgments Against Officials.**

13        The State of Washington carries a substantial self-insured retention.  The State may

14   indemnify officials for any compensatory damage judgment arising out of conduct, acts or

15   omissions in the scope of their official duties.  Any testimony or evidence concerning the

16   State's indemnification of the individual Trooper defendant is not admissible.  Allowing it

17   would be unduly prejudicial and potentially encourage the jury to impermissibly inflate an

18   award.  *See* Fed. R. Evid. 411, 401, 402, & 403.

19        Plaintiff's Position:  Undecided.

20        **6.    The Court Should Exclude Testimony, Evidence, Argument or Comment**
21        **From a Lay Witness as to Emotional Harm, Medical Diagnoses, or**
        **Causation of Medical Conditions**

22        Plaintiff and plaintiff's lay witnesses (e.g., Ms. Yolanda King) may attempt to testify that

23   plaintiff suffered from emotional harm and any number of alleged medical and psychological

24   conditions that were proximately caused by defendant.  Defendant anticipates that plaintiff will

25   call his girlfriend, Ms. Yolanda King, specifically for this purpose.  However, lay opinion

26   testimony is admissible only where the witness may testify from first-hand knowledge and the

DEFENDANT WASHINGTON STATE                6        ATTORNEY GENERAL OF WASHINGTON
PATROL TROOPER ANTHONY                              Torts Division
BROCK'S MOTIONS *IN LIMINE*                         800 Fifth Avenue, Suite 2000
NO.  12-0791 JLR-MAT                                Seattle, WA 98104-3188
                                                   (206) 464-7352

opinion aids the jury in a clear understanding of the testimony or in determining the fact in issue.  *See* Fed. R. Evid. 602 & 701.  Thus, such testimony should be excluded.

Here, the plaintiff will not be calling any expert witnesses.  In fact, he has admitted he does "not have any medical evidence that [he] suffered emotional distress as a result of any actions of Trooper Brock".[9]  Competent expert testimony is generally required to establish admissible evidence of a medical diagnosis and causation.  *See e.g., Guile v. Ballard Commun. Hosp.*, 70 Wn. App. 18, 25, 851 P.2d 689 (1993); *see also Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607-08 (9th Cir. 2002), Fed. R. Evid. 701 (limiting the scope of permissible lay opinions), Fed. R. Evid. 702 (requiring that expert witnesses have "knowledge, skill, experience, training, or education" in the area in which they testify).  An opinion as to the plaintiff's medical, emotional or psychological condition requires specific training in these fields.  *See McInnis & Co. v. Western Tractor & Equip. Co.*, 67 Wn.2d 965, 410 P.2d 908 (1966) (owner of equipment had personal knowledge of the value of the equipment); *see also Forward Communications Corp. v. United States*, 608 F.2d 485 (Ct. Cl. 1979) (opinion of value without personal knowledge held inadmissible).  Plaintiff and his lay witnesses – specifically Ms. Yolanda King – cannot lay the necessary foundation of expertise to provide such medical opinions on diagnosis or causation.  Consequently, any such lay testimony or opinions that plaintiff had emotional harm, or a particular medical or psychological condition and diagnosis, should be excluded.

### 7. The Court Should Exclude Evidence Supporting Theories of Law Dismissed as Irrelevant and Unfairly Prejudicial

Plaintiff asserted 15 claims in this case: 42 U.S.C. 1983 unlawful stop and arrest; unlawful arrest (state law); unlawful imprisonment (state law); unlawful search and seizure (state law); negligent infliction of emotional distress; negligence; intentional infliction of emotional

---

[9] *See* Defendant's Trial Exhibit A-15, *Defendant Trooper Brock's First Requests for Admission to Plaintiff and Responses Thereto*, No. 47.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

distress; negligent supervision; negligent training; "exemplary damages"; "larceny by trick"; "Cruel and Unusual Punishment"; defamation and slander; and libel.  All state tort claims were dismissed because plaintiff failed to comply with claim-filing statutes.  The federal claims that remain against Trooper Brock are whether probable cause existed for his arrest, and whether the force used from handcuffing was reasonable.  At trial, plaintiff should not be allowed to re-litigate claims that have been dismissed.  Such evidence should be excluded as irrelevant under Fed. R. Evid. 401 and unfairly prejudicial under Fed. R. Evid. 403.

Plaintiff's Position:  Agrees.

**B.**   **General Motions In Limine**

1.   **Bar Any Reference to This Court's Pretrial Rulings**

The jury is to consider only "the testimony and exhibits received into evidence".  Ninth Circuit Model Civil Jury Instruction 1.7.  The jury is not to consider the parties' objections, dismissed claims or defenses, or the court's rulings on evidentiary issues.  Model Instructions 7, 10.  Thus, any reference to this court's pretrial rulings would be improper.

Plaintiff's Position: Agrees.

