UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DWIGHT HOLLAND,

    Plaintiff,

v.

KING COUNTY ADULT DETENTION, et al.,

    Defendants.

CASE NO. C12-0791JLR

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Before the court is Defendants King County Adult Detention, King County, King County District Court East Division, and King County Prosecuting Attorney's Office's (collectively "King County Defendants")[1] second motion for summary judgment (2d SJ

---

[1] As the court noted in its previous order granting King County Defendants' motion for summary judgment (10/15/13 SJ Order (Dkt. # 64) at 16, n.2.), the departments of a county are not stand-alone entities capable of being sued. *See Nolan v. Snohomish Cnty.*, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("RCW 36.32.120(6), read together with RCW 36.01.010 and .020,

ORDER- 1

Mot. (Dkt. # 65).)  The court has reviewed the motion, all submissions filed in support and opposition thereto, the balance of the record, and the applicable law.  Being fully advised and no party having requested oral argument, the court GRANTS King County Defendants' second motion for summary judgment.

## II.   BACKGROUND

The court has previously stated the factual background pertaining to this case in its two previous summary judgment orders.  (*See* 7/3/13 SJ Order (Dkt. # 42) at 2-12; 10/15/13 SJ Order (Dkt. # 64) at 2-6.)  Briefly, this lawsuit arises out of Defendant Washington State Trooper Anthony Brock's September 16, 2011, arrest of Plaintiff Dwight Holland on suspicion of driving while under the influence of alcohol.  (*See* Holland Decl. (Dkt. # 56-7) ¶ 6.)  Trooper Brock transported Mr. Holland to the King County Jail where jail personnel booked and detained him.  (Holland Decl. ¶¶ 7-9.)  Jail personnel also seized and stored his personal possessions, including his wallet and cell phone, pending his release.  (*Id.*)

Approximately ten hours after his initial booking, Mr. Holland posted bail and was released.  (*See* Kanner Decl. (Dkt. # 45) Exs. 1, 2.)  Mr. Holland was later charged with driving under the influence of intoxicants; however, the charges were eventually dismissed on August 3, 2012.  (*See* Resp. to OSC (Dkt. # 12) at 9-10.)  Subsequently, Mr.

---

makes clear the legislative intent that in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.").  As all claims against individually named King County Deputy Prosecutor Lakeysha Washington have been dismissed on summary judgment (*see* 10/15/13 SJ Order at 22), the remaining claims are made against Defendant King County only.

ORDER- 2

Holland filed the present suit against numerous Washington State and King County defendants, alleging, among other things, several violations of his constitutional rights. (*See generally* Am. Compl. (Dkt. # 7)).

On July 3, 2012, the court granted in part and denied in part Defendants Washington State Patrol, Washington State Department of Licensing, and Washington State Trooper Anthony Brock's (collectively "State Defendants") motion for summary judgment. (*See* 7/3/13 SJ Order.) Later, on October 15, 2013, the court granted King County Defendants' first motion for summary judgment. (*See* 10/15/13 SJ Order.) Specifically, the court dismissed Mr. Holland's state law tort claims and his 42 U.S.C. § 1983 claim for cruel and unusual punishment stemming from the failure of King County Jail personnel to provide Mr. Holland with accommodations for his sleep apnea during his ten hour incarceration. (*Id.* at 22.) The court also dismissed Mr. Holland's claims against King County Defendants for prosecutorial misconduct. (*Id.*) However, as the court noted, Mr. Holland's claim under 42 U.S.C. § 1983 for unlawful imprisonment and seizure of his property remained intact because King County Defendants failed to include any reference to this claim in their first summary judgment motion. (*Id.* at 14 n.5.)

King County Defendants now move for summary judgment regarding Mr. Holland's remaining 42 U.S.C. § 1983 claim for unlawful imprisonment and seizure of his property. (*See* 2d SJ Mot.)

ORDER- 3

### III. ANALYSIS

**A. Legal Standard**

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing there is "no genuine issue as to any material fact" and he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. A genuine issue exists when a rational fact finder, considering the evidence currently in the record, could find in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is material if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the pleadings and identify facts that show a genuine dispute for trial. *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). In judging the sufficiency of the evidence, the court is required to resolve all doubts and draw all reasonable inferences in the non-moving party's favor. *Beard v. Banks*, 548 U.S. 521, 530-31 (2006). If, however, the moving party fails to carry its initial burden of production, the opposing party has no obligation to produce countervailing evidence. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

**B.     Mr. Holland's Claim for Unlawful Imprisonment and Seizure of His Property**

King County Defendants move for summary judgment with respect to Mr. Holland's remaining 42 U.S.C. § 1983 claim for unlawful imprisonment and seizure of property on two grounds. First, King County Defendants argue that they are not liable under § 1983 because Mr. Holland's complaint fails to allege that any King County employee actually caused his imprisonment. (2d SJ Mot. at 3.) Second, King County Defendants assert that Mr. Holland's remaining claim fails because he cannot point to a specific policy or custom that caused the alleged constitutional deprivation. (*Id.* at 4.) The court agrees with both grounds.

Generally, "a public official is liable under § 1983 only 'if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights.'" *Baker v. McCollan*, 443 U.S. 137, 142 (1979) (emphasis in original) (internal citation omitted). Further, a local governmental entity is not liable under § 1983 for the acts of its employees unless the acts or omissions alleged to have caused the constitutional deprivation were "visited" under a governmental custom or policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978). Thus, to maintain a cause of action against King County Defendants under § 1983, Mr. Holland must identify a custom or policy of the county that was the "moving force" of his alleged constitutional deprivation. *Id.* at 694-95; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).

