The Honorable James Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>    Plaintiff,<br><br>v.<br><br>KING COUNTY ADULT DETENTION, KING COUNTY et al., KING COUNTY DISTRICT COURT EAST DIVISION-Redmond Courthouse et al., WASHINGTON STATE DEPARTMENT OF LICENSING, et al., WASHINGTON STATE PATROL et al, OFFICER WSP ANTHONY BROCK in his individual and official capacity as Washington State Patrol officer, LAKEYSHA NICOLE WASHINGTON in her individual and official capacity as Prosecuting attorney, KING COUNTY PROSECUTING ATTORNEY'S OFFICE et al., GARY WESTSIDE TOWING LLC,<br><br>    Defendants. | NO. 12-cv-0791 JLR<br><br>DEFENDANT WASHINGTON STATE PATROL TROOPER ANTHONY BROCK'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* |

## I.    RELIEF REQUESTED

Defendant Washington State Patrol Trooper Anthony Brock ("defendant" or "Trooper Brock") respectfully requests the court deny plaintiff's motions in limine or reserve ruling for the reasons stated herein.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE*
NO. 12-0791 JLR-MAT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

## II. ARGUMENT

Evidence should be excluded in limine only when it is "clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial." *Id*. To justify an order in limine, the movant must "identify the particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground. A court is well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity." *U.S. v. Cline*, 188 F. Supp. 2d 1287, 1292 (D.Kan. 2002) (*citing National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)); *see also* Fed. R. Civ. P. 7(b)(1) (motions must "state with particularity the grounds for seeking the order" and "the relief sought").

**1. The court should reserve ruling on whether plaintiff's 1990 DUI arrest should be excluded.**

Defendant does not intend to elicit testimony or introduce evidence regarding *pro se* plaintiff's 1990 DUI arrest. However, should plaintiff open the door in a manner that would make such arrest relevant, defendant reserves the right to introduce evidence of his 1990 DUI arrest. In addition, should his prior DUI arrest become relevant to prove knowledge, identity, or absence of mistake or accident, defendant may seek to admit his arrest on these grounds. FRE 404(b). Accordingly, the court should reserve ruling on this matter.

**2. The court should reserve ruling on whether plaintiff's school zone speeding ticket – the day before his license was revoked – should be excluded. He remains without a license not due to this arrest, but his inability to obtain insurance because of his driving history.**

Plaintiff was arrested for suspicion of DUI on September 16, 2011. Because he refused the breath test, his license was revoked for one year.[1] This revocation commenced 30 days after his arrest, that is on November 16, 2011. On November 15, 2011, the day before his license was revoked, he received a ticket for speeding in a school zone and was found to have committed that

---

[1] ECF No. 27, pp. 6-7.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE*
NO. 12-0791 JLR-MAT

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

infraction.[2] It is this speeding ticket plaintiff seeks to exclude. To date, plaintiff's driving privileges have not been restored because he has not provided the Department of Licensing with financial responsibility insurance for the future (an SR 22 Insurance filing), or passed all required tests.[3]

Plaintiff first argues this infraction should be excluded because it was not provided in this case. He is mistaken. It was produced to him three ways: in defendant's Initial Disclosures, in defendant's discovery responses, and with defendant's motion for summary judgment.[4]

Plaintiff also argues this infraction should be excluded on relevance grounds. Defendant anticipates plaintiff will argue that he remains without a driver's license because of his unlawful DUI arrest. That is not the case. He license was only revoked by statute for one year. He remains without a license not due to this arrest, but his inability to obtain insurance because of his driving history. His school zone speeding ticket on the heels of his DUI arrest has precluded him from affordable insurance and thus his license. His speeding ticket is relevant because is bares on why he has been unable to obtain his driver's license. Accordingly, defendant requests the court reserve ruling on this issue.

3.  **The court should deny plaintiff's motions in limine #3, #4, and #5 to exclude his three other civil lawsuits that seek recovery for emotional damages. They are directly relevant to his claimed damages in this case.**

In this case, plaintiff seeks $2.5 million in damages.[5] Plaintiff seeks damages for emotional distress and injuries he attributes *solely* to his DUI arrest. This lawsuit, however, is but one of four lawsuits he has filed in which he seeks damages for emotional distress and injuries. Plaintiff has the burden of proving his damages, and defendant is permitted to rebut those damages. Because he seeks emotional damages in this case, he has made relevant his

---

[2] ECF No. 27, p. 7: 19-20.
[3] ECF No. 27, p. 7.
[4] *See e.g.*, *Declaration of Carla Weaver-Groseclose*, at ¶6, ECF No. 29. *See also* Exhibit 2 thereto. ECF No. 29-1, p. 4.
[5] *See* ECF Nos. 1 and 2.

