UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY BROCK,<br><br>　　　　　　Defendant. | CASE NO. C12-0791JLR<br><br>SHOW CAUSE ORDER |

## I.     INTRODUCTION

As detailed below, the court hereby ORDERS *pro se* Plaintiff Dwight Holland to show cause why the court should not dismiss Defendant Gary Westside Towing LLC, from this action based on failure to preserve any claim against this defendant in the pretrial order or based on abandonment of any claim against this defendant due to a failure to prosecute. Any other party may, but is not required to, respond to this order to show cause.

SHOW CAUSE ORDER - 1

## II.     BACKGROUND

On May 7, 2012, Mr. Holland filed his initial pro se complaint in this action. (Compl. (Dkt. # 1).)  On August 27, 2012, Mr. Holland filed an amended complaint listing the following defendants:  King County Adult Detention, Washington State Patrol, Washington State Patrol Trooper Anthony Brock, Lakeysha Nicole Washington, King County District Court Eastern Division, Department of Licensing, and Gary's Westside Towing LLC ("Gary's Westside Towing").  (Am. Compl. (Dkt. # 7) ¶¶ 9-15.)

On December 7, 2012, the court issued an order to show cause why the action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m) which generally requires a plaintiff to serve a defendant within 120 days after the complaint is filed.  (OSC (Dkt. # 9).)  On December 20, 2012, Mr. Holland filed a response to the court's order to show cause in which he moved for an extension of time to serve Defendants.  (Resp. (Dkt. # 14).)  Exhibit A-1 to Mr. Holland's response consists of an affidavit of service upon "Gary's Towing," which is executed by Ms. Yolanda King. (Resp. at 7.)  Specifically, the affidavit of service states that Ms. King "served Gary's Towing Federal Court paperwork from Planitiff Dwight Holland . . . in Seattle, Washington in King County. . . . to receptionist Christina who did not provide a last name at Gary's place of business."  (*Id.*)  The affidavit does not identify the specific address in Seattle.  (*Id.*)  The Amended Complaint identifies "Gary's Westside Towing LLC" as a defendant rather than simply "Gary's Towing" as stated in Ms. King's affidavit of service.   (Am. Compl. ¶ 15.)

On December 28, 2012, the court discharged its order to show cause noting that based on the record it now "appear[ed] that all defendants ha[d] either appeared, answered the amended complaint, or been served." (12/28/12 Order (Dkt. # 14) at 2.) However, the court expressly noted that in doing so it did "not address the propriety of any service of process performed in this proceeding." (*Id.* at 2, n.1.)

Gary's Westside Towing never answered either Mr. Holland's original or amended complaints, nor did it otherwise appear in this action. (*See generally* Dkt.) On March 13, 2013, the parties filed a joint status report and discovery plan in which they stated that Gary's Westside Towing "has not appeared and did not participate in this plan." (JSR (Dkt. # 20) at 1.) Nevertheless, Mr. Holland has never moved for default or default judgment against this defendant. (*See generally* Dkt.)

On July 3, 2014, the court entered an order granting summary judgment in favor of Defendants Washington State Patrol ("WSP") and Washington State Department of Licensing ("DOL") and dismissing these Defendants from the case. (*See generally* 7/3/13 Order (Dkt. # 42).) In the same order, the court granted in part and denied in part summary judgment with respect to the claims against Trooper Brock. (*See id.*)

On October 15, 2013, the court entered an order granting summary judgment and dismissing the action entirely with respect to Defendant King County Prosecuting Attorney Lakeysha Nicole Washington. (*See generally* 10/15/13 Order (Dkt. # 64).) In addition, the court granted summary judgment with respect to most of the remaining claims against Defendants King County Adult Detention, King County, King County District Court East Division, and King County Prosecuting Attorney's Office

(collectively "King County Defendants"). (*See id.*) On December 11, 2013, the court granted summary judgment with respect to the remaining claims against King County Defendants. (*See generally* 12/11/13 Order (Dkt. # 81).)

The case then proceeded to trial with respect to the remaining claims against Trooper Brock. On December 24, 2013, the parties submitted their joint proposed pretrial order. (*See* Prop. Pretrial Ord. (Dkt. # 84).) In their proposed pretrial order, the parties state that "[t]he remaining parties in this case are the plaintiff and Washington State Patrol Trooper Anthony Brock . . . ." (*Id.* at 2.) Further, the parties state that Mr. Holland will pursue just two federal claims under 42 U.S.C. § 1983 at trial—a claim for wrongful arrest and for excessive force. (Prop. Pretrial Ord. at 2.) There is no mention of Gary's Westside Towing or any other claim in the parties' proposed pretrial order. (*See generally id.*) The court signed and entered the parties' proposed pretrial order on January 21, 2014—the first day of trial. (Pretrial Ord. (Dkt. # 96).)

