The Honorable James Robart

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY ADULT DETENTION, KING COUNTY et al., KING COUNTY DISTRICT COURT EAST DIVISION-Redmond Courthouse et al., WASHINGTON STATE DEPARTMENT OF LICENSING, et al., WASHINGTON STATE PATROL et al, OFFICER WSP ANTHONY BROCK in his individual and official capacity as Washington State Patrol officer, LAKEYSHA NICOLE WASHINGTON in her individual and official capacity as Prosecuting attorney, KING COUNTY PROSECUTING ATTORNEY'S OFFICE et al., GARY WESTSIDE TOWING LLC,<br><br>　　　　Defendants. | NO. 12-cv-0791 JLR<br><br>DEFENDANT WASHINGTON STATE PATROL TROOPER ANTHONY BROCK'S REPLY IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY FEES<br><br>NOTE ON CLERK'S CALENDAR: FRIDAY, FEBRUARY 28, 2014 |

## I.　ARGUMENT IN REPLY

*Pro se* plaintiff Dwight Holland ("Holland") conjures up a world where it would appear he was the defendant forced to incur "a hefty cost and time in sustaining a suit of this nature of two plus years", and where his "proofs were strong and unequivocal." In this world, he

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY FEES
NO. 12-0791 JLR-MAT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  believes he "proved a prima facie violation" of his "Fourth Amendment" rights.[1] That world
2  does not exist.
3     Holland was the *plaintiff* who chose to bring this lawsuit, sue nine defendants, and
4  assert 15 claims. Holland forced defendants to incur substantial attorney fees and costs in this
5  case. Holland sought $2.5 million. Holland proceeded to trial against Trooper Brock. And
6  Holland lost. The seven-person jury, after deliberating about an hour and a half (including
7  their lunch break), return a full-defense verdict.[2]
8     Holland, however, failed to even return to court to take the jury verdict in *his* case.
9     For these reasons, Holland cannot be heard to complain about incurring a "hefty cost"
10 from "two plus years" of litigation. Holland does not complain that an award of costs would
11 cause him financial hardship. That is because he is a Senior Computer Developer/Engineer, who
12 makes a healthy salary. This *pro se* lawsuit is but one of several he has filed.
13    Because defendant was the prevailing party at trial, he is entitled to his costs and statutory
14 attorney fees. Fed. R. Civ. P. 54(d)(1). Holland's "objections" fail to preclude this award.

### A. Costs Are Awarded As a Matter of Course Unless Extraordinary Circumstances Exist.

Without a proper basis, Holland requests the court to use its discretion to deny this cost bill. Costs are to be awarded "as a matter of course in the ordinary case." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). In fact, a district court "must 'specify reasons' for its refusal to award costs." *Id.* Although courts have been willing to deny costs in the "extraordinary" circumstances, those cases in no way resemble those present here. *See id.* (trial court did not abuse its discretion in denying request for "extraordinarily high" costs of $216,443.67 because the case "presents issues of the gravest public importance," "the action affects tens of thousands of Californians and the state's public school system as a whole," the issues were "close and complex," and the claims were "not

---

[1] ECF No. 111, p. 5, lines 5-11.
[2] ECF Docket No. 103.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR COSTS AND ATTORNEY
FEES
NO. 12-0791 JLR-MAT

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  without merit"); *Stanley v. Univ. of Southern California,* 178 F.3d 1069 (9th Cir. 1999)
2  (remanding because trial court should have at least considered re-taxing a cost bill of
3  $47,710.97).

4  Moreover, when cost awards are relatively low there is no realistic danger that those
5  awards will pose any serious risk of "chilling future litigation." *See Rivera v. NIBCO*, 701 F.
6  Supp. 2d 1135, 1141-1145 (E.D. Cal. 2010) (distinguishing the following cases because they
7  did not involve large awards that would have a chilling effect: *Save Our Valley v. Sound
8  Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ($5,310.55); *Estate of Le Blanc v. City of Lindsay*,
9  2007 U.S. Dist. LEXIS 76428, at *10, 2007 WL 2900515, at *3 (E.D.Cal. Sept. 28, 2007)
10 ($8,460.21); *1145 *Sorgen v. City of San Francisco*, 2007 U.S. Dist. LEXIS 14489, at *8-10,
11 2007 WL 521235, at *3-4 (N.D.Cal. Feb. 15, 2007) ($4,987).