2.   **Prohibit Display of Exhibits or Illustrative Materials Without Prior Permission and Adequate Notice**

The court should prohibit the plaintiff from displaying any exhibit unless and until that exhibit is admitted into evidence or has otherwise been approved as a demonstrative exhibit.  This motion involves a matter of fundamental fairness.  If an exhibit is used in an opening statement or closing argument and such exhibit is not admissible or is not a fair summary of admissible evidence, the opposing party is unfairly prejudiced.

Plaintiff's Position: Agrees.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

**3.     Bar Plaintiff in *Voir Dire* From Stating any Dollar Amount for Damages or Inquiring About any Jurors' Ability to Award any Particular Dollar Amount or Range of Damages**

*Voir dire* is not a proper venue to try plaintiff's case.  Nor is it the place to invite a high damage award by referring to high dollar amounts or inquiring about jurors' views on large verdicts generally.  The damages plaintiff may recover in this litigation should be based on the evidence presented, not on seeds carefully sown in *voir dire* and cultivated during trial.  The court should therefore prevent references to or questions about verdict size in *voir dire* or opening statements.

**4.     Bar Plaintiff From Expressing Personal Opinions, Observations, and Recommendations**

*Pro se* plaintiff is his own Counsel.  Counsel "may not express his or her own beliefs regarding the honesty of the opposing party's witnesses".  *Ramsey v. American Air Filter Co., Inc.*, 772 F.2d 1303, 1311 (7th Cir. 1985).  Nor may counsel offer personal observations, evaluations, and recommendations.  *Lenard v. Argento*, 699 F.2d 874, 897 (7th Cir.1983) ("Personal observations, evaluations and recommendations are not part of the role of trial counsel").  This court should bar plaintiff from attempting to convince the jury of a *personal* belief in his case or the veracity of any witness.

**5.     The Court Should Exclude Arguments and Inferences Outside the Record for a Punitive Result or for Political Effect**

The State has previously encountered arguments outside the evidence designed to, or having the effect of, inflaming the jury to bring in a punitive verdict; an example of this is an argument suggesting that a large verdict will "send a message to Olympia" or "send a message to the State Patrol".  Any appeal to passion and prejudice is improper.  *See Pederson v. Doumuchel*, 72 Wn.2d 73, 431 P.2d 973 (1967) (injecting appeal to local pride and prejudice where opposing counsel and expert were from other localities); *Kennewick Educ. Assn. v. School Dist. No. 17*, 35 Wn. App. 280, 282, 666 P.2d 928 (1983) (courts will not sanction punitive recoveries).  Such

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    improper arguments are not susceptible to correction by remedial instruction after the fact to the

2    jury. *See Nelson v. Martinson*, 52 Wn.2d 684, 689, 328 P.2d 703 (1958).  Therefore, defendant

3    requests an order in limine precluding plaintiff from inferring or arguing beyond the scope of the

4    evidence, or for a political or punitive result not consonant with the compensatory purposes of the

5    law.

6        **6.      The Court Should Exclude Testimony or Arguments Regarding the
            Financial Conditions of the Parties or Implying That the Jury Should
7            Consider the Relative Resources of the Parties**

8            Plaintiff may argue or ask the jury to infer that the resources available to the defendant

9    should somehow be considered.  For example, plaintiff may make reference to the amount of

10   resources available to the State or the State Patrol in defending this action and contrast this

11   with the resources available to him.  However, in order for the court to admit such evidence, it

12   must be relevant, meaning it must be both probative and material.  Fed. R. Evid. 401.  To be

13   probative, the evidence must have a "tendency to make existence of any fact . . . more probable

14   or less probable".  *Id.*  Here, the amount of the State's resources does not make the existence of

15   any fact involved in plaintiff's claims either more or less likely.  To be material, the evidence

16   must "make existence of any fact that is of consequence to the determination of the action . . ."

17   *Id.*  The reference to the State's resources is not a fact of consequence to the outcome, nor does

18   it make the existence of a fact which is of consequence to the outcome of the issues before the

19   jury more probable or less probable.  Thus, reference to State resources available to defend this

20   suit is irrelevant to the allegations and should be excluded.

21           Even if the Court were to determine that this evidence was relevant, this type of reference

22   is unfairly prejudicial to the defendants under Fed. R. Evid. 403.  "Unfair prejudice" is the

23   prejudice that results from evidence which is more likely to produce an emotional response from

24   the jury rather than a rational decision.  *White v. Ford Motor Co.*, 500 F.3d 963, 977 (9th Cir.