King County Defendants assert that it was not the actions of jail personnel that were the "moving force" of Mr. Holland's alleged constitutional deprivation. Rather, it was State Trooper Brock who initially arrested Mr. Holland. (*See* Holland Decl. ¶ 6.)

ORDER- 5

Pursuant to the arrest, State Trooper Brock transported Mr. Holland to King County Jail where he was booked.  (*Id.* ¶ 7; Kanner Decl. (Dkt. # 45) Ex. 1.)  King County Defendants point to a December 2004 Washington State Attorney General Opinion that states that county jails are required to accept arrestees from state patrol officers no matter the nature of the crime charged.  (*See* 2d SJ Mot. at 3 (citing attached Attorney General Opinion, 2005 Op. Wash. Att'y Gen. No. 4).)  Based on this policy, King County Defendants maintain that jail personnel had no discretion with respect to Mr. Holland's booking and temporary detainment—a contention Mr. Holland does not dispute.  Thus, the court agrees with King County Defendants' assertion that the conduct of jail personnel cannot be characterized as the "moving force" behind Mr. Holland's alleged unconstitutional detention or wrongful seizure of his property.

Even if, however, some aspect of the conduct of jail personnel could be characterized as the "moving force" behind Mr. Holland's alleged constitutional deprivations, Mr. Holland fails to provide evidence of a policy, custom, or practice at the jail that would prevent the entry of summary judgment.  *See Monell*, 436 U.S. at 690-94; *see also Baculanta v. Baily*, CV No. 12-8467-DMG (MAN), 2012 WL 5456395, at *4 (C.D. Cal. Nov. 7, 2012) (ruling that pro se plaintiff's failure to allege the policy at issue in a § 1983 claim is fatal to plaintiff's *Monell* claim).  The only references Mr. Holland makes to any King County policy or practice are conclusory allegations that King County was negligent in supervising and training its employees.  (*See* Am. Compl. ¶¶ 94-101, 106-15.)

A governmental agency can be held liable under a § 1983 *Monell* claim if the policy at issue amounts to "deliberate indifference" to the plaintiff's constitutional rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). Failure to train may amount to a policy of "deliberate indifference" under *Monell*, if the need to train was obvious and the failure to do so renders a constitutional violation likely. *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). Likewise, failure to supervise under similar circumstances may also amount to "deliberate indifference." *Id.* (citing *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989)). "Mere negligence in training or supervision, however, does not give rise to a *Monell* claim." *Id.* (internal citation omitted).

Although Mr. Holland asserts conclusory allegations of negligent training or supervision (*see* Am. Compl. ¶¶ 94-101, 106-15), he neither claims nor provides evidence that King County's alleged negligent training and supervision amounted to "deliberate indifference" to his constitutional rights. *See Dougherty*, 654 F.3d at 901. The court, therefore, grants King County Defendants' motion for summary judgment and dismisses this claim. *See also Beed v. Cnty. of L.A.*, CV No. 06 1236 GAF(PLAX), 2007 WL 1723717, at *3 (C.D. Cal. June 7, 2007) (rejecting *Monell* liability on the part of the county where plaintiff was incarcerated in county jail following her arrest due to mistaken identity, but plaintiff presented no evidence of a county policy of ignoring mistaken identity claims).

At least one other district court in this circuit has reached a similar conclusion. As indicated by the record, King County Jail was nothing more than a custodial agent and, as a subsequent custodial agent, was not, under the alleged facts, required by the Constitution to explore Mr. Holland's claims of innocence. *See Reyes v. City of Glendale*, No. CV 05-0253 CAS (MANx), 2009 WL 2241602, at *17-19 (C.D. Cal. July 23, 2009); *see also Baker*, 443 U.S. at 145-46) ("Given the requirements that arrest be made only on probable cause . . . , we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent . . . ."). In *Reyes*, the plaintiff was erroneously arrested and detained because city police had mistaken his identity for that of another person listed in an arrest warrant. *Id.* at *3. The plaintiff in *Reyes* was subsequently transferred from city to county jail. *Id.* In dismissing the defendant county, the district court relied on the fact that the county played no role in procuring the warrant or identifying the plaintiff prior to and following his arrest. *Id.* at *19. Similarly, King County Defendants played no part in the initial stop and arrest of Mr. Holland. Rather, King County Jail merely held Mr. Holland, as required under state law, for a period of approximately 10 hours until he posted bail and was released.

Mr. Holland has not come forward with any evidence or identified any facts that would allow a rational trier of fact to conclude that his allegedly unconstitutional ten-hour incarceration was caused by an actionable policy or custom of King County Defendants. Mr. Holland also fails to make any argument that the seizure of his property

was in any way unlawful apart from being incidental to his temporary incarceration. Accordingly, Mr. Holland has failed to raise a material issue of fact regarding his remaining claim under 42 U.S.C. § 1983 against King County Defendants for wrongful imprisonment or seizure of his property.

### IV.   CONCLUSION

Based on the foregoing, the court GRANTS King County Defendants' motion for summary judgment with respect to Mr. Holland's claims under 42 U.S.C. § 1983 for wrongful imprisonment and seizure of his property (Dkt. # 65).  As a result, Mr. Holland has no claim remaining against King County Defendants.  Mr. Holland's only claims remaining for trial are against Defendant Washington State Trooper Anthony Brock. (*See* 7/3/13 Order (Dkt. # 42).)  Therefore, the motions in limine filed by King County Defendants are now moot (Dkt. # 78), and the court DIRECTS the clerk to strike the noting date for these motions in limine from its calendar.

Dated this 10th day of December, 2013.

JAMES L. ROBART
United States District Judge