DEFENDANT WASHINGTON STATE PATROL TROOPER ANTHONY BROCK'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* NO. 12-0791 JLR-MAT

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

three other lawsuits in which he also sought emotional damages. Not only must plaintiff show he has emotional damages from this arrest, but he also must prove that those emotional damages were proximately caused by this arrest on September 16, 2011 as opposed to his prior and subsequent causes. Defendant has the right to cross-examine plaintiff in this regard and to introduce evidence of his other emotional injury claims pre and post-incident.

In support of his motion, plaintiff cites to *Bennett v. Messick*, 76 Wn.2d 474, 457 P.2d 609 (19696), *Greenwood v. Olympic Inc.*, 51 Wn.2d 18, 315 P.2d 295 (1957), and *Reeder v. Sears, Roebuck & Co.*, 41 Wn.2d 550, 250 P.2d 518 (1952). Although he does not include pin citations, it appears he is arguing that these cases establish that pre-existing conditions are not relevant to this case. Defendant disagrees. In *Bennett v. Messick*, the plaintiff had suffered an ankle injury as a child approximately 40 years prior to the accident at issue, as well as an arthritic condition that was entirely latent prior to the accident. *Bennett*, 76 Wn.2d at 478. The court held that "when a latent condition itself does not cause pain, suffering or a disability, but that condition plus an injury brings on pain or disability by aggravating the pre-existing condition and making it active, then the injury, and not the dormant condition, is the proximate cause of the pain and disability." *Id.*

In *Greenwood v. Olympic, Inc.*, the plaintiff had a dormant arthritic condition prior to a slip and fall, however there was no evidence that she was suffering any disability prior to her fall. *Greenwood*, 51 Wn.2d at 23. The court held that a jury instruction that invited the jury to speculate about prior injuries, for which there was not testimony, was error. *Id.*

Finally, in *Reeder v. Sears, Roebuck & Co.*, plaintiff had a degenerative condition in his spine that was "lighted up" and became active as a result of a fall. *Reeder*, 41 Wn.2d at 553. The court held that "[t]he proximate cause of an injury is the efficient cause; the one that necessarily sets the other cause in motion." *Id.* at 556. Because there was no evidence that

DEFENDANT WASHINGTON STATE PATROL TROOPER ANTHONY BROCK'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* NO. 12-0791 JLR-MAT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

plaintiff suffered from a pre-existing condition or defect, the proximate cause of his damages was the fall. *Id.* at 555.

Each of these cases is distinguishable on its face. Here, there is no evidence that plaintiff suffered from a decades-old physical injury, nor a latent physical injury, that were activated by plaintiff's September 16, 2011 DUI arrest. Rather, plaintiff asserts a garden variety emotional distress claim, and he seeks $2.5 million in damages. There is no evidence that plaintiff's emotional distress alleged in his three other lawsuits (discussed below) had either dissipated or remitted, only to be re-activated by his September 16, 2011 arrest. To the contrary, plaintiff testified at his September 2013 deposition that he has been struggling with depression since 2002, that since 2008 he has had "chronic depressive symptoms," and that he was diagnosed *before* this incident with "major depressive disorder."[6] This indicates an ongoing condition that must be segregated from his current claim for emotional distress damages. Plaintiff's claims of emotional distress, devastation, stress and humiliation – as detailed in his other three lawsuits – are admissible to determine the magnitude of his distress, if any, attributable to Trooper Brock in this lawsuit.

Plaintiff's three other lawsuits in which he claims emotional distress are detailed below.