On January 13, 2014, the parties submitted their proposed joint jury instructions and verdict form and their separate disputed jury instructions. (*See* Dkt. ## 86, 87, 90.) Mr. Holland submitted additional disputed jury instructions on January 21, 2014 (Dkt. # 95). On January 17, 2014, Mr. Holland submitted his trial brief. (Holland Tr. Br. (Dkt. # 94-3).) In none of these documents does Mr. Holland mention or refer to Gary's Westside Towing or any claim against this entity; nor did Mr. Holland take any exception to the court's final jury instructions or verdict form on the basis that these documents omitted this defendant or any claim against it.

Trial commenced on January 21, 2014.  (*See* Min. Entry (Dkt. # 98).)  On January 27, 2014, a jury returned a verdict in the above-entitled matter in favor of Washington State Patrol Trooper Anthony Brock.  (*See* Verdict Form (Dkt. # 103).)  On January 28, 2014, the clerk's office informed the court that, despite the jury verdict, Gary's Westside Towing remained as a party on the court's docket.

### III. ANALYSIS

A final pretrial order supersedes all prior pleadings and controls the subsequent course and scope of the action.  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007); *see also* Fed. R. Civ. P. 16(d) ("Th[e pretrial] order controls the course of the action unless modified by the court.").  Claims, issues, defenses or theories of damages not included in the pretrial order are waived even if they appeared in the complaint.  *Roockwell*, 549 U.S. at 474 (citing *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002)).  "A pretrial order has the effect of amending the pleadings."  *Nw Acceptance Corp. v. Lynwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988).  "Issues not preserved in the pretrial order are eliminated from the action."  *Pierce Cnty. Hotel Emps. and Rest. Emps. Health Trust v. Elks Lodge, B.P.O.E. No. 1450*, 827 F.2d 1324, 1329 (9th Cir. 1987).  Although the court should liberally construe pretrial orders, "a theory will be barred if not at least implicitly included in the order."  *Eagle v. Am. Tel. and Tel. Co.*, 769 F.2d 541, 548 (9th Cir. 1985).

Here, the parties' pretrial order is unambiguous.  The pretrial order contains no mention of any claim or theory supporting a claim against Gary's Westside Towing.  (*See generally* Pretrial Ord.)  Indeed, there is no mention of this defendant at all.  (*See id.*)

Instead, the order unequivocally states that "[t]he remaining parties in this case are the plaintiff and . . . Trooper . . . Brock." (*Id.* at 2.) Further, the order expressly states that plaintiff will pursue only two federal claims at trial both of which are against Trooper Brock. (*Id.*) Accordingly, under the authorities above, Mr. Holland has effectively amended his complaint to exclude any claims against Gary's Westside Towing and failed to preserve any claim that he may have had against this defendant. The court, therefore, concludes that any such claim against this defendant should be dismissed.

In addition to failing to include his claim, if any, against Gary's Westside Towing in the parties' proposed pretrial order, Mr. Holland also failed to include any reference to any such claim in his proposed jury instructions, his trial brief, his opening statement, presentation of evidence, or closing argument at trial. A court may find that a party has abandoned a claim "if, after pleading a claim . . . , the party fails to prosecute that claim . . . in the trial court." *See Smith v. Amedisys Co.*, 298 F.3d 434, 451 (5th Cir. 2002). "The failure to present a theory of recovery . . . to the court involves waste of judicial and private resources and should be strongly discouraged." *Vaughn v. Mobile Oil Exploration and Producing Se., Inc.*, 891 F.2d 1195, 1198 (5th Cir. 1990). "Ample authority exists that trial courts will not rule on claims—buried in pleadings—that go unpressed before the court." *Id.* (citing *Fed. Deposit Ins. Corp. v. Castle*, 781 F.2d 1101, 1104 (5th Cir. 1986). Where a party takes no step after pleading a claim to prosecute it in pretrial motions or through trial and a verdict, the court may consider the claim to be abandoned and dismiss it. *See, e.g.*, *Noga v. Potenza,* No. 99-CV-941 (DRH), 2003 WL 26475639, at *1-*3 (N.D.N.Y. May 9, 2003) (denying motion for a new trial and

dismissing cross claim against co-defendant where party failed to take any action to prosecute his cross claim through jury trial, entry of judgment, or appeal). Based on these authorities, the court concludes that any claim against Gary's Westside Towing therefore should be dismissed.

## IV.   CONCLUSION

Based on the foregoing authorities, the court ORDERS Mr. Holland to show cause why any claim he may have had against Gary's Westside Towing should not be dismissed as either waived for failure to include the claim in the parties' proposed pretrial order or abandoned for failure to prosecute it. The court further ORDERS Mr. Holland to file his response to this order to show cause within seven days of the date of this order. Any other party may, but is not required to, file a response to the court's order to show cause within the same time period. The court warns that if Mr. Holland fails to timely and adequately respond, or fails to respond at all, to the court's order to show cause, then Gary's Westside Towing will be dismissed from this action with prejudice.

Dated this 29th day of January, 2014.

*(signature)*

JAMES L. ROBART
United States District Judge