12 The requested award in this case of $2,222.65 is a low amount when compared to the
13 many civil rights cases in which courts have awarded costs. As the prevailing party, defendant
14 is entitled to costs.

15 **B.    Defendant Is Entitled to Compensation for Necessary Deposition Transcripts.**

16 In this case, defendant ordered two deposition transcripts – one from plaintiff's deposition
17 and the other from the deposition of his sole witness and fiancée, Ms. Yolanda King. Ms. King's
18 deposition was held on two separate times and at two separate locations to accommodate *her
19 requests*.

20 Holland "objects" to these deposition costs because the "transcripts weren't necessary."
21 That was not the case. At trial, Holland was impeached multiple times with his deposition
22 transcript. Even if he had not been, this transcript and that of his fiancée were reasonably
23 necessary. It was reasonable for the defendant to order the depositions of Holland and his sole
24 witness to prepare motions *in limine* and ultimately for use at trial.

25 "[T]he mere fact that items are neither introduced into evidence nor otherwise become
26 part of the official court record is not determinative of whether that item was reasonably or

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR COSTS AND ATTORNEY
FEES
NO. 12-0791 JLR-MAT

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

necessarily obtained for use in the case." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995). "A deposition … must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." *Id.* The two depositions meet this standard. The wide-ranging, vague, and evolving nature of Holland's claims made these two deposition transcripts necessary. Further, Holland's transcript was used multiple times to impeach him on the stand. In short, the deposition costs of $2,074.15[3] are proper and should be allowed. The invoices for these costs are attached.[4]

### C.     No Objection to Witness Fees.

Holland did not object to defendant's cost bill for witness fees of $129.50, which was comprised of the standard witness fee plus mileage. Therefore, this amount should be awarded.

## II.     CONCLUSION

This court should award full fees and costs as set out in the Defendant's Bill of Costs.

DATED this 27th day of February, 2014.

> ROBERT W. FERGUSON
> Attorney General
>
> */s/ Tobin E. Dale*
> TOBIN E. DALE, WSBA No. 29595
> Assistant Attorney General
> 800 Fifth Ave., Ste. 2000; Seattle, WA 98104-3188
> Tel: (206) 464-7352; Fax: (206) 587-4229
> E-mail:  TobinD@atg.wa.gov
> Attorney for Defendant Trooper Anthony Brock

---

[3] Defendant's Cost Bill details a total of $2,073.15, which is one dollar short of the actual invoice amounts.

[4] *See* Exhibit 1 to the *Declaration of Tobin Dale in Support of Reply in Support of Defendant's Motion for Costs and Attorney Fees*.

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY FEES
NO. 12-0791 JLR-MAT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  **DECLARATION OF SERVICE**

2　　I hereby certify that on this 27th day of February, 2014, I caused to be electronically filed

3  the foregoing document with the Clerk of the Court using the CM/ECF system which will send

4  notification of such filing to:

5　　Dwight Holland:  dmanh3@comcast.net

　　　　　　　　　　　　　　　　*/s/ Tobin E. Dale*
7　　　　　　　　　　　　　　　TOBIN DALE, WSBA No. 29595
　　　　　　　　　　　　　　　　Assistant Attorney General
8　　　　　　　　　　　　　　　800 Fifth Ave., Ste. 2000; Seattle, WA 98104-3188
　　　　　　　　　　　　　　　　Tel: (206) 464-7352; Fax: (206) 587-4229
9　　　　　　　　　　　　　　　E-mail:  TobinD@atg.wa.gov

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR COSTS AND ATTORNEY
FEES
NO.  12-0791 JLR-MAT

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352