25   2007); *Lockwood v. AC&S, Inc.*, 109 Wn.2d 235, 257, 744 P.2d 605 (1987).  Accordingly, the

26   Court should exclude evidence regarding the defendant's financial and legal resources.

DEFENDANT WASHINGTON STATE            10
PATROL TROOPER ANTHONY                                Torts Division
BROCK'S MOTIONS *IN LIMINE*                           800 Fifth Avenue, Suite 2000
NO.  12-0791 JLR-MAT                                  Seattle, WA 98104-3188
                                                     (206) 464-7352

**7.    The Court Should Exclude any Testimony or Argument Which Invites Jurors to Conceptually put Themselves in the Place of the Plaintiff**

Commonly known as the "golden rule argument," asking the jury to put themselves in the place of one of the parties is universally disfavored by federal and state courts because it encourages the jury to depart from neutrality and decide the case on the basis of personal interest, emotion and bias as opposed to the evidence. *Lovett v. Union Pac. R.R. Co.*, 201 F. 3d 1074, 1083 (8th Cir. 2000); *A.C. ex rel. Cooper v. Bellingham Sch. Dist.*, 125 Wn. App. 511, 523-24, 105 P.3d 400 (2004). Plaintiff should be precluded from any testimony, comments or argument that invites jurors to put themselves in the place of the plaintiff, as this type of argument is improper.

**8.    Argument, Testimony, or Comment Concerning Either Party's Offers, or Lack of Offers, to Settle This Case**

The plaintiff or other witnesses may attempt to testify regarding settlement negotiations in this case. This testimony or evidence should be excluded under Fed. R. Evid. 408 because offers to compromise or statements made during settlement negotiations are inadmissible.

Plaintiff's Position: Agrees.

**9.    Bar Evidence not Produced in Discovery.**

The Court should bar evidence not produced in discovery. The plaintiff should not be allowed to testify about any subject or elicit evidence not timely disclosed in his interrogatory responses, depositions, or responses to requests for production. Fed. R. Civ. P. 37(c). Any such surprise testimony would substantially prejudice defendant's ability to prepare for cross-examination and obtain contradicting witnesses. Parties have an affirmative duty to answer discovery in a timely fashion and to supplement discovery when different or additional information becomes known. Fed. R. Civ. P. 26(e); *Imax Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1165-66 n.6 (9th Cir. 1998); *United States v. Lummi Indian Tribe*, 841 F.2d 317, 320 (9th Cir. 1988) (concerning Fed. R. Civ. P. 16). This rule is intended to prevent a party

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO. 12-0791 JLR-MAT

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

from hiding facts in discovery then using them with a greater or lesser degree of surprise at trial without allowing the other party the right of adequate discovery and preparation.

**10.    Bar Witnesses Not Identified in Plaintiff's Initial Disclosures or Pre-Trial Disclosures, Including Witness Stacey Wilson.**

Per FRCP 26, the parties must identify the names and addresses of witnesses and the general nature of testimony of each.  Here, plaintiff has listed on his Pre-Trial Statement witness Stacey A. Wilson, but he failed to disclosure her both in his Initial Disclosures and in his discovery answers.  Defendant requests that all witnesses of plaintiff not disclosed under FRCP 26 and pursuant to the court's deadlines be excluded, including Ms. Wilson.

**11.    Bar Plaintiff's Expenses of Litigation**

Any and all references to litigation expenses incurred by the plaintiff are inadmissible. Litigation expenses are not recoverable absent explicit Congressional authorization.  *Key Tronic Corp. v. U.S.*, 511 U.S. 809, 809 (1994).  Here, attorney's fees are not available to *pro se* litigants such as the plaintiff.  42 U.S.C. § 1988; *Kay v. Ehrler,* 499 U.S. 432 (1991).  Thus, any reference to litigation expenses is irrelevant and would have the potential of causing the jury to sympathize with the plaintiff and inflame the jury.  Accordingly, this should be excluded.  Fed. R. Evid. 401, 402, & 403.

Plaintiff's Position: Agrees.

DATED this 5th day of December, 2013.

ROBERT W. FERGUSON
Attorney General

s/ Tobin E. Dale
TOBIN E. DALE, WSBA No. 29595
Assistant Attorney General
800 5th Avenue, Suite 2000; Seattle, WA 98104
Tel:  206-464-7362;  Fax:  206-587-4229
Email: TobinD@atg.wa.gov
Attorneys for Defendant Washington State Patrol
Trooper Anthony Brock

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

## <u>CERTIFICATION OF SERVICE</u>

2      I hereby certify that on this 10th day of December, 2013, I caused to be electronically

3  filed the foregoing document with the Clerk of the Court using the CM/ECF system which will

4  send notification of such filing to:

5  Endel R. Kolde:  Endel.Kolde@kingcounty.gov
   Dwight Holland:  dmanh3@comcast.net
6

7                              _/s/ Tobin Dale_____
                               TOBIN DALE, WSBA No. 29595
8                              Assistant Attorney General
                               800 Fifth Ave., Ste. 2000; Seattle, WA 98104-3188
9                              Tel: (206) 464-7352; Fax: (206) 587-4229
                               E-mail:  TobinD@atg.wa.gov
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT WASHINGTON STATE                13          ATTORNEY GENERAL OF WASHINGTON
PATROL TROOPER ANTHONY                                        Torts Division
BROCK'S MOTIONS *IN LIMINE*                               800 Fifth Avenue, Suite 2000
NO.  12-0791 JLR-MAT                                       Seattle, WA 98104-3188
                                                              (206) 464-7352