### a. Holland v. Hawkeye Cohesion, *et al*. 2:04-cv-01821-RSL

In August 2004, plaintiff filed suit against his employer for race discrimination and hostile work environment. He claimed he "suffered and will continue to suffer pain and suffering, extreme mental anguish and emotional distress because of the above described acts and omissions of defendants."[7] At his deposition in September 2013, he was read that allegation and agreed that he suffered and continues to suffer pain and emotional distress, as

---

[6] Exhibit 1 to the *Declaration of Tobin Dale* ("Dale Decl."), p. 97:1-9.
[7] Exhibit 2 (Dep. Exhibit 7) to Dale Decl., at ¶48.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE*
NO. 12-0791 JLR-MAT

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

alleged in this suit.[8]  Because he claims the same injuries against Trooper Brock, his prior lawsuit is directly relevant and should not be precluded.

### b. Holland v. ER Solutions, 2:11-cv-01792-MAT (W.D.)

Recall that plaintiff was arrested by Trooper Brock on September 16, 2011.

On October 11, 2012, plaintiff filed a lawsuit *pro se* against defendant ER Solutions, a debt collection agency.  That suit was then removed to federal court.  In that suit, plaintiff claimed during July and August 2011 ER Solutions violated the Fair Debt Collection Protection Act (FDCPA), *inter alia*.  For each cause of action, he claimed to have suffered emotional damages.  For example, under his FDCPA claim, he asserted that "as a direct result, Plaintiff substantially suffered emotional stress" as well as other damages.[9]  Under his claim of defamation and slander, plaintiff asserted that "[a]s a direct result, I was devastated, distraught, and stressed because of the unjust actions ERS took against me."[10]  Finally, under his claim for fraud plaintiff asserted that "[a]s a direct result, of fraudulent actions on the behalf of ERS, the Plaintiff suffered humiliation, and stressed [sic]."[11]

In that suit – based on alleged acts by ERS that occurred one to two months before his arrest by Trooper Brock – he sought monetary damages for his emotional injuries.  He claimed:

- "ERS acted in Bad faith as a direct result, Plaintiff substantially suffered emotional stress and money damages in the amount of $10,000"[12]

- "Plaintiff substantially suffered emotional stress damages in the amount of $130,000 (One Hundred Thirty Thousand) dollars on the action taken by ERS."[13]

- "As a direct result, of fraudulent actions on the behalf of ERS, the Plaintiff suffered humiliation, and stressed.  The Plaintiff seeks $35,000"[14]

---

[8] Exhibit 1 to Dale Decl., at p. 98:1-24.
[9] Exhibit 2 (Dep. Exhibit 8) to Dale Decl. at ¶35.
[10] *Id*. at ¶40.
[11] *Id*. at ¶50.
[12] *Id*. at ¶35.
[13] *Id*. at ¶42.
[14] *Id*. at ¶50.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE*
NO.  12-0791 JLR-MAT

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Having made specific dollar-amount claims for emotional injuries that occurred a month or two before his DUI arrest, defendant is entitled to rebut his emotional injury claims in this case with that evidence.

### c. Holland v. Draper Attorney At Law, 12-cv-1409 JCC.

Plaintiff's lawsuit in *Holland v. Draper Attorney At Law* also alleges emotional damages, and it arose 11 months *after* his DUI arrest.

After his DUI arrest, Holland stopped making payments on the truck he was driving at the time of his arrest. He then sued *pro se* the attorney representing the bank that sought to collect the money owed on his truck. That is, on August 21, 2012 he filed a complaint alleging attorney James W. Draper violated the FCDPA by failing to verify an alleged debt.[15] Plaintiff claimed that as a result of Mr. Draper's violation he suffered "$3000 thousand dollars for undue emotion [sic] stress and interruption of plaintiff's life routine."[16] At his deposition in September 2013, he agreed that he claimed "emotional stress" in that lawsuit: "I sure did."[17] Although the alleged acts of Mr. Draper occurred after plaintiff's September 16, 2011 DUI arrest, his claims against Mr. Draper for emotional stress are directly relevant to determine what portion of his *current* emotional distress, if any, is attributable Trooper Brock.

For the above reasons, plaintiffs three lawsuits for emotional distress should not be precluded. They are directly relevant to determine what portion of his prior and current emotional distress, if any, is attributable to Trooper Brock.

### 4. Plaintiff's medical history of depression should not be excluded, as he claims depression and emotional injury as a result of his DUI arrest.

If a plaintiff alleges claims of emotional distress, he places his mental health in controversy and thus waives any psychotherapist-patient privilege. *Warren v. Bastyr University*, 2013 WL 1412419, at *7 (W.D. Wash. Apr. 8, 2013); *Lachirchi v. Lumera Corp.*,

---

[15] Exhibit 2 (Dep. Exhibit 9) to Dale Decl., at ¶¶7, 12.
[16] *Id.* at ¶13(c).
[17] Exhibit 1 to Dale Decl., at p. 100:4-9.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE*
NO. 12-0791 JLR-MAT

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

433 Fed. Appx. 519, 512 (9th Cir. 2011); *Ipox v. EHC Financial Services, LLC*, 2008 WL 4354366, at *2 (W.D. Wash. Oct. 7, 2008); *Maynard v. City of San Jose*, 37 F.3d 1396, 1402 (9th Cir. 1994). For example, in *Warren*, the plaintiff alleged ten claims against the defendant-university including negligent infliction of emotional distress. *Warren*, 2013 WL 1412419, at *1. At trial, she sought a protective order to prevent discovery of information surrounding her mental healthcare providers. *Id.* at *7. The court ruled her claim for emotional distress squarely placed the plaintiff's mental health at issue in the trial. *Id*. As a result, the court held that the psychotherapist-patient privilege was waived by the plaintiff when she placed her mental health at issue in the proceeding. *Id*.

Moreover in Washington State, if a plaintiff files a tort action for personal injuries he "shall be deemed to waive the physician-patient privilege." WASH. REV. CODE § 5.60.060(4)(b) (2012). This statute is not merely limited to physical injuries, but follows the federal court's logic and broadly deems a waiver of privilege for plaintiff's who place a personal injury at issue. *Lodis v. Corbis Holdings, Inc.*, 172 Wash. App. 835, 853, 292 P.3d 779, 789 (Div. 1 2013); *see also Macon v. United Parcel Service Inc.*, 2013 WL 951013, at *4 (W.D. Wash. Mar. 12, 2013) (affirming the state court's logic). Thus, this waiver includes claiming privilege for mental health records of plaintiffs, who places their mental health at issue in trial. *Lodis*, 172 Wash. App. at 292.

Plaintiff has squarely at placed at issue his mental health history by claiming depression and emotional injury from his DUI arrest. Plaintiff's medical history of depression, dating back to 2002, is relevant to establish the lack of causation in his emotional distress claims against Trooper Brock. At his deposition, plaintiff testified he has been struggling with depression since 2002, that since 2008 he has had "chronic depressive symptoms," and that he was diagnosed *before* this incident with "major depressive disorder."[18] This indicates an

---

[18] Exhibit 1 to Dale Decl., p. 97:1-9.

DEFENDANT WASHINGTON STATE
PATROL TROOPER ANTHONY
BROCK'S OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE*
NO. 12-0791 JLR-MAT

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

ongoing condition that must be segregated from his current claim for depression and emotional distress damages, which he directly attributes to this incident. Plaintiff has the burden of segregating these damages for the jury, and defendant is entitled to examine him in this regard. For these reasons, his mental health history is relevant and should not be excluded.

DATED this 23rd day of December, 2013.

ROBERT W. FERGUSON
Attorney General

*s/ Tobin E. Dale*
TOBIN E. DALE, WSBA No. 29595
Assistant Attorney General
800 5th Avenue, Suite 2000; Seattle, WA 98104
Tel: 206-464-7362; Fax: 206-587-4229
Email: TobinD@atg.wa.gov
Attorneys for Defendant Washington State Patrol Trooper Anthony Brock

DEFENDANT WASHINGTON STATE PATROL TROOPER ANTHONY BROCK'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*
NO. 12-0791 JLR-MAT

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

## CERTIFICATION OF SERVICE

I hereby certify that on this 23rd day of December, 2013, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Dwight Holland: dmanh3@comcast.net

                                       */s/ Tobin E. Dale*
                                       TOBIN DALE, WSBA No. 29595
                                       Assistant Attorney General
                                       800 Fifth Ave., Ste. 2000; Seattle, WA 98104-3188
                                       Tel: (206) 464-7352; Fax: (206) 587-4229
                                       E-mail: TobinD@atg.wa.gov

DEFENDANT WASHINGTON STATE PATROL TROOPER ANTHONY BROCK'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*
NO. 12-0791 JLR-MAT

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352